# EXHIBIT B

# ANDERSON KILL P.C.

Attorneys and Counselors at Law

1251 AVENUE OF THE AMERICAS ■ NEW YORK, NY 10020
TELEPHONE. 212-278-1000 ■ FAX. 212-278-1733
www andersonkill com

Jerry S Goldman
Jgoldman@andersonkill com
212-278-1569

*By Hand Delivery*

April 23, 2024

Clerk of the Court, Ruby J. Krajick
United States District Court
Southern District of New York
Office of the Clerk
500 Pearl Street
New York, New York 10007

Re:    *Patricia Fennelly, et al. v. Islamic Republic of Iran,*
Case No.: 1.23-cv-10824 (GBD)(SN)

Dear Clerk of the Court, Ruby J. Krajick

I represent the Plaintiffs in the above-referenced action. I am writing to request you effect service on the Defendant, Islamic Republic of Iran, pursuant to 28 U.S C. §1608(a)(4), at the following address.

Minister of Foreign Affairs
Ministry of Foreign Affairs of the Islamic Republic of Iran
Iman Khomeini Avenue
Tehran, Iran
ATTN: H.E Hossein Amir-Abdollahian

Service on Iran cannot be effected under 28 U.S C. Sections 1608(a)(1) and (2) because the United States and Iran do not have any special arrangement for service of process upon Iran in accordance with sub-section (1), nor is service permitted by any applicable international convention under the provisions of sub-section (2).[1] *See Valore v Islamic Republic of Iran,* 700 F. Supp. 2d 52, 70 (D D.C. 2010).

On February 1, 2024, Plaintiffs, through the Clerk of the Court, attempted to serve the Defendant pursuant to the provision to 28 U.S.C. § 1608(a)(3). Annexed hereto as **Exhibit A** is a copy of the Certificate of Mailing.

As of Saturday, March 2, 2023, thirty (30) days have passed since the Certificate of Mailing has been issued and service had not been able to be completed under 28 U.S.C. § 1608(a)(3). The USPS Registered Mail tracking number is identified in **Exhibit A**

---

[1] Iran is not a signatory to the convention of the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters

New York, NY ■ Los Angeles, CA ■ Stamford, CT ■ Washington, DC ■ Newark, NJ ■ Philadelphia, PA
docs-100689502 1

**Anderson Kill P.C.**

April 23, 2024
Page 2

Accordingly, please serve the Defendant pursuant to 28 U.S.C. § 1608(a)(4) at the following address:

> Attn: Secretary of State, Director of Consular Services, Office of Policy Review and Inter-Agency Liaison (CA/OCS/PRI)
> U S. Department of State
> SA-29, 4th Floor
> 2201 C Street NW
> Washington, DC 20520

Enclosed please find copies of the following documents:

1. Summons
2. Complaint dated December 13, 2023
3. Civil Cover Sheet
4. Related Case Statement
5. Letter to Honorable Sarah Netburn dated December 13, 2023
6. Notice to Conform to Sudan Consolidated Amended Complaint or *ASHTON* Sudan Amended Complaint dated December 18, 2023
7. Notice to Conform to Consolidated Amended Complaint dated December 18, 2023
8. Notice of suit prepared in accordance with 22 CFR § 93.2 with a copy of 28 U.S.C §§ 1330, 1391(f), 1441(d), and 1602-1611
9. Affidavit of Translator[2]
10. Translations of the above-mentioned documents

In total, we are providing three complete sets of the documents, in both English and Farsi. In accordance with pages 12-13 of the Court's Foreign Mailing Instructions, we are providing two sets for service on the Defendant and one set of documents for the Court's file.

We have also enclosed pre-paid a FedEx label and envelope for delivery to the address above. Please note that our firm FedEx account number is 628354049

We further enclosed a cashier's check in the amount of $2,275.00 made payable to "U S. Embassy Bern." Should you have any questions or require any additional information please do not hesitate to contact me

---

[2] The affidavit of the translator comports with the requirements of NY CPLR 2101(b)

**Anderson Kill P.C.**

April 23, 2024
Page 3

Sincerely,

Jerry S. Goldman
Anderson Kill P.C.
1251 Avenue of the Americas
New York, NY 10020
(212) 278-1000
jgoldman@andersonkill.com

*Attorney for the Plaintiffs*

JSG
Enclosures

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Patricia Fennelly, et al | **CERTIFICATE OF MAILING** |
| -v- | Case No · 1:23-cv-10824-GBD |
| Islamic Republic of Iran, et al | |

I hereby certify under the penalties of perjury that on the 1ˢᵗ day of February 2024, I served.

Minister of Foreign Affairs
Ministry of Foreign Affairs of the Islamic Republic of Iran
Iman Khomeini Avenue
Tehran, Iran
ATTN  H E. Hossein Amir-Abdollahian

☒    the head of the ministry of foreign affairs, pursuant to the provisions of the Foreign Sovereign Immunities Act, 28 U.S C. § 1608(a)(3)

1 copy of the Request for Summons, Summons, Complaint dated December 13, 2023, Civil Cover Sheet, Related Case Statement, Letter to Honorable Sarah Netburn dated December 13, 2023, Notice to Conform to Sudan Consolidated Amended Complaint or *ASHTON* Sudan Amended Complaint dated December 18, 2023, Notice to Conform to Consolidated Amended Complaint dated December 18, 2023, Notice of suit prepared pursuant to 22 CFR § 93 2 with a copy of 28 U S C  §§ 1130, 1391(f), 1441(d), and 1602-1611, Affidavit of Translator and Translations of the above-mentioned documents in both English and Farsi

by USPS **RH003921326US**

Dated· New York, New York
February 1, 2024

RUBY J KRAJICK
CLERK OF COURT

/s/Rachel Slusher
DEPUTY CLERK

28 USC 1608 Summons IH 6
4/17

## UNITED STATES DISTRICT COURT
for the
Southern District of New York

Patricia Fennelly, et al. (see appendix)

| | |
|---|---|
| Plaintiff | ) |
| | ) |
| v | ) |
| Islamic Republic of Iran | ) |
| Defendant | ) |

Civil Action No

### SUMMONS IN A CIVIL ACTION

To:   (Defendant's name and address)

Islamic Republic of Iran
c/o Ministry of Foreign Affairs
Imam Khomaini Avenue
Tehran, Iran

A lawsuit has been filed against you

Within 60 days after service of this summons on you (not counting the day you received it) you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are

Jerry S Goldman, Esq
ANDERSON KILL P C
1251 Avenue of the Americas
New York  NY 10020
(212) 278-1000
jgoldman@andersonkill com

If you fail to respond, judgment by default may be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court

### CLERK OF COURT

Date: _____

_____
Signature of Clerk or Deputy Clerk

28 USC 1608 Summons (12/11) (Page 2)

Civil Action No

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)*

was received by me on *(date)*

      ⁑  I personally served the summons on the individual at *(place)*

                                                       on *(date)*           ; or

      ⁑  I left the summons at the individual's residence or usual place of abode with *(name)*

                                , a person of suitable age and discretion who resides there,

on *(date)*                , and mailed a copy to the individual's last known address; or

      ⁑  I served the summons on *(name of individual)*           , who is

designated by law to accept service of process on behalf of *(name of organization)*

                                                     on *(date)*           ; or

      ⁑  I returned the summons unexecuted because                    , or

      ⁑  Other *(specify)*

My fees are $                for travel and $          for services, for a total of $           .

I declare under penalty of perjury that this information is true

Date      _____

                                                        *Server s signature*

                                                        *Printed name and title*

                                                        *Server s address*

Additional information regarding attempted service, etc:

## **APPENDIX**

Patricia Fennelly, individually, as surviving sibling of Robert Caufield

Alfredo Bordenabe, as the Personal Representative of the Estate of Krystine Bordenabe, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Krystine Bordenabe

Alfredo Bordenabe, individually, as surviving spouse of Krystine Bordenabe

Andrew Godsil, individually, as surviving child of Krystine Bordenabe

28 USC 1608 احضاریه IH 6

4/17

دادگاه ناحیه‌ای ایالات متحده

جهت

ناحیه جنوب نیویورک

| | |
|---|---|
| پاتریشیا فنلی (Patricia Fennelly) و دیگران (به صمیمه مراجعه کنید) | شماره دعوای مدنی |
| ـــــــــــــــــــــــــ | ( |
| خواهان | ( |
| علیه | ( |
| جمهوری اسلامی ایران | ( |
| ـــــــــــــــــــــــــ | ( |
| خوانده | ( |

احضاریه در یک دعوای مدنی

به: (نام و آدرس خوانده)
جمهوری اسلامی ایران
به نشانی وزارت امور خارجه
خیابان امام خمینی
تهران، ایران

یک دعوی علیه شما اقامه شده است

باید ظرف 60 روز پس از ابلاغ این احضاریه به شما (بدون احتساب روز دریافت آن) پاسخی به شکایت پیوست شده یا پیشنهادی را دراساس قانون 12 از قوانین فدرال دادرسی مدنی به خواهان ابلاغ کنید. این پاسخ یا پیشنهاد باید به خواهنده یا وکیل خواننده ابلاغ گردد، که نام و آدرس وی به شرح زیر است:

وکیل دعاوی جری اس. گلدمن
ANDERSON KILL P C
1251 Avenue of the Americas
New York, NY 10020
(212) 278-1000
jgoldman@andersonkill.com

اگر پاسخ ندهید، علیه شما برای جبران خسارت درخواست شده در شکایت حکم غیابی صادر خواهد شد  همچنین باید پاسخ یا پیشنهاد خود را به دادگاه ارائه نمایید.

تاریخ:

منشی دادگاه

ـــــــــــــــــــــــــ        ـــــــــــــــــــــــــ
امضای منشی یا معاون منشی

پرونده 1:23-cv-10824    سند 2    ارائه شده در تاریخ 12/13/23    صفحه 2 از 3

28 USC 1608 احضاریه 12/11 (صفحه 2)

اقدام مدنی شماره

## گواهی ابلاغ
### (این قسمت نباید توسط دادگاه ثبت شود مگر در صورت الزام (Fed. R. Civ. P. 4 (l))

این احضاریه مربوط به (نام و سمت شخص، در صورت موجود بودن) _____ در _____

(تاریخ) _____ به من تحویل داده شد.

☐ من شخصاً احضاریه را به فرد مذکور در (مکان) _____

در (تاریخ) _____ تحویل دادم؛ یا

☐ من احضاریه را در محل زندگی شخص یا مکانی که معمولاً در آنجا حضور دارد، به (نام) _____

_____ ، شخصی دارای سن و قدرت تشخیص مناسب که در آنجا سکونت دارد،

در (تاریخ) _____ تحویل دادم و یک نسخه از آن را به آخرین نشانی موجود از شخص ارسال کردم؛ یا

☐ من احضاریه را به (نام شخص) _____ ، که بنا به قانون اجازه دارد احضاریه

را به نمایندگی از (نام سازمان) _____

_____ تحویل کند در (تاریخ) _____ تحویل دادم؛ یا

☐ من احضاریه را بدون ابلاغ برگرداندم زیرا _____ ؛ یا

☐ سایر (مشخص کنید) _____

حق‌الزحمه من عبارت است از _____ دلار برای سفر و _____ دلار برای خدمات، جمعاً _____ دلار.

من با در نظر داشتن مجازات شهادت دروغ اظهار می‌کنم که این اطلاعات صحیح است.

تاریخ: _____    _____

امضای ابلاغ‌کننده

_____

نام و سمت با حروف بزرگ و خوانا نوشته شود

_____

نشانی ابلاغ‌کننده

سایر اطلاعات مربوط به خدمات انجام شده، غیره:

## پیوست

پاتریشیا فنلی (Patricia Fennelly)، شخصاً به عنوان خواهر/برادر بازمانده روبرت کاوفیلد (Robert Caufield)

الفردو بُردنابه (Alfredo Bordenabe)، به عنوان نماینده شخصی اموال کریستین بُردنابه ( Krystine Bordenabe)، متوفی، از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده کریستین بُردنابه ( Krystine Bordenabe)

الفردو بُردنابه (Alfredo Bordenabe) شخصاً، به عنوان همسر بازمانده کریستین بُردنابه ( Krystine Bordenabe)

اندرو گادسیل (Andrew Godsil) شخصاً، به عنوان فرزند بازمانده کریستین بُردنابه (Krystine Bordenabe)

28 USC 1608 Summons JH 6
4/17

# UNITED STATES DISTRICT COURT
for the
Southern District of New York

Patricia Fennelly, et al. (see appendix)

|  |  |  |
|---|---|---|
| Plaintiff | ) | |
| | ) | |
| v | ) | Civil Action No |
| | ) | |
| Islamic Republic of Iran | ) | |
| | ) | |
| Defendant | ) | |

## SUMMONS IN A CIVIL ACTION

To    (Defendant's name and address)

Islamic Republic of Iran
c/o Ministry of Foreign Affairs
Imam Khomeini Avenue
Tehran Iran

A lawsuit has been filed against you.

Within 60 days after service of this summons on you (not counting the day you received it) you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

Jerry S Goldman, Esq
ANDERSON KILL P C.
1251 Avenue of the Americas
New York, NY 10020
(212) 278-1000
jgoldman@andersonkill com

If you fail to respond, judgment by default may be entered against you for the relief demanded in the complaint  You also must file your answer or motion with the court.

**CLERK OF COURT**

Date.  12/14/2023

/S/ V  BRAHIMI

Signature of Clerk or Deputy Clerk

28 USC 1606 Summons (12/11) (Page 2)

Civil Action No

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)*

was received by me on *(date)*

> I personally served the summons on the individual at *(place)*

on *(date)* , or

> I left the summons at the individual's residence or usual place of abode with *(name)*

, a person of suitable age and discretion who resides there,

on *(date)* , and mailed a copy to the individual's last known address, or

> I served the summons on *(name of individual)* , who is

designated by law to accept service of process on behalf of *(name of organization)*

on *(date)* , or

> I returned the summons unexecuted because ; or

> Other *(specify)*

My fees are $ for travel and $ for services, for a total of $

I declare under penalty of perjury that this information is true

Date _____

*Server s signature*

_____

*Printed name and title*

*Server s address*

Additional information regarding attempted service, etc

## **APPENDIX**

Patricia Fennelly, individually, as surviving sibling of Robert Caufield

Alfredo Bordenabe, as the Personal Representative of the Estate of Krystine Bordenabe, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Krystine Bordenabe

Alfredo Bordenabe, individually, as surviving spouse of Krystine Bordenabe

Andrew Godsil, individually, as surviving child of Krystine Bordenabe

إحصاريه 6 28 USC 1608

4/17

دادگاه ناحیه‌ای ایالات متحده
جهت
ناحیه جنوب نیویورک

شماره دعوای مدنی

پاتریشیا فنلی (Patricia Fennelly) و دیگران (به ضمیمه مراجعه کنید)

(
(
(          خواهان
(
(          علیه
(
(          جمهوری اسلامی ایران
(          خوانده

احضاریه در یک دعوای مدنی

به: (نام و آدرس خوانده)

جمهوری اسلامی ایران
به نشانی وزارت امور خارجه
حبادان امام خمینی
تهران، ایران

یک دعوی علیه شما اقامه شده است.

باید ظرف 60 روز پس از ابلاغ این احضاریه به شما (بدون احتساب روز دریافت آن) پاسخی به شکایت پیوست شده یا پیشنهادی را براساس قانون 12 از قوانین دادرسی مدنی به خواهان ابلاغ کنید   این پاسخ یا پیشنهاد باید به خواننده یا وکیل خواننده اطلاع گردد، که نام و آدرس وی به شرح زیر است:

وکیل دعاوی حری اس گلدمن
ANDERSON KILL P C
1251 Avenue of the Americas
New York, NY 10020
(212) 278-1000
jgoldman@andersonkill com

اگر پاسخ ندهید، علیه شما برای جبران خسارت درخواست شده در شکایت حکم غیابی صادر خواهد شد. همچنین باید پاسخ یا پیشنهاد خود را به دادگاه ارائه نمایید.

[مهر ] دادگاه ناحیه‌ای ایالات متحده
نیویورک
برای ناحیه حقوقی
[امضا]

تاریخ:     12/14/2023

منشی دادگاه

V. BRAHIMI /امضا/
امضای منشی یا معاون منشی

28 USC 1608 لحصاریه 12/11 (صفحه 2)

اقدام مدنی شماره

گواهی ابلاغ

(این قسمت نباید توسط دادگاه ثبت شود، مگر در صورت التزام {Fed. R. Civ. P. 4 (1))

این احضاریه مربوط به (نام و سمت شخص، درصورت موجود بودن)_____ در _____

_____ به من تحویل داده شد.   (تاریخ)

☐ من شخصاً احضاریه را به فرد مذکور در (مکان)_____

تحویل دادم؛ یا _____ در (تاریخ)_____

☐ من احضاریه را در محل رندگی شخص یا مکانی که معمولاً در آنجا حضور دارد، به (نام) _____

شخصی دارای سن و قدرت تشخیص مناسب که در آنجا سکونت دارد، _____

تحویل دادم و یک نسخه از آن را به آخرین نشانی موجود از شخص ارسال کردم؛ یا _____ (تاریخ)   در

☐ من احضاریه را به (نام شخص)_____ ، که بنا به قانون اجاره دارد احضاریه

را به نمایندگی از (نام سازمان)_____

تحویل دادم؛ یا _____ (تاریخ)   در کرد قبول را آن؛

☐ من احضاریه را بدون اطلاع برگرداندم زیرا _____ ؛ یا

☐ سایر (مشخص کنید)

حق‌الزحمه من عبارت است از _____ دلار برای سفر و _____ دلار برای خدمات، جمعاً _____ دلار.

من با در نظر داشتن مجازات شهادت دروغ اظهار می‌کنم که این اطلاعات صحیح است

تاریخ. _____

_____
امضای ابلاغ‌کننده

_____
نام و سمت ما هر توقف بورگ و حروفا نوشته شود

_____
نشانی ابلاغ‌کننده

سایر اطلاعات مربوط به خدمات انجام شده، غیره

**پیوست**

پاتریشیا فنلی (Patricia Fennelly)، شخصاً به عنوان خواهر/برادر بازمانده روبرت کافیلد (Robert Caufield)

آلفردو بُردنابه (Alfredo Bordenabe)، به عنوان نماینده شخصی اموال کریستین بُردنابه ( Krystine
Bordenabe)، متوفی، از طرف تمام بازماندگان و دینفعان قانونی و اعضای خانواده کریستین بُردنابه ( Krystine
Bordenabe)

آلفردو بُردنابه (Alfredo Bordenabe) شخصاً، به عنوان همسر بازمانده کریستین بُردنابه ( Krystine
Bordenabe)

اندرو گادسیل (Andrew Godsil) شخصا، به عنوان فرزند بازمانده کریستین بُردنابه (Krystine Bordenabe)

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re· | |
| **TERRORIST ATTACKS ON**<br>**SEPTEMBER 11, 2001** | 03-MDL-1570 (GBD)(SN) |
| Patricia Fennelly, individually, as surviving sibling of<br>Robert Caufield | Civil Docket Number· _____ |
| Alfredo Bordenabe, as the Personal Representative of<br>the Estate of Krystine Bordenabe, deceased, and on<br>behalf of all survivors and all legally entitled<br>beneficiaries and family members of Krystine<br>Bordenabe | **IRAN SHORT FORM**<br>**COMPLAINT AND DEMAND**<br>**FOR TRIAL BY JURY** |
| Alfredo Bordenabe, individually, as surviving spouse<br>of Krystine Bordenabe | |
| Andrew Godsil, individually, as surviving child of<br>Krystine Bordenabe | |
| Plaintiffs, | |
| -against- | |
| Islamic Republic of Iran, | |
| Defendant. | |

Plaintiffs named herein by and through the undersigned counsel file this Iran Short Form Complaint against Defendant, the Islamic Republic of Iran ("Iran"), arising out of the September 11, 2001 terrorist attacks ("September 11, 2001 Terrorist Attacks"), as permitted and approved by the Court's Order of October 28, 2019, ECF No 5234 Each Plaintiff incorporates by reference the specific allegations, as indicated below, of (a) the Federal Insurance and Ashton Plaintiffs' Amended Consolidated Complaint Against Defendant, the Islamic Republic of Iran, ECF No. 3237, or (b) the Amended Complaint, Burnett v. Islamic Republic of Iran, No 15-CV-9903 (GBD)(SN) (S D N Y. Feb 8, 2016), ECF No. 53.

docs 100657924 1

Upon filing this Short Form Complaint, each Plaintiff is deemed to have adopted all factual and jurisdictional allegations of the complaint that has been joined as specified below; all causes of action contained within that complaint; all prior filings in connection with that complaint; and all prior Orders and rulings of the Court in connection with that complaint

Additionally, each Plaintiff incorporates the factual allegations and findings contained in those pleadings and orders filed at Havlish v. Bin Laden, No 1.03-CV-9848 (GBD)(SN) (S D N Y ), ECF Nos. 263, 294, 295; In re Terrorist Attacks on September 11, 2001, 03-MDL-1570 (GBD)(SN) (S.D N.Y.), ECF Nos 2430, 2431, 2432, 2433, 2473, 2515, 2516; and evidence submitted at the proceedings before the Honorable George B. Daniels on December 15, 2011 (ECF No 2540).

## VENUE

1.    Venue in this district is proper pursuant to 28 U.S C. §§ 1391(b)(2) and 1391(f)(1), as a substantial part of the events giving rise to the claims asserted herein occurred in this district. Venue is also proper in this district pursuant to 18 U.S.C. § 2334(a).

## JURISDICTION

2    Jurisdiction against the Islamic Republic of Iran is premised on the grounds set forth in the complaints specified below, including but not limited to 28 U.S.C. § 1605(a) (tort exception to the Foreign Sovereign Immunities Act), 28 U.S C. § 1605A (terrorism exception to the Foreign Sovereign Immunities Act), and 28 U.S.C. § 1605B (Justice Against Sponsors of Terrorism Act)

## CAUSES OF ACTION

3.    Each Plaintiff hereby adopts and incorporates by reference all factual allegations, jurisdictional allegations, and jury trial demand, including all causes of action against the Islamic Republic of Iran, as set forth in the following complaint [check only one complaint]:

2

☐ <u>Federal Insurance</u> and <u>Ashton</u> Plaintiffs' Amended Consolidated Complaint Against Defendant, the Islamic Republic of Iran, ECF No 3237

☒ Amended Complaint, <u>Burnett v. Islamic Republic of Iran</u>, No 15-CV-9903 (GBD) (SN) (S.D N Y Feb 8, 2016), ECF No 53

4.   In addition, each Plaintiff hereby asserts the following additional causes of action

☒ Iran Short Form Complaint First Cause of Action to Recover Wrongful Death Damages Pursuant to 28 U S C § 1605B (the Justice Against Sponsors of Terrorism Act or JASTA) and 18 U.S.C. § 2333 *et seq* (the Anti-Terrorism Act or ATA)

As a factual basis for this cause of action, Plaintiff(s) allege that the allegations set forth in the complaint noted above, as well as the allegations set forth in the <u>Havlish</u> filings noted above, establish that, as set forth herein, the injuries they suffered arose from the September 11, 2001 Terrorist Attacks, Defendant's role in the September 11, 2001 Terrorist Attacks constituted acts of international terrorism that violated state and federal laws pursuant to 18 U S C. § 2331; that the September 11, 2001 Terrorist Attacks constituted acts of international terrorism committed, planned or authorized by an organization that had been designated as a foreign terrorist organization under 8 U S C. § 1189, that the September 11, 2001 Terrorist Attacks violated state and federal laws pursuant to 18 U.S.C. § 2331; and that Defendant aided and abetted, by knowingly providing substantial assistance, with others and/or conspired with others who committed an act or acts of international terrorism in violation of 18 U.S C § 2333 *et seq*

☐ Iran Short Form Complaint First Cause of Action to Recover Personal Injury Damages Pursuant to 28 U.S.C. § 1605B (the Justice Against Sponsors of Terrorism Act or JASTA) and 18 U S C. § 2333 *et seq* (the Anti-Terrorism Act or ATA)

As a factual basis for this cause of action, Plaintiff(s) allege that the allegations set forth in the complaint noted above, as well as the allegations set forth in the <u>Havlish</u> filings noted above, establish that, as set forth herein, the injuries they suffered arose from the September 11, 2001 Terrorist Attacks; Defendant's role in the September 11, 2001 Terrorist Attacks constituted acts of international terrorism that violated state and federal laws pursuant to 18 U S C § 2331; that the September 11, 2001 Terrorist Attacks constituted acts of international terrorism committed, planned or authorized by an organization that had been designated as a foreign terrorist organization under 8 U.S C § 1189; that the September 11, 2001 Terrorist Attacks violated state and federal laws pursuant to 18 U.S C § 2331, and that Defendant aided and abetted, by knowingly providing substantial assistance, with others and/or conspired with others who committed an act or acts of international terrorism in violation of 18 U.S C § 2333 *et seq*

## IDENTIFICATION OF NEW PLAINTIFFS

5.      The following allegations and information are alleged on behalf of each individual

who is bringing this claim, as indicated on Appendix 1 to this Iran Short Form Complaint, herein

referred to as "Plaintiffs."

        a       The citizenship/nationality of each Plaintiff is indicated at Appendix 1 to
               this Iran Short Form Complaint.

        b.      Plaintiff is entitled to recover damages on the causes of action set forth in
               the complaint identified above, as joined by this Iran Short Form Complaint,
               and as further asserted within this Iran Short Form Complaint.

        c.      As indicated at Appendix 1, Plaintiff (i) is the estate representative of
               someone who was killed as a result of the September 11, 2001 Terrorist
               Attacks; (ii) is the surviving immediate family member of someone who
               was killed as a result of the September 11, 2001 Terrorist Attacks; and/or
               (iii) suffered physical injuries as a result of the September 11, 2001 Terrorist
               Attacks

        d.      For those plaintiffs with personal injury claims, as indicated in Appendix 1,
               on or after September 11, 2001, said Plaintiff was present at the Pentagon
               and/or the World Trade Center site and/or its surroundings and/or lower
               Manhattan and/or at an area wherein he/she was exposed to toxins as a result
               of the terrorist attacks and was exposed to toxins from the attacks, and/or
               was otherwise injured, and/or as otherwise alleged, as stated specifically in
               Appendix 1

        e.      For those plaintiffs with personal injury and/or wrongful death claims, as
               indicated in Appendix 1, as a direct, proximate and foreseeable result of
               Defendant's actions or inactions, Plaintiff or his or her decedent suffered
               bodily injury and/or death, and consequently economic and other losses,
               including but not limited to pain and suffering, emotional distress,
               psychological injuries, and loss of enjoyment of life, and/or as described in
               the Iran Short Form Complaint, and/or as otherwise may be specified in
               subsequent discovery proceedings, and/or as otherwise alleged in Appendix
               1.

        f       The name, relationship to the injured and/or deceased September 11 victim,
               residency, citizenship/nationality, and the general nature of the claim for
               each plaintiff asserting wrongful death and/or solatium claims is listed on
               the attached Appendix 1, and is incorporated herein as allegations, with all
               allegations of the related complaints, as specified above, deemed alleged as
               to each Plaintiff.

4

## IDENTIFICATION OF THE DEFENDANT

6.      The only Defendant named in this Iran Short Form Complaint is the Islamic

Republic of Iran

## NO WAIVER OF OTHER CLAIMS

7.      By filing this Iran Short Form Complaint, Plaintiffs are not waiving any right to file

suit against any other potential defendants or parties.

8       By filing this Iran Short Form Complaint, Plaintiffs are not opting out of any class

that the Court may certify in the future.

## JURY DEMAND

9       Each Plaintiff hereby demands a trial by jury as to the claims in this action.

WHEREFORE, Plaintiffs pray for relief and judgment against Defendant as set forth in

this Iran Short Form Complaint as appropriate.

Dated: December 13, 2023

Respectfully submitted,

*/s/ Jerry S. Goldman*
Jerry S. Goldman, Esq.
Bruce Strong, Esq.
Alexander Greene, Esq
ANDERSON KILL P C
1251 Avenue of the Americas
New York, NY 10020
Telephone: (212) 278-1000
jgoldman@andersonkill.com
bstrong@andersonkill.com
agreene@andersonkill.com

*Attorneys for Plaintiffs*

docs-100657924 1

## **APPENDIX 1**

Each line below is deemed an allegation, incorporating the allegations, language, and

references within the Iran Short Form Complaint to which this Appendix 1 is appended and shall

be referenced as Allegation 1 of Appendix 1 to the Iran Short Form Complaint, Allegation 2 of

Appendix 1 to the Iran Short Form Complaint, etc

| | Plaintiff's Name | Plaintiff's State of Residency at Filing (or death) | Plaintiff's Citizenship/ Nationality on 9/11/01 | 9/11 Victim's Full Name | Plaintiff's Relationship to 9/11 Victim[1] | 9/11 Victim's Citizenship/ Nationality on 9/11/01 | Nature of Claim (wrongful death, solatium, personal injury)[2] |
|---|---|---|---|---|---|---|---|
| 1. | Patricia Fennelly | NY | United States | Robert Caufield | Sibling | United States | Solatium |
| 2 | Alfredo Bordenabe | NY | United States | Krystine Bordenabe | PR | United States | Solatium/Wrongful Death |
| 3 | Alfredo Bordenabe | NY | United States | Krystine Bordenabe | Spouse | United States | Solatium |
| 4 | Andrew Godsil | NJ | United States | Krystine Bordenabe | Child | United States | Solatium |

---

[1] For those identified as "PR," such claim is made as the Personal Representative of the 9/11 Victim's Estate and on behalf of all survivors and all legally entitled beneficiaries and family members of such 9/11 Victim as noted in the case caption

[2] The PRs identified below are bringing solatium claims on behalf of all survivors and all legally entitled beneficiaries and family members of such 9/11 Victim as noted in the case caption

6

دادگاه منطقه‌ای ایالات متحده
ناحیه جنوب نیویورک

| | |
|---|---|
| عطف به | |
| حملات تروریستی | 03-MDL-1570 {GBD}{SN} |
| 11 سپتامبر 2001 | |
| | |
| پاتریشیا فنلی (Patricia Fennelly)، شخصاً به عنوان حواهر/برادر | شماره پرونده مدنی _____ |
| ناز مانده روبرت کاوفیلد {Robert Caufield} | |
| | **فرم کوتاه شکایت از ایران و تقاضای** |
| آلفردو بُردنابه (Alfredo Bordenabe)، به عنوان نماینده شخصی | **برگزاری محاکمه همراه با هیت منصفه** |
| اموال کریستین بُردنابه (Krystine Bordenabe)، متوفی، از طرف | |
| تمام نازماندگان و دیمعان قانونی و اعضای حانواده کریستین بُردنابه | |
| (Krystine Bordenabe) | |
| | |
| آلفردو بُردنابه (Alfredo Bordenabe) شخصاً، به عنوان همسر | |
| بازمانده کریستین بُردنابه (Krystine Bordenabe) | |
| | |
| اندرو گادسیل (Andrew Godsil) شخصا، به عنوان برزند بازمانده | |
| کریستین بُردنابه (Krystine Bordenabe) | |
| | |
| حواهان‌ها، | |
| | |
| - علیه - | |
| | |
| جمهوری اسلامی ایران، | |
| | |
| حوانده | |

حواهان(های) مندرح در ایمحا از طریق وکیلی که امضایش در زیر امده است این فرم کوتاه شکایت را علیه حوانده جمهوری اسلامی ایران ("ایران") در حصوص حملات تروریستی 11 سپتامبر 2001 {"حملات تروریستی 11 سپتامبر 2001"} ارائه می‌کند که بنا به دستور دادگاه ECF شماره 5234 مورح 28 اکتبر 2019 مجاز دانسته شده و تأیید گردیده است. هریک از حواهان‌ها اتهامات مشخص مندرح در زیر را از طریق ارجاع مطرح می‌سازند، (الف) شکایت تجمیعی اصلاح شده حواهان‌ها بپیمه‌هدرای و اشتون علیه خوانده، جمهوری اسلامی ایران، ECF شماره 3237، یا (ب) شکایت اصلاح شده، بر بت علیه جمهوری اسلامی ایران، شماره S D N Y. 8 (GBD)(SN) (GBD)(SN) فوریه ECF 2016، شماره 53.

براساس بر این خواهد بود که هر یک از خواهان(ها) با طرح این فرم کوتاه شکایت، تمامی اتهامات مبتنی بر حقایق و قصایی شکایت را که در زیر مشخص شده است؛ تمامی علل اقدام مندرج در شکایت؛ تمام موارد را ارائه شده در حصوص آن شکایت؛ و تمام احکام و دستورات دادگاه در رابطه با ان شکایت را نیز گنجانده‌اند

علاوه بر این، هر یک از خواهان‌ها اتهامات مبتنی بر حقایق مندرج در آن دادرسی‌ها و احکام ارائه شده در پرونده هاولنیش علیه بن لادن، به شماره ECF (S.D.N Y.), 03-CV-9848 (GBD)(SN) 1 شماره‌های 295، 294، 263؛ عطف به حملات تروریستی 11 سپتامبر 2001، پرونده ECF (S D N Y ), 03-MDL-1570 (GBD)(SN) 03 شماره‌های 2430، 2516، 2515، 2473، 2433، 2432، 2431 ؛ و شواهد ارائه شده در دادرسی‌ها نزد قاصبی حورخ بی. دانیلز در 15 دسامبر 2011 {ECF شماره 2540) را گنجانده‌اند.

## مکان

1.    مکان این ناحیه بر اساس 28 U.S C §§ 1391(b)(2) و 1391(f)(1) مناسب است چرا که بخش قابل توجهی از رویدادهای منجر به دعاوی مطرح شده در اینجا در این ناحیه رخ داده است  همچنین محل اقامه دعوی در این ناحیه براساس 18 U S C. § 2334(a) مناسب است.

## صلاحیت قضایی

2.    صلاحیت قصایی علیه حمهوری اسلامی ایران بر اساس دلایل مندرج در شکایات مشخص شده در زیر، از جمله اما نه محدود به 28 U.S C § 1605(a) (استثنای شسهجرم قانون مصوبیت حاکمیت حارجی)، 28 U.S.C § 1605A (استثنای تروریسم قانون مصوبیت حاکمیت حارجی) و 28 U S C. § 1605B (قانون عدالت علیه حامیان مالی تروریسم) اثبات می‌گردد

## علل اقدام

3.    بدین وسیله هر یک از خواهان(ها) با ارجاع تمامی اتهامات مبتنی بر حقایق، اتهامات قصایی و درحواست محاکمه با حصور هیئت منصفه ار حمله تمام علل اقدام علیه حمهوری اسلامی ایران مندرج در شکایت زیر را اتحاد می‌کنند
[فقط یک شکایت را علامت بزنید]

☐    شکایت تجمیعی اصلاح شده حواهان‌ها بیمه مدرال و اشتون علیه حوانده، جمهوری اسلامی ایران، ECF شماره 3237

☒    شکایت اصلاح شده، برنت علیه حمهوری اسلامی ایران، شماره (SN) (GBD) 15-CV-9903 (S D.N.Y) تاریخ 8 فوریه ECF ،2016 شماره 53

2

4.   به‌علاوه، هر یک از حواهان‌ها بدین‌وسیله علل اقدام اصافی زیر را نیز مطرح می‌کنند:

☒   فرم کوتاه شکایت از ایران اولین علت اقدام برای دریافت جبران خسارت صدمه شخصی بر اساس 28 U S C § 1605B (قانون عدالت علیه حامیان مالی تروریسم یا JASTA) و 18 U.S.C. § 2333 و مابعد آن (قانون مبارزه با تروریسم یا ATA)

به عنوان مبنای واقعی علت این دعوی، حواهان‌ها مدعی هستند که ادعاهای ذکر شده در شکایت بالا و نیز ادعاهای مندرج در دعاوی هاولیش (Havlish) ذکر شده در بالا نشان می‌دهد که طبق مندرجات اینجا، صدمات وارد شده به آنها ناشی از «حملات تروریستی 11 سپتامبر 2001» بوده است؛ نقش حوانده در «حملات تروریستی 11 سپتامبر»، اقدام تروریستی بین‌المللی و ناقص قوانین ایالتی و فدرال در اساس 18 U.S.C. § 2331 محسوب می‌شود؛ «حملات تروریستی 11 سپتامبر» یک عمل تروریستی بین‌المللی با برنامه‌ریزی یا محور سازمان دارای عنوان سازمان تروریستی حارجی طبق 8 U.S.C. § 1189 بوده است؛ بر اساس 2331 18 U S C، «حملات تروریستی 11 سپتامبر» ناقص قوانین ایالتی و فدرال بوده است؛ و حوانده با فراهم کردن کمک اساسی آگاهانه با دیگران همکاری و معاونت کرده است و/یا با کسانی که طبق 18 U.S.C. § 2333 و مابعد آن، مرتکب عمل تروریستی بین‌المللی شده‌اند، همدستی کرده است.

☐   فرم کوتاه شکایت از ایران اولین علت اقدام برای دریافت جبران خسارت صدمه شخصی بر اساس 28 U.S C. § 1605B (قانون عدالت علیه حامیان مالی تروریسم یا JASTA) و 18 U.S.C. § 2333 و مابعد آن (قانون مبارزه با تروریسم یا ATA)

به عنوان مبنای واقعی علت این دعوی، حواهان‌ها مدعی هستند که ادعاهای ذکر شده در شکایت بالا و نیز ادعاهای مندرج در دعاوی هاولیش (Havlish) ذکر شده در بالا نشان می‌دهد که طبق مندرجات اینجا، صدمات وارد شده به آنها ناشی از «حملات تروریستی 11 سپتامبر 2001» بوده است؛ نقش حوانده در «حملات تروریستی 11 سپتامبر»، اقدام تروریستی بین‌المللی و ناقص قوانین ایالتی و فدرال در اساس 18 U.S.C § 2331 محسوب می‌شود؛ «حملات تروریستی 11 سپتامبر» یک عمل تروریستی بین‌المللی با برنامه‌ریزی یا محور سازمان دارای عنوان سازمان تروریستی خارجی طبق 8 U.S.C. § 1189 بوده است؛ بر اساس 2331 18 U.S.C.، «حملات تروریستی 11 سپتامبر» ناقص قوانین ایالتی و فدرال بوده است؛ و حوانده با فراهم کردن کمک اساسی آگاهانه با دیگران همکاری و معاونت کرده است و/یا با کسانی که طبق 18 U.S.C. § 2333 و مابعد آن، مرتکب عمل تروریستی بین‌المللی شده‌اند، همدستی کرده است.

## شناسایی خواهان‌های جدید

5.    اتهامات و اطلاعات زیر از طرف هر یک از افرادی ارائه گردیده که این دعوی را مطرح می‌کنند، چنانکه

در صمیمه 1 این فرم کوتاه شکایت از ایران آمده است و در اینجا به آنها "خواهان‌ها" گفته می‌شود.

الف.    شهروندی/تابعیت هر یک از خواهان‌ها در ضمیمه 1 این فرم کوتاه شکایت از ایران ذکر شده است.

ب.    خواهان مشمول دریافت خسارت در مورد علل اقدام مطرح شده در شکایت ذکر شده در بالا است
که در این فرم کوتاه شکایت از ایران مطرح شده و همچنین در این فرم کوتاه شکایت از ایران
تصریح گردیده است.

پ.    همانگونه که در ضمیمه 1 آمده است، خواهان (1) نماینده وارثان شخصی است که در نتیجه حملات
تروریستی 11 سپتامبر 2001 کشته شده است؛ (2) عضو زنده بلافصل خانواده شخصی است که
در نتیجه حملات تروریستی 11 سپتامبر 2001 کشته شده است؛ و/یا (3) در نتیجه حملات
تروریستی 11 سپتامبر 2001 دچار صدمات جسمی شده است.

ت.    در حصوص آن دسته از خواهان‌ها که ادعای صدمه شخصی را مطرح می‌کنند، چنانکه در ضمیمه
1 آمده در 11 سپتامبر 2001 یا بعد از آن، خواهان مذکور در پنتاگون و/یا مرکز تجارت جهانی
و/یا محیط اطراف آن و/یا جنوب منهتن و/یا در جایی بوده که در معرض مواد سمی ناشی از حملات
تروریستی قرار داشته و حود در معرض مواد سمی ناشی از حملات تروریستی قرار گرفته است
و/یا موضوع به شکلی دیگر بطور مشخص در ضمیمه 1 ذکر گردیده است.

ث.    در مورد خواهان‌هایی که دعوی صدمه شخصی و/یا قتل غیر عمد را، چنانکه در ضمیمه 1، و نه
سبب نتیجه مستقیم، بلافصل و قابل پیش‌بینی اقدام خوانده مطرح کرده‌اند، خوانده و/یا فرد متوفی وی
دچار آسیب جسمی و/یا مرگ‌شده و در نتیجه متحمل زبان‌های اقتصادی و عبره شده است، از جمله،
اما نه محدود به درد و رنج، پریشانی عاطفی، رنج روحی و از دست دادن لذت زندگی، و/یا آنچه
در فرم کوتاه شکایت از ایران شرح داده شده است و/یا ممکن است در دادرسی‌های کشف حق بعدی
شناسایی شود و/یا به شکل دیگری در ضمیمه 1 مطرح گردیده است.

ح.    نام، نسبت به فرد محروح و/یا متوفی قربانی 11 سپتامبر، محل اقامت، شهروندی/تابعیت، و ماهیت
کلی دعوی هر یک از خواندها در حصوص قتل غیر عمد و/یا دعاوی ترضیه خاطر در ضمیمه 1
ذکر شده است و در اینجا، همراه با تمام اتهامات شکایات مربوطه چنانکه در بالا ذکر شد، به عنوان
اتهامات مورد ادعای هر یک از خواهان‌ها تلقی می‌شود.

4

docs-100657924 1

## هویت خواننده

6    تنها حواننده ذکر شده در این فرم شکایت کوتاه از ایران، جمهوری اسلامی ایران است

## چشم‌پوشی نکردن از ادعاهای دیگر

7    حواهان‌ها با ارائه این فرم کوتاه شکایت از ایران، از هیچ‌یک از حقوق خود برای طرح دادخواهی علیه

هر یک از حواندهها یا طرف‌بن بالقوه دیگر چشم‌پوشی نمی‌کنند

8    خواهان‌ها، ما را نه این فرم کوتاه شکایت از ایران، از هرگونه دعوی جمعی که ممکن است دادگاه در آینده

مجاز بداند، صرف‌نظر نمی‌کند.

## درخواست هیئت منصفه

9.    بدین وسیله هر یک از حواهان‌ها محاکمه با حضور هیئت منصفه را در خصوص دعاوی این اقدام

درخواست می‌نمایند.

بدین‌وسیله، حواهان‌ها درخواست صدور حکم علیه حوانده که در پرونده بر اساس مندرجات فرم کوتاه شکایت از

ایران را به صورت مقتضی دارند.

تاریخ: 13 دسامبر 2023

تقدیم با احترام،

امضا/ حری اس. گلدمن
وکیل دعاوی حری اس. گلدمن
Bruce Strong، وکیل دعاوی
Alexander Greene، وکیل دعاوی
شرکت ANDERSON KILL
1251 Avenue of the Americas
New York, NY 10020
تلفن: 1000-278 (212)
jgoldman@andersonkill.com
bstrong@andersonkill.com
agreene@andersonkill.com

وکلای خواهان‌ها

5

ضمیمه 1 هر یک از سطرهای زیر یک اتهام محسوب می‌شود و جزو اتهامات، زیان و ارجاعات در فرم کوتاه

شکایت از ایران است که ضمیمه 1 به آن پیوست شده است و باید به عنوان دعوی 1 از ضمیمه 1 به فرم کوتاه شکایت از

ایران، دعوی 2 از ضمیمه 1 به فرم کوتاه شکایت از ایران و الی آخر مورد ارجاع قرار گیرد

| | نام خواهان | ایالت اقامت خواهان در زمان طرح دعوی (یا مرگ) | تابعیت/ ملیت خواهان در تاریخ 9/11/01 | نام کامل قربانی9/11 | نسبت خواهان با قربانی 9/11 [1] | شهروندی / تابعیت قربانی 9/11 در تاریخ 9/11/01 | ماهیت دعوی (قتل غیرعمد، ترضیه خاطر، جراحت شخصی) [2] |
|---|---|---|---|---|---|---|---|
| 1. | پاتریشیا فنلی ( Patricia Fennelly) | نیویورک | ایالات متحده | Robert Caufield | برادر/جواهر | ایالات متحده | ترضیه خاطر |
| 2 | آلفردو بردنابه (Alfredo Bordenabe) | نیویورک | ایالات متحده | کریستین بُردنابه (Krystine Bordenabe) | پورتو ریکو | ایالات متحده | ترضیه خاطر/قتل عمد |
| 3 | آلفردو بُردنابه (Alfredo Bordenabe) | نیویورک | ایالات متحده | کریستین بُردنابه (Krystine Bordenabe) | همسر | ایالات متحده | ترضیه خاطر |
| 4 | اندرو گادسیل (Andrew Godsil) | نیوجرسی | ایالات متحده | کریستین بُردنابه (Krystine Bordenabe) | فرزند | ایالات متحده | ترضیه خاطر |

---

[1] در خصوص موارد مشخص شده با علامت "PR"، چنین ادعاهایی توسط نماینده شخصی املاک قربانی 9/11 و از طرف نماینده تمام بازماندگان و ذینفعان قانونی و اعضای خانواده قربانی 9/11 مذکور که در عنوان پرونده آمده است مطرح می‌گردد.

[2] نمایندگان شخصی مندرج در ریز دعاوی ترضیه خاطر را از طرف تمام بازماندگان و ذینفعان حقوقی و اعضای خانواده قربانی 9/11 مذکور که در عنوان پرونده آمده است مطرح می‌کنند.

JS 44C/SDNY
REV
10/01/2020

**CIVIL COVER SHEET**

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form approved by the Judicial Conference of the United States in September 1874 is required for use of the Clerk of Court for the purpose of initiating the civil docket sheet.

**PLAINTIFFS**
Patricia Fennelly et al (see appendix)

**DEFENDANTS**
Islamic Republic of Iran

ATTORNEYS (FIRM NAME, ADDRESS AND TELEPHONE NUMBER
Jerry S. Goldman, Esq , ANDERSON KILL P C
1251 Avenue of the Americas, New York NY 10020
(212) 278 1000 / jgoldman@andersonkill com

ATTORNEYS (IF KNOWN)

CAUSE OF ACTION (CITE THE U S CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE)
(DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

18 U.S.C § 2333 and 18 U S C §§ 1605A 1605B

Has this action case or proceeding or one essentially the same been previously filed in SDNY at any time? No ☐ Yes ☑

Judge Previously Assigned
George B Daniels

If yes, was this case Vol ☐ Invol ☐ Dismissed No ☒ Yes ☐ If yes give date _____ & Case No 1 03-md 1570

Is THIS AN INTERNATIONAL ARBITRATION CASE?    No ☒    Yes ☐

*(PLACE AN [x] IN ONE BOX ONLY)*    **NATURE OF SUIT**

| TORTS | | | ACTIONS UNDER STATUTES | | |
|---|---|---|---|---|---|
| **CONTRACT** | **PERSONAL INJURY** | **PERSONAL INJURY** | **FORFEITURE/PENALTY** | **BANKRUPTCY** | **OTHER STATUTES** |
| [ ] 110 INSURANCE | [ ] 310 AIRPLANE | [ ] 367 HEALTHCARE/ | [ ] 625 DRUG RELATED | [ ] 422 APPEAL | [ ] 375 FALSE CLAIMS |
| [ ] 120 MARINE | [ ] 315 AIRPLANE PRODUCT | PHARMACEUTICAL PERSONAL | SEIZURE OF PROPERTY | 28 USC 158 | [ ] 376 QUI TAM |
| [ ] 130 MILLER ACT | LIABILITY | INJURY/PRODUCT LIABILITY | 21 USC 881 | [ ] 423 WITHDRAWAL | [ ] 400 STATE |
| [ ] 140 NEGOTIABLE | [ ] 320 ASSAULT LIBEL & | [ ] 365 PERSONAL INJURY | [ ] 690 OTHER | 28 USC 157 | REAPPORTIONMENT |
| INSTRUMENT | SLANDER | PRODUCT LIABILITY | | | [ ] 410 ANTITRUST |
| [ ] 150 RECOVERY OF | [ ] 330 FEDERAL | [ ] 368 ASBESTOS PERSONAL | | | [ ] 430 BANKS & BANKING |
| OVERPAYMENT & | EMPLOYERS' | INJURY PRODUCT | **PROPERTY RIGHTS** | | [ ] 450 COMMERCE |
| ENFORCEMENT | LIABILITY | LIABILITY | | | [ ] 460 DEPORTATION |
| OF JUDGMENT | [ ] 340 MARINE | **PERSONAL PROPERTY** | [ ] 826 COPYRIGHTS | [ ] 880 DEFEND TRADE SECRETS ACT | [ ] 470 RACKETEER INFLU- |
| [ ] 151 MEDICARE ACT | [ ] 345 MARINE PRODUCT | | [ ] 830 PATENT | | ENCED & CORRUPT |
| [ ] 152 RECOVERY OF | LIABILITY | [ ] 370 OTHER FRAUD | [ ] 835 PATENT-ABBREVIATED NEW DRUG APPLICATION | | ORGANIZATION ACT |
| DEFAULTED | [ ] 350 MOTOR VEHICLE | [ ] 371 TRUTH IN LENDING | [ ] 840 TRADEMARK | | (RICO) |
| STUDENT LOANS | [ ] 355 MOTOR VEHICLE | | | **SOCIAL SECURITY** | [ ] 480 CONSUMER CREDIT |
| (EXCL VETERANS) | PRODUCT LIABILITY | [ ] 380 OTHER PERSONAL | | | [ ] 485 TELEPHONE CONSUMER |
| [ ] 153 RECOVERY OF | [ ] 360 OTHER PERSONAL | PROPERTY DAMAGE | **LABOR** | [ ] 861 HIA (1395ff) | PROTECTION ACT |
| OVERPAYMENT | INJURY | [ ] 385 PROPERTY DAMAGE | | [ ] 862 BLACK LUNG (923) | |
| OF VETERAN'S | [ ] 362 PERSONAL INJURY | PRODUCT LIABILITY | [ ] 710 FAIR LABOR | [ ] 863 DIWC/DIWW (405(g)) | [ ] 490 CABLE/SATELLITE TV |
| BENEFITS | MED MALPRACTICE | | STANDARDS ACT | [ ] 864 SSID TITLE XVI | [ ] 850 SECURITIES/ |
| [ ] 160 STOCKHOLDERS | | **PRISONER PETITIONS** | [ ] 720 LABOR/MGMT | [ ] 865 RSI (405(g)) | COMMODITIES/ |
| SUITS | | [ ] 463 ALIEN DETAINEE | RELATIONS | | EXCHANGE |
| [ ] 190 OTHER | | [ ] 510 MOTIONS TO | [ ] 740 RAILWAY LABOR ACT | **FEDERAL TAX SUITS** | [X] 890 OTHER STATUTORY |
| CONTRACT | **ACTIONS UNDER STATUTES** | VACATE SENTENCE | [ ] 751 FAMILY MEDICAL | | ACTIONS |
| [ ] 195 CONTRACT | | 28 USC 2255 | LEAVE ACT (FMLA) | [ ] 870 TAXES (U.S Plaintiff or | [ ] 891 AGRICULTURAL ACTS |
| PRODUCT | **CIVIL RIGHTS** | [ ] 530 HABEAS CORPUS | | Defendant) | [ ] 893 ENVIRONMENTAL |
| LIABILITY | | [ ] 535 DEATH PENALTY | [ ] 790 OTHER LABOR | [ ] 871 IRS-THIRD PARTY | MATTERS |
| [ ] 196 FRANCHISE | [ ] 440 OTHER CIVIL RIGHTS | [ ] 540 MANDAMUS & OTHER | LITIGATION | 26 USC 7809 | [ ] 895 FREEDOM OF |
| | (Non-Prisoner) | | [ ] 791 EMPL RET INC | | INFORMATION ACT |
| **REAL PROPERTY** | [ ] 441 VOTING | | SECURITY ACT (ERISA) | | [ ] 896 ARBITRATION |
| [ ] 210 LAND | [ ] 442 EMPLOYMENT | **PRISONER CIVIL RIGHTS** | **IMMIGRATION** | | [ ] 899 ADMINISTRATIVE |
| CONDEMNATION | [ ] 443 HOUSING/ | | | | PROCEDURE ACT/REVIEW OR |
| [ ] 220 FORECLOSURE | ACCOMMODATIONS | [ ] 550 CIVIL RIGHTS | [ ] 462 NATURALIZATION | | APPEAL OF AGENCY DECISION |
| [ ] 230 RENT LEASE & | [ ] 445 AMERICANS WITH | [ ] 555 PRISON CONDITION | APPLICATION | | |
| EJECTMENT | DISABILITIES | [ ] 560 CIVIL DETAINEE | [ ] 465 OTHER IMMIGRATION | | [ ] 950 CONSTITUTIONALITY OF |
| [ ] 240 TORTS TO LAND | EMPLOYMENT | CONDITIONS OF CONFINEMENT | ACTIONS | | STATE STATUTES |
| [ ] 245 TORT PRODUCT | [ ] 446 AMERICANS WITH | | | | |
| LIABILITY | DISABILITIES -OTHER | | | | |
| [ ] 290 ALL OTHER | [ ] 448 EDUCATION | | | | |
| REAL PROPERTY | | | | | |

Check if demanded in complaint

☐ CHECK IF THIS IS A CLASS ACTION UNDER F R C P 23

DEMAND $ 100 million    OTHER _____

Check YES only if demanded in complaint
JURY DEMAND ☒ YES ☐ NO

DO YOU CLAIM THIS CASE IS RELATED TO A CIVIL CASE NOW PENDING IN S D N Y AS DEFINED BY LOCAL RULE FOR DIVISION OF BUSINESS 13?
IF SO STATE

JUDGE George B Daniels    DOCKET NUMBER 1 03-md-1570

NOTE You must also submit at the time of filing the Statement of Relatedness form (Form IH-32)

Case 1 23-cv-10824   Document 4   Filed 12/13/23   Page 2 of 3

*(PLACE AN x IN ONE BOX ONLY)*

**ORIGIN**

☒ 1 Original Proceeding

☐ 2 Removed from State Court
   a all parties represented
   ☐ b At least one party is pro se

☐ 3 Remanded from Appellate Court

☐ 4 Reinstated or Reopened

☐ 5 Transferred from (Specify District)

☐ 6 Multidistrict Litigation (Transferred)

☐ 7 Appeal to District Judge from Magistrate Judge

☐ 8 Multidistrict Litigation (Direct File)

*(PLACE AN x IN ONE BOX ONLY)*

**BASIS OF JURISDICTION**

*IF DIVERSITY, INDICATE CITIZENSHIP BELOW*

☐ 1 U S PLAINTIFF   ☐ 2 U S DEFENDANT   ☒ 3 FEDERAL QUESTION (U S NOT A PARTY)   ☐ 4 DIVERSITY

**CITIZENSHIP OF PRINCIPAL PARTIES (FOR DIVERSITY CASES ONLY)**

(Place an [X] in one box for Plaintiff and one box for Defendant)

| | PTF | DEF | | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|---|---|---|
| CITIZEN OF THIS STATE | [ ] 1 | [ ] 1 | CITIZEN OR SUBJECT OF A FOREIGN COUNTRY | [ ] 3 | [ ] 3 | INCORPORATED and PRINCIPAL PLACE OF BUSINESS IN ANOTHER STATE | [ ] 5 | [ ] 5 |
| CITIZEN OF ANOTHER STATE | [ ] 2 | [ ] 2 | INCORPORATED or PRINCIPAL PLACE OF BUSINESS IN THIS STATE | [ ] 4 | [ ] 4 | FOREIGN NATION | [ ] 6 | [ ] 6 |

PLAINTIFF(S) ADDRESS(ES) AND COUNTY(IES)

See attached appendix

DEFENDANT(S) ADDRESS(ES) AND COUNTY(IES)

Islamic Republic of Iran
c/o Ministry of Foreign Affairs
Imam Khomeini Avenue
Tehran, Iran

DEFENDANT(S) ADDRESS UNKNOWN

REPRESENTATION IS HEREBY MADE THAT, AT THIS TIME, I HAVE BEEN UNABLE WITH REASONABLE DILIGENCE, TO ASCERTAIN THE RESIDENCE ADDRESSES OF THE FOLLOWING DEFENDANTS

**COURTHOUSE ASSIGNMENT**

I hereby certify that this case should be assigned to the courthouse indicated below pursuant to Local Rule for Division of Business 18, 20 or 21

Check one   THIS ACTION SHOULD BE ASSIGNED TO   ☐ WHITE PLAINS   ☒ MANHATTAN

DATE 12/13/2023   /s/ Jerry Goldman
SIGNATURE OF ATTORNEY OF RECORD

RECEIPT #

ADMITTED TO PRACTICE IN THIS DISTRICT
[ ] NO
[X] YES (DATE ADMITTED Mo May   Yr 1980   )
Attorney Bar Code # 1302454

Magistrate Judge is to be designated by the Clerk of the Court.

Magistrate Judge _____ is so Designated

Ruby J Krajick, Clerk of Court by _____ Deputy Clerk, DATED _____

UNITED STATES DISTRICT COURT (NEW YORK SOUTHERN)

## APPENDIX 1

Each line below is deemed an allegation, incorporating the allegations, language, and

references within the Iran Short Form Complaint to which this Appendix 1 is appended and shall

be referenced as Allegation 1 of Appendix 1 to the Iran Short Form Complaint, Allegation 2 of

Appendix 1 to the Iran Short Form Complaint, etc.

| | Plaintiff's Name | Plaintiff's State of Residency at Filing (or death) | Plaintiff's Citizenship/ Nationality on 9/11/01 | 9/11 Victim's Full Name | Plaintiff's Relationship to 9/11 Victim[1] | 9/11 Victim's Citizenship/ Nationality on 9/11/01 | Nature of Claim (wrongful death, solatium, personal injury)[2] |
|---|---|---|---|---|---|---|---|
| 1 | Patricia Fennelly | NY | United States | Robert Caufield | Sibling | United States | Solatium |
| 2 | Alfredo Bordenabe | NY | United States | Krystine Bordenabe | PR | United States | Solatium/Wrongful Death |
| 3 | Alfredo Bordenabe | NY | United States | Krystine Bordenabe | Spouse | United States | Solatium |
| 4. | Andrew Godsil | NJ | United States | Krystine Bordenabe | Child | United States | Solatium |

---

[1] For those identified as "PR," such claim is made as the Personal Representative of the 9/11 Victim's Estate and on behalf of all survivors and all legally entitled beneficiaries and family members of such 9/11 Victim as noted in the case caption.

[2] The PRs identified below are bringing solatium claims on behalf of all survivors and all legally entitled beneficiaries and family members of such 9/11 Victim as noted in the case caption

پرونده 24‏‎08‎‏‏T‏‎-CV-‎‏‎1.23‎    سند 4    ارائه شده در تاریخ 12/13/23    صفحه 1 از 3

**موضوع‌ها**

جمهوری اسلامی ایران

وکلا (در صورت اطلاع)

**خواهان‌ها**

پاتریشیا فملی (Patricia Fennelly) و دیگران (به ضمیمه مراجعه کنید)

وکلا (نام شرکت، آدرس و شماره تلفن)

وکیل دعوی Jerry S. Goldman؛ شرکت رسمی ANDERSON KILL
1251 Avenue of the Americas, New York NY 10020
(212) 278 1000 / jgoldman@andersonkill.com

علت دعوی (به قانون مدنی ایالات متحده که بر اساس آن اقامه دعوی می‌کنید استناد کنید؛ قوانین، حکم را بنویسید خلاصه ذکر نمایید) (به قوانین مصوب، مربوط به سلاح‌های جنگی استناد نکنید، مگر در صورتی‌که وجود اختلاف آرا)

18 U S C §§ 1605A  1605B و 18 U S C § 2333

آیا این اقدام پرونده یا دادرسی یا موردی دارای شکایت‌های اساسی قبلاً در هر زمانی در SDNY مطرح شده است؟ خیر ☐ بله ☑

قاضی منصوب شده قبلی
حرج لــه دانیلز (George B. Daniels)

شماره پرونده را 03-md-1570 1
ذکر کنید

اگر بله، آیا این پرونده   دادخواست ☐ غیر دادخواستی   رد شده است   خیر ☑ بله ☐   نظر بله، دلیل‌ها و
بود ☐

آیا این یک پرونده دعوی بین‌المللی است؟   خیر ☒   بله ☐

(عدد یک کادر را با علامت [x] مشخص نمایید)   شبه جرم

**ماهیت اقامه دعوی**

| قراردا | مجازه شخصی | عمده سخصی | دفقیات‌دعوی‌ها | ورشکستگی | سایر قوانین مصوب |
|---|---|---|---|---|---|
| 118 [ ] بیمه | 310 [ ] هواپیما | 367 [ ] بهداشت و درمان/محصولات شخصی | 826 [ ] درفایق فروق/مربوط‌به‌مواد‌مخدر 21 | 422 [ ] قاضی‌دی‌عب‌بد نظر | 375 [ ] دعاوی‌قانونی و آفتی |
| 120 [ ] دریایی | 315 [ ] صدارت در قبال محصول هواپیما | دارویی‌سبب‌آور، در قبال‌محصول | 28 USC 158 | 423 [ ] کناره‌فراغ 158 | 376 [ ] دعاوی‌داد |
| 130 [ ] قانون بروز | 320 [ ] تعرض، لهمت و افترا | 366 [ ] صدارت در قبال صدمه‌شخصی ناشی | 28 USC 157 USC 681 | 28 USC 157 | 410 [ ] مطالبات | 680 [ ] سلب‌اموال |
| 140 [ ] ابزار بهدار | 330 [ ] مسئولیت کارفرمایان فدرال | از محصول | | **حقوق مالکیت** | 430 [ ] بانک‌داد |
| 150 [ ] بازگردانی | 340 [ ] دریایی | | | 820 [ ] حق‌امتیاز انحصاری | 450 [ ] تجارت |
| 151 [ ] MEDICARE | 345 [ ] مسئولیت، محصول دریایی | **اموال شخصی** | | 830 [ ] حق اختراع‌جدید | 460 [ ] تبعید |
| 152 [ ] استرداد وام‌های اعطا شده | 350 [ ] فریب‌آمیز موتوری | 370 [ ] سایر محصلات شخصی | 828 [ ] حق | 835 [ ] حق‌اختراع جدید جواز آزاد | 470 [ ] قانون سازمان‌های ذی‌نفع فهری و فساد (RICO) |
| | 355 [ ] مسئولیت در قبال‌محصول فریب‌آمیز موتوری | 371 [ ] حقیقت امر مورد وام‌ده‌ای | | 840 [ ] بازرگانی | 480 [ ] اعتبار مشاور |
| | 360 [ ] سایر صدمات شخصی | | | **حقوق اجتماعی** | 485 [ ] قانون صحافت و صحافت‌های |
| 180 [ ] دیگر | 362 [ ] صدمه‌شخصی، دارو پزشکی | | | 861 [ ] سلب حق گرانی | |
| 190 [ ] | | | | 862 [ ] محصولات در قبال‌محصول قرارداد | 490 [ ] کابل تلفنی |
| | | | | در کابل | 495 [ ] قربانیان |

(continued table, additional columns)

| قانون اجتماعی | دفقیات دعوی‌ها | جریم‌ها/کیفرها | تأمین اجتماعی | دعاوی فدرال مصوب | امستردار/سایر |
|---|---|---|---|---|---|
| HIA (1395ff) 681 [ ] | | 320 [ ] سلب مواد و اموال به‌اموال‌شخصی | 710 [ ] قانون استاندارد منصفانه کار، دستمزد (W3) | | 216 [ ] شکنجه، راین |
| سیاه‌ریه 662 [ ] | DIWC/DIWW (405(g) 663 [ ] | 385 [ ] مدیریت، در قبال آسیب، محصول به | 720 [ ] روابط کار، اداره‌کاربردی | | 220 [ ] تملک مالک |
| اوان‌کاله‌ML‌خان‌ملک 664 [ ] | | | 730 [ ] آزاد، ساکن در قبا | | 230 [ ] قرارداد‌اجاره در قطاله |
| ماری‌وار‌.‌‌‌‌‌‌‌‌‌ 865 [ ] | RSI (405(g)) 665 [ ] | | 740 [ ] قانون راین | | 240 [ ] اتهام در مورد زمین‌های |
| 808 [ ] اطلاح‌قادی‌ریه | | | | 28 USC 7608 | 245 [ ] خیر موردمنازعه، در قبال محصول |
| 890 [ ] | | | 751 [ ] قانون در حسب ماهیت‌های خانواده | | 360 [ ] سایر املاک، بیگار |
| **پرونده‌های مالیاتی فدرال** | | | **مهاجرت** | |
| 870 [ ] مالیات‌ها (خواهان یا خوانده،ایالات‌متحده) | 890 [ ] سایر‌دعاوی‌های‌حق | | 462 [ ] درخواست اقامت | |
| 871 [ ] شخص شالث IRS، | (A)ساین | | 465 [ ] سایر حقوق مدنی (غیر زندانی) | 463 [ ] 29 USC امتیاز، خانم در ایالات‌حاکم | **دعاوی زندانی** |
| 26 USC 7609 | | | | 465 [ ] سایر قوانین مهاجرت | |
| | | | | | |

**حقوق مدنی**
440 [ ] سایر حقوق مدنی
441 [ ] رأی‌دهی
442 [ ] اشتغال
443 [ ] مسکن/محل‌اقامت
445 [ ] امریکایی‌های دارای معلولیت - اشتغال
446 [ ] امریکایی‌های دارای معلولیت - سایر
448 [ ] آموزش

**حقوق شهروندی زندانی**
510 [ ] خلیع‌محکوم‌یت
555 [ ] فرمان زندان
550 [ ] قانون مدنی سایر مدنی‌حبس

اگر در شکایت تقاضا شده است، علامت بزنید
☐ اگر این یک اقدام جمعی در فصل 23 F R C P است، علامت بزنید

تقاضا $   100 میلیون دلار   سایر

آیا مدعی مستند که این پرونده به یک پرونده دیگر در عمف بررسی در D N Y S. مربوط است که طبق قانون محلی برای تقسیم کتاب و غار 13 تدریجی شده است؟
نظر بله، نشان دهید قسمت ذکر کلید

مطر اگر در شکایت تقاضا شده است، آله" در" علامت بزنید
در خواست، هیئت منصفه   ☑بله☑خیر

حقمی   حرج حا دانلز (George B. Daniels) شماره پرونده   03-md-1570 1

توجه  باید قرم اظهاریه مرتبط بودن (قرم 32-IH) را نیز در هنگام طرح دعوی، ارئه نمایید

## امضا

(فقط یک کادر را با علامت X مشخص نمایید)

☒ ۱ رسیدگی اصلی ☐ ۲ خارج‌شده از دادگاه ایالتی ☐ ۳ تعید‌شده در دادگاه ☐ ۴ دوباره مجدد با پاسخ ☐ ۵ مطالعه از پرونده را ☐ ۶ ادعانامه مربوط به ☐ ۷ درخواست تجدید نظر از
مشخص کنید) نامه (مثال خم) قضایی دادگاه دیگر از قضایی بخش

☐ الف: وکلای همه طرفیان حاضر دقیقا ☐ ۸ دادفرنامی مربوط به یک ادعانامه (ارائه مستقیم)
☐ ب: حداقل یکی از طرفیان بدون وکیل حاضر دارم.

## منشأ صلاحیت

(فقط یک کادر را با علامت X مشخص نمایید)

☐ ۱ حوادثان ایالات مسمله ☐ ۲ حوادثه ایالات متحده ☒ ۳ بازپرسی فدرال ☐ ۴ تفاوت
(ایالات مسمده یکی را طرفین نیست) (ایالات متحده یکی را طرفین نیست)

### تابعیت طرفین اصلی (فقط برای پرونده‌های اختلافی)

(با یک [X] در کادر مربوط به خواهان و یک کادر هم در کادر مربوط به خوانده علامت بزنید.)

| خواهان خوانده | | خواهان خوانده | | خواهان خوانده |
|---|---|---|---|---|
| ۵ [ ] ۵ [ ] | تأسیس‌شده و محل اصلی کسب و کار در اوالت دیگر | ۳ [ ] ۳ [ ] | شهروند یا تبعه یک کشور خارجی | ۱ [ ] ۱ [ ] |
| ۶ [ ] ۶ [ ] | تابعیت خارجی | ۴ [ ] ۴ [ ] | تأسیس‌شده یا محل اصلی کسب و کار در این ایالت | ۲ [ ] ۲ [ ] |

آدرس(ها) و کشور(های) خواهان(ها)
به پیوست مراجعه کنید.

آدرس(ها) و کشور(های) حوادث(ها)
جمهوری اسلامی ایران
به نشانی وزارت امور خارجه
خیابان امام خمینی
تهران، ایران

آدرس حوادث(ها) نامعلوم است.
بدین‌وسیله اعلام می‌گردد که در حال حاضر، با وجود انجام تلاش معقول نتوانسته‌ام آدرس محل سکونت خوانده‌های زیر را مشخص نمایم

### تخصیص به دادگاه

بدین‌وسیله گواهی می‌نمایم که این پرونده نند مطابق با مقررات محلی بخش‌های ۱۵، ۲۰ یا ۲۱ به دادگاه مشخص شده در زیر اختصاص داده شود

یک مورد را علامت
بزنید | این قلام دلند به محل زیر اختصاص باید

تاریخ ۱۲/۱۳/۲۰۲۳   امضا/ Jerry Goldman
امضای وکیل پرونده

☐ اوایت پایدر ☒ منهتن

پذیرفته‌شده برای اجرا در این تخصیه
[ ] خیر.
[x] بله (تاریخ پذیرش ماه می سال ۱۹۸۰)
شماره ت. وکیل در کانون وکلا ۱۳۰۲۴۵۴

قاضی بخش باید توسط منشی دادگاه تعیین شود.

قاضی بخش _____ به این صورت تعیین شد

روبی ح. کراجیک (Ruby J. Krajick)، منشی دادگاه از طرف ___ معاون منشی دادگاه: تاریخ _____ .

دادگاه ناحیه‌ای ایالات متحده (نیویورک جنوبی)

## پیوست 1

هر یک از سطرهای زیر یک اتهام محسوب می‌شود و جزو اتهامات، زبان و ارجاعات در فرم کوتاه شکایت

اَر ایران است که ضمیمه 1 به ای پیوست شده است و باید به عنوان دعوی i از ضمیمه 1 به فرم کوتاه شکایت اَر

ایران، دعوی 2 اَر ضمیمه 1 به فرم کوتاه شکایت اَر ایران و الی آخر مورد ارجاع قرار گیرد.

| | نام خواهان | اصالت اقامت خواهان در زمان طرح دعوی (یا مرگ) | تابعیت/ ملیت خواهان در تاریخ 9/11/01 | نام کامل قربانی9/11 | نسبت خواهان با قربانی[1] | شهروندی/ تابعیت قربانی 9/11، در تاریخ 9/11/01 | ماهیت دعوی (قتل غیرعمد، ترشیه خاطر، جراحت شخصی)[2] |
|---|---|---|---|---|---|---|---|
| 1 | پاتریشیا فنلی ( Patricia Fennelly) | نیویورک | ایالات متحده | Robert Caufield | برادر/خواهر | ایالات متحده | ترشیه حاطر |
| 2. | آلفردو بُردنابه Alfredo ) (Bordenabe | نیویورک | ایالات متحده | کریستین بُردنابه Krystine ) (Bordenabe | پورتو ریکو | ایالات متحده | ترشیه خاطر/قتل غیرعمد |
| 3 | آلفردو بُردنابه Alfredo ) (Bordenabe | نیویورک | ایالات متحده | کریستین بُردنابه Krystine ) (Bordenabe | همسر | ایالات متحده | ترشیه حاطر |
| 4 | اندرو گادسیل (Andrew Godsil) | نیوجرسی | ایالات متحده | کریستین بُردنابه Krystine ) (Bordenabe | فررد | ایالات متحده | ترشیه حاطر |

[1] در خصوص موارد مشخص شده با عبارت "PR"، چنین ادعاهایی توسط نماینده شخصی املاک قربانی 9/11 و از طرف نماینده تمام بازماندگان و ذینفعان قانونی و اعضای خانواده قربانی 9/11 مذکور که در عنوان پرونده آمده است مطرح می‌گردد.

[2] نمایندگان شخصی مندرج در زیر دعاوی ترضیه خاطر را از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده قربانی 9/11 مذکور که در عنوان پرونده آمده است مطرح می‌کنند.

6

docs 100657924.1

IH-32

Rev 2014-1

# United States District Court
### for the
## Southern District of New York
## Related Case Statement

### Full Caption of Later Filed Case.

Patricia Fennelly, et al  (see appendix)

|  |  |
|---|---|
| Plaintiff | Case Number |
| vs | |
| Islamic Republic of Iran | |
| Defendant | |

### Full Caption of Earlier Filed Case:

(including in bankruptcy appeals the relevant adversary proceeding)

In re Terrorist Attacks on September 11, 2001

|  |  |
|---|---|
| Plaintiff | Case Number |
| vs | Case Numbers. 03 MDL 1570 (GBD) (SN) |
| Defendant | |

IH 32                                                                                          Rev 2014 1

Status of Earlier Filed Case:

☐ Closed      (If so, set forth the procedure which resulted in closure, e g  voluntary
              dismissal, settlement, court decision  Also, state whether there is an appeal
              pending )

☑ Open        (If so, set forth procedural status and summarize any court rulings )

Partial and/or full summary judgment as to Defendant Islamic Republic of Iran has been granted and ordered
for select plaintiffs  This matter is still ongoing. On October 28, 2019, the Court entered an Order approving the
"Iran Short Form Complaint" that is filed herewith  (See ECF No  5234 in 1.03-md-01570-GBD-SN)

Explain in detail the reasons for your position that the newly filed case is related to the
earlier filed case.

This is also a September 11th case for wrongful death and solatium against sponsors of
terrorism, as the Defendant Islamic Republic of Iran is involved in the related MDL action.
We are seeking similar relief in the form of damages from the Defendant. The Plaintiffs
herein intend to participate in the underlying litigations as to the other defendants in due
course.

This case is also related to Estate of John Patrick O'Neill Sr., et al  v  The Republic of Iraq, et
al., 04-1076-GBD-SN, Thomas E  Burnett, Sr., in his own right as the Parent of Thomas E.
Burnett, Jr., Deceased, et al  v. The Islamic Republic of Iran, et al , 15-cv-09903-GBD-SN;
and Kathleen Ashton et al. v  al Qaeda Islamic Army, et al., 02-cv-06977-GBD-FM. The
instant complaint is being filed in accordance with the Court's directives of October 28, 2019,
ECF No. 5234 in 1 03-md-01570-GBD-SN

Signature   **/s/ Jerry S. Goldman**          Date   December 13, 2023

            Anderson Kill P C.

Firm        _____

## APPENDIX

Patricia Fennelly, individually, as surviving sibling of Robert Caufield

Alfredo Bordenabe, as the Personal Representative of the Estate of Krystine Bordenabe, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Krystine Bordenabe

Alfredo Bordenabe, individually, as surviving spouse of Krystine Bordenabe

Andrew Godsil, individually, as surviving child of Krystine Bordenabe

32-H-الاسلامی-1-2014

# دادگاه ناحیه‌ای ایالات متحده
### جهت
# ناحیه جنوب نیویورک
## اظهارات پرونده‌های مرتبط

<u>عنوان کامل پرونده ارائه شده بعدی:</u>

پاتریشیا فنلی {Patricia Fennelly} و دیگران (به ضمیمه مراجعه کنید)



| شماره پرونده | خواهان |
| --- | --- |
| | علیه |
| | جمهوری اسلامی ایران |

مدعی علیه (خوانده)

<u>شرح کامل پرونده ثبت شده قبلی:</u>
(از جمله هرگونه درخواست تمدید نظر ورشکستگی و رسیدگی‌های مربوطه)

در ارتباط با حملات تروریستی 11 سپتامبر 2001

| شماره پرونده | خواهان |
| --- | --- |
| شماره پرونده: 03 MDL 1570 (GBD) (SN) | علیه |

خوانده

32-الاصلاحی:1-11H-201

وضعیت پرونده ارائه شده قبلی:

بسته ☐    (در این صورت، رویه منتهی به محکومه شدن، نظیر رد اعتبار، حل و فصل یا تصمیم دادگاه را ذکر کنید همچنین اعلام نمایید آیا درخواست محدود نظر در دست بررسی است یا خیر )

باز ☑    (در این صورت، وضعیت رویه قانونی و خلاصه احکام دادگاه را ذکر کنید.)

حکم خلاصه جزئی یا کامل در مورد جمهوری اسلامی ایران صادر شده و دستور افتتاح حواله‌ها مطرح گردیده است. موضوع همچنان در دست رسیدگی است. در 28 اکتبر 2019، دادگاه حکمی را صادر کرد و "فرم کوتاه شکایت از ایران" را تأیید نمود که در اینجا ارائه شده است  (به ECF شماره 5234 در 03-md-01570-GBD-SN 1 مراجعه کنید)

دلایل موضوع حود را مدنی در اینکه پرونده به تازگی مطرح شده با پرونده مطرح شده قبلی مرتبط است، به تعصیل بیان کنید

همچنین مربوط به پرونده 11 سپتامبر جهت قتل عمد و ترصیه حاطر علیه حامیان تروریسم است زیرا جمهوری اسلامی ایران در اقدام MDL مربوطه مشارکت داشته است  همچنین مه فعال دریافت خسارت مشابه از حواهان هستیم. حواهان‌ها در فبحا قصد دارند در دادرسی‌های مشابه سایر حواهان‌ها به درتوب مقتصی شرکت کنند

این پرونده همچنین مربوط است به اسلاک John Patrick O'Neill پدر و دیگران علیه جمهوری عراق و دیگران، 04-1076-GBD-SN، Thomas E Burnett پدر به عنوان والده Thomas E Burnett پسر، متوفی، و دیگران علیه جمهوری اسلامی ایران، و دیگران،15-cv، 09903-GBD-SN و Kathleen Ashton و دیگران علیه ارتش اسلامی القاعده و دیگران، 06977-GBD-FM،02-cv. شکایت فعلی بر اساس دستور دادگاه به تاریخ 28 اکتبر ECF ،2019 شماره 5234 در 03-md-01570-GBD-SN 1 مطرح شده است.

امضا:    /امضا/ جری اس. گلدمن    تاریخ  13 دسامبر 2023

Anderson Kill P.C.

شرکت حقوقی:

صفحه 2

## <u>پیوست</u>

پتریشیا فنلی (Patricia Fennelly)، شخصاً به عنوان خواهر/برادر بازمانده روبرت کانفیلد (Robert Caufield)

آلفردو بُردنابه {Alfredo Bordenabe}، به عنوان نماینده شخصی اموال کریستین بُردنابه (Krystine Bordenabe)،
متوفی، از طرف تمام بازماندگان و دینععان قانونی و اعضای خانواده کریستین بُردنابه (Krystine Bordenabe)

آلردو بُردنابه (Alfredo Bordenabe) شخصاً، به عنوان همسر بازمانده کریستین بُردنابه (Krystine Bordenabe)

اندرو گادسیل (Andrew Godsil) شخصاً، به عنوان فرزند بازمانده کریستین بُردنابه (Krystine Bordenabe)

# ANDERSON KILL P.C.

Attorneys and Counselors at Law

1251 AVENUE OF THE AMERICAS ■ NEW YORK, NY 10020
TELEPHONE. 212-278-1000 ■ FAX 212-278-1733
www.andersonkill com

Jerry S Goldman, Esq
Jgoldman@andersonkill com
212 278-1569

*Via ECF*

December 13, 2023

The Honorable Sarah Netburn
Thurgood Marshall United States Courthouse
40 Foley Square, Room 430
New York, NY 10007

> Re:   *In re Terrorist Attacks on September 11, 2001*, No 03-MDL-1570 (GBD)(SN),
> *Patricia Fennelly, et al. v Islamic Republic of Iran*, No. 1:23-cv-10824

Dear Judge Netburn

Pursuant to Your Honor's Order dated October 28, 2019, docketed under the MDL as Docket Number 5234 ("October 28, 2019 Order"), we respectfully request that the above-referenced case filed December 13, 2023 be made part of the MDL.

Per Your Honor's practices in this MDL, we are *not* providing a courtesy copy for chambers of Plaintiffs' Civil Cover Sheet, Request for Summons, Complaint, and Related Case Statement. Similarly, under Judge Daniels' individual rules and practices, available at https //www.nysd uscourts gov/hon-george-b-daniels, we are *not* providing a courtesy copy for chambers of Plaintiffs' Civil Cover Sheet, Request for Summons, Complaint, and Related Case Statement

We thank the Court for its attention to this matter.

Respectfully submitted,

*/s/ Jerry Goldman*
Jerry S. Goldman, Esq

*Attorney for the Plaintiffs*

Cc (via ECF): The Honorable George B Daniels
All MDL Counsels of Record

New York, NY ■ Los Angeles, CA ■ Stamford, CT ■ Washington, DC ■ Newark, NJ ■ Philadelphia, PA

docs-100657936 1

# ANDERSON KILL P.C.

Attorneys and Counselors at Law

1251 AVENUE OF THE AMERICAS ■ NEW YORK, NY 10020
TELEPHONE. 212-278-1000 ■ FAX  212-278-1733
www.andersonkill.com

Jerry S  Goldman, Esq
Jgoldman@andersonkill.com
212-278-1569

*Via ECF*

December 13, 2023

The Honorable Sarah Netburn
Thurgood Marshall United States Courthouse
40 Foley Square, Room 430
New York, NY 10007

> Re·    *In re Terrorist Attacks on September 11, 2001*, No. 03-MDL-1570 (GBD)(SN),
> *Patricia Fennelly, et al  v. Islamic Republic of Iran*, No  1:23-cv-10824

Dear Judge Netburn

Pursuant to Your Honor's Order dated October 28, 2019, docketed under the MDL as Docket Number 5234 ("October 28, 2019 Order"), we respectfully request that the above-referenced case filed December 13, 2023 be made part of the MDL

Per Your Honor's practices in this MDL, we are *not* providing a courtesy copy for chambers of Plaintiffs' Civil Cover Sheet, Request for Summons, Complaint, and Related Case Statement. Similarly, under Judge Daniels' individual rules and practices, available at https://www nysd.uscourts gov/hon-george-b-daniels, we are *not* providing a courtesy copy for chambers of Plaintiffs' Civil Cover Sheet, Request for Summons, Complaint, and Related Case Statement

We thank the Court for its attention to this matter

Respectfully submitted,

*/s/ Jerry Goldman*
Jerry S  Goldman, Esq.

*Attorney for the Plaintiffs*

Cc (via ECF)·  The Honorable George B  Daniels
All MDL Counsels of Record

New York, NY ■ Los Angeles, CA ■ Stamford, CT ■ Washington, DC ■ Newark, NJ ■ Philadelphia, PA

docs-100657936 1

# ANDERSON KILL P.C.

Attorneys and Counselors at Law

1251 AVENUE OF THE AMERICAS ■ NEW YORK, NY 10020
TELEPHONE. 212-278-1000 ■ FAX 212 278 1733
www andersonkill.com

Jerry S Goldman, Esq
jgoldman@andersonkill com
212-278-1569

*Via ECF*

December 13, 2023

The Honorable Sarah Netburn
Thurgood Marshall United States Courthouse
40 Foley Square, Room 430
New York, NY 10007

> Re     *In re Terrorist Attacks on September 11, 2001*, No 03-MDL-1570 (GBD)(SN),
> *Patricia Fennelly, et al. v. Islamic Republic of Iran*, No. 1 23-cv-10824

Dear Judge Netburn.

Pursuant to Your Honor's Order dated October 28, 2019, docketed under the MDL as Docket Number 5234 ("October 28, 2019 Order"), we respectfully request that the above-referenced case filed December 13, 2023 be made part of the MDL.

Per Your Honor's practices in this MDI , we are *not* providing a courtesy copy for chambers of Plaintiffs' Civil Cover Sheet, Request for Summons, Complaint, and Related Case Statement Similarly, under Judge Daniels' individual rules and practices, available at https //www nysd uscourts gov/hon-george-b-daniels, we are *not* providing a courtesy copy for chambers of Plaintiffs' Civil Cover Sheet, Request for Summons, Complaint, and Related Case Statement

We thank the Court for its attention to this matter

Respectfully submitted,

*/s/ Jerry Goldman*
Jerry S Goldman, Esq

*Attorney for the Plaintiffs*

Cc (via ECF). The Honorable George B. Daniels
All MDL Counsels of Record

New York, NY ■ Los Angeles, CA ■ Stamford, CT ■ Washington, DC ■ Newark, NJ ■ Philadelphia, PA

docs-100657936 1

# اندرسون کیل پ.س (ANDERSON KILL P.C.)

وکلا و مشاوران پایه یک

1251 AVENUE OF THE AMERICAS ■ NEW YORK, NY 10020

تلفن ■ 212-278-1000 دکس،212-278-1733

www.andersonkill.com

**وکیل دعاوی جری امی. گلدمن**
Jgoldman@andersonkill com
212-278-1569

13 دسامبر 2023

*از طریق* ECF

عالیجناب سارا نتبرن
دادگاه مارشال تورگود ایالات متحده
40 Foley Square, Room 430
New York, NY 10007

درباره· در ارتباط با حملات تروریستی *11 سپتامبر 2001*،
شماره{ (SN) (GBD) 570 I-MDL-03}؛ پاتریشیا فنلی (*Patricia Fennelly*) و دیگران علیه
جمهوری اسلامی ایران، شماره 10824-cv-1:23

قاضی نتبرن گرامی:

مطابق حکم حبابعالی به تاریخ 28 اکتبر 2019 ثبتشده تحت MDL ذیل شماره پرونده 5234 («حکم 28 اکتبر 2019»)، محترمانه تقاضا میکنیم که پرونده ارجاعی در بالا مطرح شده در 13 دسامبر 2023، نحثی از MDL باشد

ما تحت اقدامات جنابعالی در این MDL، کپی دعوی برای برگه پوشش مدنی دفتر قاضی حواهانها، تقاضای احضاریه، شکایت و اطهاریه پرونده مربوطه را فراهمیکنم  همچنین ما طبق قوانین و روشهای شخصی قاضی دنیلر (Daniels) که در https //www.nysd.uscourts.gov/hon-george-b-daniels موجود است، کپی دعوی برای برگه پوشش مدنی دفتر قاضی حواهانها، تقاضای احضاریه، شکیفت و اطهاریه پرونده مربوطه را فراهمیکنیم

از دادگاه به حاطر توجه به این مسئله، تشکر می کنیم

تقدیم با احترام،

*امضا/ حری گلدمن*
وکیل دعاوی حری اس گلدمن

وکلای حواهان ها

رونوشت (از طریق ECF). جناب آقای جورح ب. دانیلر (George B Daniels)
کلیه وکلای رسمی پرونده

New York, NY ■ Los Angeles, CA ■ Stamford, CT ■ Washington, DC ■ Newark, NJ ■ Philadelphia, PA

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

In re.

TERRORIST ATTACKS ON
SEPTEMBER 11, 2001

**03-MDL-1570 (GBD)(SN)**

**NOTICE TO CONFORM TO**
**SUDAN CONSOLIDATED**
**AMENDED COMPLAINT OR**
***ASHTON* SUDAN AMENDED**
**COMPLAINT**

This document relates to
*Patricia Fennelly, et al v. Islamic Republic of Iran*, No. 1 23-cv-10824 (GBD)(SN)

Plaintiffs in the above-mentioned previously filed case file this Notice to Conform to the

[check only one]:

      ☒    Consolidated Amended Complaint as to the Republic of the Sudan ("SCAC"),
           ECF No. 6539

      ☐    the *Ashton* Amended Complaint as to Sudan Defendants in *Ashton v The*
           *Republic of the Sudan*, No. 02-CV-6977 (GBD)(SN), ECF No 6537 (in 03-md-
           1570) [hereinafter the *Ashton* Sudan Amended Complaint],

as permitted and approved by the Court's Order of December 1, 2020, ECF No. 6547 Upon

filing of this Notice to Conform, all Plaintiffs in the Complaint in *Patricia Fennelly, et al v*

*Islamic Republic of Iran*, No 1 23-cv-10824 (GBD)(SN) at ECF No. 1 (individual case docket

number), are deemed to include the factual allegations, jurisdictional allegations, and jury trial

demand of the SCAC or *Ashton* Sudan Amended Complaint (as selected above), as well as all

causes of action specified below. The complaint effected through this Notice to Conform

supplements by incorporation into, but does not displace, Plaintiffs' underlying Complaint. This

Notice to Conform relates solely to the Republic of the Sudan and does not apply to any other

defendant, as to which Plaintiffs' underlying Complaint and any amendments thereto are

controlling.

Upon filing this Notice to Conform, each Plaintiff is deemed to have adopted all factual

and jurisdictional allegations of the SCAC or *Ashton* Sudan Amended Complaint (as selected

1

docs-100657923 1

above), all prior filings in connection with the SCAC or *Ashton* Sudan Amended Complaint (as

selected above), and all prior Orders and rulings of the Court in connection with the SCAC or

*Ashton* Sudan Amended Complaint (as selected above)

## VENUE

1       Plaintiffs' case is part of the multi-district proceeding *In re Terrorist Attacks on*

*September 11, 2001*, 03-MDL-1570 (GBD)(SN), established by the Judicial Panel on

Multidistrict Litigation for coordinated or consolidated pre-trial proceedings in the United

States District Court for the Southern District of New York.

## IDENTIFICATION OF PLAINTIFFS

2       Plaintiffs filing this Notice to Conform are identified in the Complaint in

*Patricia Fennelly, et al v. Islamic Republic of Iran*, No 1 23-cv-10824 (GBD)(SN) at ECF

No. 1 (individual case docket number), and are incorporated herein by reference

3       Plaintiffs have described their particular injuries and the nexus between those

injuries and the September 11th attacks in their underlying Complaint, which allegations are

incorporated herein by reference.

## CAUSES OF ACTION

4       Plaintiffs hereby adopt and incorporate herein by reference the following

causes of action set forth in the SCAC, ECF No 6539, or *Ashton* Sudan Amended

Complaint, ECF No 6537 (as selected above) (check all that apply)

**[If Plaintiffs elected (above) to conform to the Consolidated Amended
Complaint as to the Republic of the Sudan ("SCAC"), ECF No. 6539,
check all causes of action that apply]:**

☒       COUNT **I** – Claims under Section 1605A(c) of the Foreign Sovereign
Immunities Act, 28 U S C § 1605A(c), on behalf of all Plaintiffs granted a

2

private right of action under 28 U.S C. § 1605A.[1]

☒ COUNT II – Claims under Section 1605A(d) of the Foreign Sovereign Immunities Act, 28 U S C. § 1605A(d), on behalf of all Plaintiffs granted a private right of action under 28 U S C § 1605A.[2]

☒ **COUNT III** – Aiding and Abetting and Conspiring with Al Qaeda to commit the September 11th Attacks upon the United States in Violation of 18 U S C § 2333(d) (JASTA), on behalf of all "U.S. National" Plaintiffs.[3]

☒ COUNT IV – Aiding and Abetting and Conspiring with Al Qaeda to commit the September 11th Attacks upon the United States in Violation of 18 U.S C § 2333(a), on behalf of all "U S. National" Plaintiffs

☒ COUNT V – Committing acts of international terrorism in violation of 18 U S C. § 2333, on behalf of all "U.S. National" Plaintiffs

☒ COUNT VI – Wrongful Death, on behalf of all plaintiffs bringing Wrongful Death claims.

☒ COUNT VII – Negligence, on behalf of all plaintiffs.

☒ COUNT VIII – Survival, on behalf of all plaintiffs bringing wrongful death claims

☒ COUNT IX – Alien Tort Claims Act, on behalf of all Alien National Plaintiffs [4]

☒ COUNT X – Assault and Battery, on behalf of all plaintiffs bringing wrongful death and personal injury claims.

☒ COUNT XI – Conspiracy, on behalf of all plaintiffs.

---

[1] Section 1605A of the Foreign Sovereign Immunities Act grants a right of action to (1) nationals of the United States, (2) members of the armed forces, (3) employees of the U S government (including individuals performing a contract awarded by the U S Government) acting within the scope of employment, and legal representatives of persons described in (1), (2), or (3)

[2] See preceding footnote

[3] The causes of action pursuant to the ATA, 18 U S C § 2331 et seq , are asserted on behalf of plaintiffs who are U S nationals, estates, heirs, and survivors of U.S nationals, U S nationals who are members of a putative class represented by such plaintiffs, plaintiffs who are subrogated to the rights of U S nationals who incurred physical injuries to property and related losses as a result of the September 11th attacks, and plaintiffs who are assignees of U S nationals killed or injured in the September 11th attacks The term "U S National Plaintiffs" in the context of claims under JASTA or the ATA refers to all such parties

[4] The causes of action pursuant to the Alien Tort Claims Act (ATCA), 28 U S C. § 1350, are asserted on behalf of plaintiffs who are alien nationals, estates, heirs, and survivors of alien nationals who are not themselves U S nationals, alien nationals who are members of a putative class represented by such plaintiffs; subrogated to the rights of alien nationals who incurred injuries to property and related losses as a result of the September 11th attacks, and assignees of alien nationals killed or injured in the September 11th attacks

☒    COUNT XII – Aiding and Abetting, on behalf of all plaintiffs

☒    COUNT XIII – Negligent and/or intentional infliction of emotional distress on
behalf of all plaintiffs

☒    COUNT XIV – Liability pursuant to Restatement (SECOND) of Torts § 317 and
Restatement (THIRD) of Agency § 7 05: Supervising Employees and Agents, on
behalf of all plaintiffs.

☒    COUNT XV – Liability pursuant to Restatement (SECOND) of Torts § 317 and
Restatement (THIRD) of Agency § 7 05· Hiring, Selecting, and Retaining
Employees and Agents, on Behalf of all plaintiffs

☒    COUNT XVI – 18 U.S.C. § 1962(a)-(d) – Civil RICO, on behalf of all plaintiffs.

☒    COUNT XVII – Trespass, on behalf of all plaintiffs asserting claims for property
damage and economic injuries.

☒    COUNT XVIII –Violations of international law, on behalf of all plaintiffs.

> **[If Plaintiffs elected (above) to conform to the *Ashton* Sudan
> Amended Complaint, ECF No. 6537, check all causes of action
> that apply]:**
>
> ☐    First Cause of Action to Recover Personal Injury and Wrongful
> Death Damages Pursuant to Section 1605A of the Foreign
> Sovereign Immunities Act, 28 U.S C § 1605A.
>
> ☐    Second Cause of Action to Recover Personal Injury and
> Wrongful Death Damages Pursuant to Section 1605B of the
> Foreign Sovereign Immunities Act, 28 U.S.C. § 1605B
> (JASTA) and the Anti-Terrorism Acts.
>
> ☐    Third Cause of Action for Personal Injury and Wrongful Death
> Injuries Pursuant to State Tort Law.
>
> ☐    Fourth Cause of Action for Personal Injury and Wrongful
> Death Damages Pursuant to the Alien tort Claims Act.
>
> ☐    Fifth Cause of Action for Punitive Damages
>
> ☐    Sixth Cause of Action for Property Damage.

Plaintiffs' constituent case shall be deemed subject to any motion to dismiss the SCAC or

the *Ashton* Sudan Amended Complaint, or answer to the SCAC or *Ashton* Sudan Amended

Complaint filed by Sudan By way of filing this Notice, Plaintiffs shall not be deemed to have

4

docs 100657923.1

adopted any class-action allegations set forth in the SCAC or *Ashton* Sudan Amended Complaint,

waived any right to object to class certification, or opted out of any certified class. This Notice

also does not serve as a request for exclusion from any class that the Court may certify

Dated· December 18, 2023                    Respectfully submitted,

                                            */s/ Jerry S  Goldman*
                                            Jerry S  Goldman, Esq
                                            Bruce Strong, Esq.
                                            Alexander Greene, Esq.
                                            **ANDERSON KILL P.C.**
                                            1251 Avenue of the Americas
                                            New York, NY 10020
                                            Telephone· (212) 278-1000
                                            jgoldman@andersonkill.com
                                            bstrong@andersonkill.com
                                            agreene@andersonkill.com
                                            *Attorneys for Plaintiffs*

docs 100657923 1

<div dir="rtl">

**دادگاه ناحیه‌ای ایالات متحده منطقه جنوبی نیویورک**

| | |
|---|---|
| **03-MDL-1570 (GBD)(SN)**<br><br>**اطلاعیه برای انطباق با شکایت اصلاح شده تلفیقی سودان با شکایت اصلاح شده آشتون سودان** | عطف به<br><br>حملات تروریستی 11 سپتامبر 2001 |

این سند مربوط است به:

*پتریشیا فنلی (Patricia Fennelly) و دیگران علیه جمهوری اسلامی ایران، شماره* (SN) (GBD) 1.23-cv-10824

خواهان‌ها در پرونده‌ای که قبلاً در بالا ذکر شد، این احطار را برای مطابقت با

[فقط یک مورد را علامت بزنید]

☒ شکایت اصلاحی تلفیقی در مورد جمهوری سودان ("SCAC")، ECF شماره 6539 طرح می‌کند.

☐ شکایت اصلاحی *آشتون (Ashton)* در مورد متهمان سودانی در پرونده *آشتون (Ashton) علیه جمهوری سودان،* شماره (SN) (GBD) 02-CV-6977، ECF شماره 6537 (در 03-md-1570) [از این به بعد *شکایت اصلاحی آشتون* سودان خوانده می‌شود]،

طبق دستور دادگاه در 1 دسامبر 2020، شماره ECF 6547 محار و تأیید شده است. پس از طرح این شکایت جهت انطباق، کلیه خواهان‌ها در شکایت *پتریشیا فنلی (Patricia Fennelly) و دیگران علیه جمهوری اسلامی ایران،* شماره -cv-1:23 (GBD)(SN) 10824 در ECF شماره 1 (شماره پرونده انفرادی)، در نظر گرفته می‌شود که شامل ادعاهای واقعی، ادعاهای قضایی و تقاضای محاکمه هیئت منصفه شکایت اصلاحی SCAC یا *آشتون سودان (Ashton Sudan)* (همانطور که در بالا انتخاب شده است) و همچنین همه دلایل اقدام که در زیر مشخص شده است، می‌باشد. شکایتی که از طریق این احطار برای انطباق با الحاق به شکایت اساسی خواهان‌ها انجام می‌شود، اما حایگزین آنها نمی شود. این اعلامیه برای انطباق صرفاً به جمهوری سودان مربوط می شود و در مورد هیچ متهم دیگری اعمال نمی شود، زیرا شکایت اساسی خواهان‌ها و هرگونه اصلاحیه در ان کنترل می شود

پس از تسلیم این اخطار برای انطباق، تلقی می‌شود که هر شاکی تمام ادعاهای واقعی و قسمایی مربوط به شکایت اصلاح شده SCAC یا اشتون سودان (همانطور که در بالا انتخاب شد) را پذیرفته است. کلیه پرونده های قبلی در ارتباط با شکایت اصلاح شده SCAC یا اشتون سودان (همانطور که در بالا انتخاب شده است). و تمام دستورات و احکام قبلی دادگاه در ارتباط با شکایت اصلاح شده SCAC یا اشتون سودان (به عنوان انتخاب شده در بالا).

**مکان**

1    پرونده خواهان‌ها بخشی از روند رسیدگی چند منطقه‌ای در حملات *تروریستی محدد در 11 سپتامبر*

1

</div>

*2001* ، (GBD)(SN) 03-MDL-1570 است که توسط هیئت قضایی در دعاوی چند منطقه‌ای برای رسیدگی‌های پیش از

محاکمه هماهنگ یا تلفیقی در دادگاه منطقه‌ای ایالات متحده برای ناحیه جنوبی نیویورک تشکیل شده است.

## هویت خواهان‌ها

2.    خواهان‌های مطرح‌کننده این ابلاغیه برای انطباق در پرونده *پاتریشیا فِنلی (Patricia Fennelly)* و

دیگر*ان علیه جمهوری اسلامی ایران*، شماره (SN)(GBD) 23-cv-10824 1 در ECF شماره 1 (شماره پرونده انفرادی)

شناسایی شده‌اند و در اینجا از طریق ارجاع گنجانده شده‌اند.

3    خواهان‌ها جراحات حاصل خود و رابطه بین آن صدمات و حملات 11 سپتامبر را در شکایت اصلی خود

شرح داده اند، که ادعاها در اینجا با ارجاع گنجانده شده است.

## علل اقدام

4.    خواهان‌ها بدین‌وسیله دلایل دعوی زیر را که در شکایت اصلاحی تلفیقی SCAC ECF شماره 6539 یا

شکایت اصلاح شده *اشتون* سودان، ECF شماره 6537 ذکر شده است، با ارجاع در اینجا می‌پذیرند (تمام موارد قابل اطلاق

را علامت بزنید)·

### [اگر خواهان‌ها (در بالا) برای مطابقت با شکایت اصلاح شده تلفیقی در مورد جمهوری سودان ("ECF"، "SCAC") شماره 6539 انتخاب شدند، همه دلایل اعمال را بررسی کنید]:

☒    مورد I ـ ادعاهای تحت بخش (c)1605A قانون مصوونیت‌های حاکمیت خارجی، 28 U S C § (c)1605A ، نه نمایندگی از کلیه خواهان‌ها، حق اقدام خصوصی تحت 1605A 28 U.S.C. § اعطا شده است.[1]

☒    مورد II ـ دعاوی در اساس بخش (d)1605A قانون مصوونیت های حاکمیت خارجی، 28 U.S.C § (d)1605A ، از طرف همه خواهان ها حق دعوی خصوصی تحت 1605A 28 U.S.C. § اعطا شده است.[2]

☒    مورد III ـ کمک و مشارکت و توطئه با القاعده برای ارتکاب حملات[1]1 سپتامبر به ایالات متحده در نقض (JASTA) 2333 (d) § 18 U S C، از طرف کلیه خواهان‌های «ملی ایالات متحده».[3]

---

[1]    بخش 1605A مصونیت‌های حاکمیت خارجی حق اقدام را به (1) اتباع ایالات متحده، (2) اعضای نیروهای مسلح، (3) کارمندان دولت ایالات متحده (از حمله افرادی که قرارداد منعقد شده را انجام می‌دهد) اعطا می‌کند توسط دولت ایالات متحده) که در محدوده شغلی عمل می کند، و نمایندگان قانونی اشخاص شرح داده شده در (2) ،(1)؛ یا (3).

[2]    به پاورقی قبل مراجعه کنید

[3]    دلایل دعوی طبق 2331§ 18 USC ،ATA و دِه، از طرف خواهان‌های که فداع ایالات متحده هستند نهال می شود  اموال، واریان و دارماندگان اتباع ایالات متحده! اتباع ایالات متحده که اهسای یک طلقه فرهسی هستند که توسط چنین خواهان‌های نمایندگی می شود  خواهان‌های که جابگزین حقوق اتباع ایالات متحده می شوند که در نتیجه حملات 11 سپتامبر متحمل صدمات فیزیکی به اموال و خسارات مربوط به آن شده اند  و خواهان‌های که ماموری‌کی کشته یا مجروح در حملات 11 سپتامبر هستند. اصطلاح «خواهان‌ها ملی ایالات متحده» در زمینه دعاوی تحت JASTA یا ATA نه همه این طرف‌ها اشاره دارد

2

☒ مورد IV ـ کمک و مشارکت و توطئه با القاعده برای انجام حملات 11 سپتامبر به ایالات متحده در نقض 2333(a) § 18 U S C، از طرف همه حواهان های "ملی ایالات متحده

☒ مورد V ـ ارتکاب اقدامات تروریستی بین‌المللی در نقض 2333 § 18 U S.C، به نمایندگی از کلیه حواهان‌های «ملی ایالات متحده»

☒ مورد VI ـ مرگ نادرست، از طرف همه شاکیانی که ادعاهای مرگ نادرست را مطرح می کنند.

☒ مورد VII ـ سهل انگاری، از طرف کلیه حواهان‌ها.

☒ مورد VIII ـ دعا، از طرف همه شاکیانی که ادعای مرگ نادرست را مطرح می کنند.

☒ مورد IX ـ قانون دعاوی حرم دیگانه، به نمایندگی از همه حواهان های ملی دیگانه.[4]

☒ مورد X ـ حمله و آشبار، از طرف همه حواهان هایی که ادعاهای مرگ و صدمات شخصی عیرقانونی را مطرح می کنند

☒ مورد XI ـ توطئه، از طرف همه خواهان ها.

☒ مورد XII ـ کمک و مشارکت، از طرف همه حواهان ها

☒ مورد XIII ـ ایجاد علت و یا عمد پریشتی عاطهی از طرف همه خواهان ها.

☒ مورد XIV ـ مسئولیت مطابق با تحدید ارائه (SECOND) تخفعات 317 § و تجدید ارائه (سوم) نمایندگی 7.05 §. نظارت بر کارمندان و نمایندگان به نمایندگی به همه حواهان‌ها

☒ مورد XV ـ مسئولیت مطابق با تحدید ارائه (SECOND) تطعات 317 § و تحدید ارائه (سوم) نمایندگی 05 7 ۰ استحدام، انتخاب و حفظ کارمندان و نمایندگان، از طرف همه خواهان‌ها.

☒ مورد RICO ـ (d)-(a) 1962 .U.S.C 18 – XVI مدنی، به نمایندگی همه حواهان ها

☒ مورد XVII ـ تحاوز، از طرف همه حواهان هایی که ادعای حسارت مالی و صدمات اقتصادی را دارند

☒ مورد XVIII ـ نقض قوانین دین‌المللی، از طرف همه حواهان ها.

**[اگر خواهان‌ها (در بالا) برای انطباق با شکایت اصلاح شده اشتون سودان، شماره ECF شماره 6537 انتخاب شدند، همه دلایل اعمال را بررسی کنید]:**

☐ اولین علت اقدام برای نازیابی صدمات شخصی و حسارات نادرست مرگ بر اساس بخش 1605A قانون مصونیت های حاکمیت خارجی، 1605A § 28 USC

☐ علت دوم اقدام برای نازیابی صدمات شخصی و حسارات نادرست مرگ در اساس بخش

---

[4] دلایل دعوی طبق قانون ادعاهای نجات بیگانه (1350 § 28 USC ‹ATCA›، از طرف حواهان‌های که اتباع بیگانه هستند بیان می شود اموال، وارثان، و دارندگان اتباع بیگانه که خورد کنه اولات، متحده نیستند اتباع بیگانه که احضاری یک طبقه فرضی هستند که تورنط چانین حواهان‌های نمایندگی می شود. حولگزین حقوق اتباع بیگانه ای که در نتیجه حملات 11 سپتامبر متحمل صدمات به اموال و جسارات ناشی از آن شده اند و ملوزهای اتباع‌بیگانه که در حملات 11 سپتامبر کشته یا زخمی شدند.

1605B قانون مصونیت های حاکمیت خارجی، (JASTA) 28 USC § 1605B) و قوانین ضد تروریسم

☐    علت سوم برای صدمات شخصی و صدمات غیرقانونی فوت بر اساس قانون تخلفات دولتی

☐    چهارمین علت دعوی برای صدمات حائی و خسارات ناشی از مرگ بر اساس قانون ادعاهای جرم نیگانه.

☐    علت پنجم برای خسارات تعزیری

☐    علت ششم دعوی حسارت مال.

پرونده‌های تشکیل‌دهنده حواهان ها مشروط به هرگونه درحواست برای رد SCAC یا شکایت اصلاح شده *اشتور*، سودان یا پلسح به شکایت اصلاحی SCAC یا *اشتور* سودان است که توسط سودان مطرح شده است  با تسلیم این اعلامیه، تلقی نمی‌شود که حواهان ها هرگونه ادعای دستهندی مندرج در شکایت اصلاحی SCAC یا *اشتور* سودان را پذیرفته باشند، از هرگونه حق اعتراض به گواهیهامه کلاس چشم پوشی کرده باشند، یا از هر کلاس تایید شده انصراف داده باشند  این اعلامیه همچنین به عنوان درحواستی برای حذف از هر طبقه ای که دادگاه ممکن است تأیید کند، عمل نمی کند.

تاریخ: 18 دسامبر 2023                با کمال احترام ارسال شده است،

*امضا/جری اس. گلدمن*
وکیل دعاوی جری اس. گلدمن
Bruce Strong، وکیل دعاوی
Alexander Greene، وکیل دعاوی
شرکت ANDERSON KILL،
1251 Avenue of the Americas
New York, NY 10020
تلفن. (212) 278-1000
jgoldman@andersonkill.com
bstrong@andersonkill com
agreene@andersonkill.com
وکلای حواهان‌ها

4

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

In re:

    TERRORIST ATTACKS ON
    SEPTEMBER 11, 2001

03 MDL 1570 (GBD) (SN)

**NOTICE TO CONFORM TO
CONSOLIDATED AMENDED
COMPLAINT**

This document relates to·
*Patricia Fennelly, et al. v. Islamic Republic of Iran*, No 1 23-cv-10824 (GBD)(SN)

Plaintiffs in the above-mentioned previously filed cases file this Notice to Conform to the

Consolidated Amended Complaint as to the Kingdom of Saudi Arabia, ECF No 3463, as permitted

and approved by the Court's Order of October 27, 2019, ECF No. 5234. Upon filing of this Notice

to Conform, all Plaintiffs in the Complaint in *Patricia Fennelly, et al. v Islamic Republic of Iran*,

No 1 23-cv-10824 (GBD)(SN) at ECF No. 1 (individual case docket number), are deemed amended to

include the factual allegations, jurisdictional allegations, and jury trial demand of the Consolidated

Amended Complaint, as well as all causes of action specified below The amendment effected

through this Notice to Conform supplements by incorporation into, but does not displace,

Plaintiffs' underlying pleadings. This Notice to Conform relates solely to the Kingdom of Saudi

Arabia and does not apply to any other defendant, as to which Plaintiffs' underlying pleadings and

any amendments thereto are controlling

Upon filing this Notice to Conform, each Plaintiff is deemed to have adopted all factual

and jurisdictional allegations of the Consolidated Amended Complaint; all prior filings in

connection with the Consolidated Amended Complaint; and all prior Orders and rulings of the

Court in connection with the Consolidated Amended Complaint.

docs-100657922.1

## VENUE

1.      Plaintiffs' case is part of the multi-district proceeding In re Terrorist Attacks on
September 11, 2001, 03-MDL-1570 (GBD)(SN), established by the Judicial Panel on Multidistrict
Litigation for coordinated or consolidated pre-trial proceedings in the United States District Court
for the Southern District of New York.

## IDENTIFICATION OF PLAINTIFFS

2       Plaintiffs filing this Notice to Conform are identified in the Complaint in *Patricia
Fennelly, et al v Islamic Republic of Iran*, No. 1:23-cv-10824 (GBD)(SN) at ECF No 1 (individual
case docket number), and are incorporated herein by reference.

3       Plaintiffs have described their particular injuries and the nexus between those
injuries and the September 11th attacks in their underlying pleadings, which allegations are
incorporated herein by reference

## CAUSES OF ACTION

4.      Plaintiffs hereby adopt and incorporate herein by reference the following causes of
action set forth in the Consolidated Amended Complaint, ECF No 3463 (check all that apply):

> ☒       COUNT I – Aiding and Abetting and Conspiring with Al Qaeda to
> Commit the September 11th Attacks upon the United States in violation
> of 18 U S C § 2333(d) (JASTA).

> ☒       COUNT II – Aiding and Abetting and Conspiring with Al Qaeda to
> Commit the September 11th Attacks upon the United States in violation
> of 18 U.S C. § 2333(a).

> ☒       COUNT III – Committing Acts of International Terrorism in violation
> of 18 U S.C § 2333.

> ☒       COUNT IV – Wrongful Death.

> ☒       COUNT VI – Alien Tort Claims Act.

> ☒       COUNT VII – Assault and Battery

> ☒       COUNT VIII – Conspiracy.

2

☒    COUNT IX – Aiding and Abetting.

☒    COUNT X – Intentional Infliction of Emotional Distress

☒    COUNT XII – Liability Pursuant to Restatement (Second) of Torts § 317 and Restatement (Third) of Agency § 7 05· Supervising Employees and Agents

☒    COUNT XIII – Liability Pursuant to Restatement (Second) of Torts § 317 and Restatement (Third) of Agency § 7 05: Hiring, Selecting, and Retaining Employees and Agents.

☒    COUNT XIV – 18 U.S.C. § 1962(a)–(d) – CIVIL RICO.

☒    COUNT XV – Trespass

☒    COUNT XVI – Violations of International Law

Plaintiffs' constituent case shall be deemed subject to any motion to dismiss the Consolidated Amended Complaint or answer to the Consolidated Amended Complaint filed by the Kingdom of Saudi Arabia. By way of filing this Notice, Plaintiffs shall not be deemed to have adopted any class-action allegations set forth in the Consolidated Amended Complaint, waived any right to object to class certification, or opted out of any certified class. This Notice also does not serve as a request for exclusion from any class that the Court may certify

Dated· December 18, 2023

Respectfully submitted,

/s/ Jerry S Goldman

Jerry S. Goldman, Esq.
Bruce Strong, Esq.
Alexander Greene, Esq
**ANDERSON KILL P.C.**
1251 Avenue of the Americas
New York, NY 10020
Telephone: (212) 278-1000
jgoldman@andersonkill.com
bstrong@andersonkill.com
agreene@andersonkill.com
*Attorneys for Plaintiffs*

3

دادگاه ناحیه‌ای ایالات متحده منطقه جنوبی نیویورک

03 MDL 1570 (GBD) (SN)

اطلاعیه برای مطابقت با شکایت اصلاح شده تلفیقی

عطف به:

حملات تروریستی 11 سپتامبر 2001

این سند مربوط است به:

پاتریشیا فنلی (Patricia Fennelly) و دیگران علیه جمهوری اسلامی ایران، شماره (SN) (GBD) 10824-cv-23:1

خواهان‌ها در پرونده‌ای که قبلاً در بالا نکر شد، این اخطار را برای مطابقت با

شکایت اسلامی تلفیقی در مورد پادشاهی عربستان سعودی، ECF شماره 3463، مطابق با محور و تأیید حکم دادگاه در 27

اکتبر ECF، 2019 شماره 5234 طرح می‌کنند.  پس از طرح این شکایت جهت انطباق، کلیه خواهان‌ها در شکایت پاتریشیا

فنلی(Patricia Fennelly) و دیگران علیه جمهوری اسلامی ایران، شماره (SN)(GBD) 10824-cv-23 1 در ECF

شماره 1 (شماره پرونده انفرادی)، در بطر گرفته می‌شود که شامل ادعاهای واقعی، ادعاهای قضایی و تقاضای محاکمه هیئت

منصفه شکایت اصلاحی‌SCAC یا اشتون سودان (Ashton Sudan) (همانطور که در بالا انتخاب شده است) و همچنین همه

دلایل اقدام که در زیر مشخص شده است، می‌باشد. اصلاحیه‌ای که از طریق این ابلاغیه اصلاحیه نافد می‌شود، با درج در

شکایت اصلی مکمل آن خواهد بود اما حایگزین آن نمی‌شود  این ابلاعیه برای انطباق صرفاً نه پادشاهی عربستان سعودی

مربوط می شود و در مورد هیچ متهم دیگری اعمال نمی شود، زیرا ادعاهای اساسی خواهان ها و هرگونه اصلاحیه در آن

کنترل می شود.

پس از تسلیم این اخطار برای انطباق، تلقی می‌شود که هر شاکی تمام ادعاهای واقعی و قضایی شکایت اصلاحی

تلفیقی را پذیرفته است. کلیه پرونده های قبلی در ارتباط با شکایت اصلاح شده تلفیقی، و کلیه احکام و احکام قبلی دادگاه در

رابطه با شکایت اصلاحی تلفیقی.

**مکان**

1        پرونده خواهان ها نحشی از روند رسیدگی چند منطقه ای در حملات تروریستی محدد در 11 سپتامبر

(SN) (GBD) 03-MDL-1570 ، 2001 است که توسط هیئت قصایی در دعاوی چند ناحیه ای برای رسیدگی های پیش از

محاکمه هماهنگ یا تلفیمی در دادگاه منطقه ای ایالات متحده برای ناحیه جنوبی نیویورک.

**هویت خواهان‌ها**

2.    حواهان‌های مطرح‌کننده این اعلامیه برای انطباق در پرونده *پاتریشیا فنلی* (*Patricia Fennelly*) و

دیگران *علیه جمهوری اسلامی ایران*، شماره (SN)(GBD) 1.23-cv-10824 در ECF شماره 1 (شماره پرونده انفرادی)

شناسایی شده‌اند و در اینجا از طریق ارجاع گنجانده شده‌اند

3.    خواهان‌ها جراحات خاص خود و رابطه بین آن صدمات و حملات 11 سپتامبر را در دادخواست‌های

اساسی خود شرح داده‌اند، که این ادعاها در اینجا با ارجاع گنجانده شده است

## علل اقدام

4    خواهان‌ها بدین‌وسیله دلایل اقدامات زیر را که در شکایت اصلاحی تلفیقی، شماره ECF 3463 ذکر شده

است، با ارجاع در اینجا می‌پذیرند (همه مواردی که اعمال می‌شوند را بررسی کنید)

☒    مورد I - کمک و مشارکت و توطئه با القاعده برای انجام حملات 11 سپتامبر علیه ایالات متحده
در نقض (JASTA) 18 USC § 2333(d).

☒    مورد II - کمک و مشارکت و توطئه با القاعده برای انجام حملات 11 سپتامبر به ایالات متحده
که نقض 18 USC § 2333 (a) است.

☒    مورد III - ارتکاب اعمال تروریستی بین‌المللی در نقض 18 USC § 2333

☒    مورد IV - مرگ نادرست.

☒    مورد VI - قانون ادعاهای تخلف بیگانه.

☒    مورد VII - حمله و باتری.

☒    مورد VIII - توطئه

☒    مورد IX - کمک و مشارکت.

☒    مورد X - ایجاد عمدی پریشانی عاطفی.

☒    مورد XII - مسئولیت بر اساس بیان مجدد (دوم) شبه جرم‌ها § 317 و بیان مجدد (سوم) عاملیت
§ 7.05: نظارت بر کارمندان و نمایندگان.

☒    مورد XIII - مسئولیت بر اساس بیان مجدد (دوم) تخلفات § 317 و بیان مجدد (سوم) § 7.05
آژانس § 7.05: استخدام، انتخاب و حفظ کارمندان و نمایندگان.

☒    COUNT XIV - 18 USC § 1962 (a) - (d) - CIVIL RICO.

☒    مورد XV – تجاوز به حریم خصوصی.

2

☒    مورد XVI - نقص حقوق بین‌الملل

پرونده تشکیل دهنده حواهان ها مشروط به هرگونه درخواست برای رد شکایت اصلاح شده تلفیقی یا پاسخ به شکایت اصلاح شده تلفیقی ارائه شده توسط پادشاهی عربستان سعودی تلمی می شود  از طریق تسلیم این احطار، تلقی نمی‌شود که حواهان ها ادعاهای نستعندی مندرج در شکایت اصلاحی تلفیقی را پذیرفته‌اند، از هر گونه حق اعتراض به گواهینامه کلاس چشم پوشی کرده باشند، یا از هر کلاس تایید شده انصراف داده باشند.  این ابلاغیه همچنین به عنوان درخواستی برای حذف از هر طبقه ای که دادگاه ممکن است تایید کند، عمل نمی کند.

تاریخ: 18 دسامبر 2023                                        با کمال احترام ارسال شده است،

_/امضا / جری اس. گلدمن_
وکیل دعاوی جری اس. گلدمن
Bruce Strong، وکیل دعاوی
Alexander Greene، وکیل دعاوی
شرکت ANDERSON KILL،
1251 Avenue of the Americas
New York, NY 10020
تلفن: 278-1000 (212)
jgoldman@andersonkill.com
bstrong@andersonkill.com
agreene@andersonkill.com
وکلای حواهان‌ها

3

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Terrorist Attacks on September 11, 2001 | As it relates to 03 MDL 1570 (GBD)(SN) |
| PATRICIA FENNELLY, et al.,<br><br>PLAINTIFFS,<br><br>v.<br><br>ISLAMIC REPUBLIC OF IRAN,<br><br>DEFENDANT. | Civil Docket Number: 1:23-cv-10824 (GBD)(SN) |

## NOTICE OF SUIT

| | | |
|---|---|---|
| 1. | Title of legal proceeding: | *Patricia Fennelly, et al v Islamic Republic of Iran* |
| 2. | Full Name of Court: | United States District Court for the Southern District of New York |
| 3. | Docket Number: | 1:23-cv-10824 (GBD)(SN) |
| 4. | Judges: | Hon. George B. Daniels |
| | | Hon. Judge Sarah Netburn |
| 5. | Name of foreign state concerned: | The Islamic Republic of Iran |
| 6 | Identity of the other Parties: | None |
| 7. | Nature of documents served: | Summonses, Complaint, and Amended Complaint (in English and Farsi) |
| 8. | Nature and Purpose of Proceedings: | Action to recover for wrongful death, and other injuries resulting from the terrorist attack upon the United States of America on September 11th, 2001. The Islamic Republic of Iran has been sued based on its participation in a conspiracy with other parties to commit acts of international terrorism against the United States, its nationals and allies, and the provision of material support to those engaging in/planning terrorist activities, of which the September 11th Attack was a direct, intended, and foreseeable product. |

9    A response to a "Summons" and "Complaint" is required to be submitted to the court, not later than sixty (60) days after these documents are received. The response may present jurisdictional defenses (including defenses relating to state immunity).

10.   The failure to submit a timely response with the court can result in a Default Judgment and a request for execution to satisfy the judgment. If a default judgment has been entered, a procedure may be available to vacate or open that judgment.

11.   Questions relating to state immunities and to the jurisdiction of United States courts over foreign states are governed by the Foreign Sovereign Immunities Act of 1976, which appears in sections 1330, 1391(f), 1441(d), and 1602 through 1611, of Title 28, United States Code (Pub. L. 94–583; 90 Stat. 2891)   These sections of the United States Code are attached in English and Farsi.

Dated·  January 18, 2024

/s/ *Jerry S. Goldman*
_____
Jerry S. Goldman, Esq.
Anderson Kill P.C.
1251 Avenue of the Americas
New York, New York 10020
Telephone: (212) 278-1000
jgoldman@andersonkill.com
*Attorneys for Plaintiffs*

دادگاه منطقه‌ای ایالات متحده
منطقه جنوبی نیویورک

| مربوط به (GBD)(SN) 03 MDL 1570 | دارگشت به حملات تروریستی 11 سپتامبر 2001 |
|---|---|
| شماره پرونده مدنی، 1:23-cv-10824 (SN)(GBD) | پاتریشیا فنلی (PATRICIA FENNELLY) و دیگران، |
| | حواهان‌ها، |
| | علیه |
| | جمهوری اسلامی ایران، |
| | خوابده. |

## ابلاغیه اقامه دعوی

| | | |
|---|---|---|
| 1. | عنوان دادرسی حقوقی: | پاتریشیا فنلی (PATRICIA FENNELLY) و دیگران علیه جمهوری اسلامی ایران |
| 2. | نام کامل دادگاه | دادگاه ناحیه‌ای ایالات متحده جهت ناحیه جنوب نیویورک |
| 3. | شماره دفتر ثبت دعاوی: | (SN)(GBD) 1:23-cv-10824 |
| 4. | قضات: | محترم جورج بی. دانیلز |
| | | محترم قاضی سارا نتبرن |
| 5. | نام دولت خارجی مربوطه: | جمهوری اسلامی ایران |
| 6. | هویت طرفین دیگر | وجود ندارد |
| 7. | ماهیت اسناد ابلاغ شده: | احضار، شکایت و شکایت اصلاحی (به انگلیسی و فارسی) |
| 8. | ماهیت و هدف دادرسی‌ها: | اقدام برای جبران خسارت قتل عیر عمد، و سایر جراحات ناشی از حمله تروریستی به ایالات متحده آمریکا در 11 سپتامبر 2001. جمهوری اسلامی ایران به دلیل مشارکت خود در زمینه توطئه‌چینی با سایر طرفین برای تحقق اقدامات تروریستی بین‌المللی علیه ایالات متحده، اتباع و متحدانش و ارائه حمایت عمده به کسانی که در فعالیت‌های تروریستی/برنامه‌ریزی‌های آنها دخالت داشته‌اند، و حمله 11 سپتامبر نتیجه مستقیم، عامدانه و قابل پیش‌بینی چنین فعالیت‌هایی بوده مورد پیگرد قرار گرفته است. |

9. پاسخ به "احضار" و "شکایت" باید حداکثر شصت (60) روز پس از دریافت این اسناد به دادگاه ارائه شود. پاسخ می‌تواند همراه با ارائه دفاعیه قصایی (از حمله دفاع مربوط به مصونیت دولتی) باشد.

10  عدم ارائه پاسخ به موقع به دادگاه می‌تواند منجر به صدور حکم غیابی و درخواست اجرای حکم شود. اگر حکم غیابی صادر شده باشد، ممکن است برای ابطال یا ورود به ان حکم رویه‌ای وجود داشته باشد.

11  سوالات مربوط به مصونیت دولتی و صلاحیت قضایی دادگاه‌های ایالات متحده نسبت به کشورهای خارجی بر اساس قانون مصونیت حاکمیت خارجی سال 1976 در بخش‌های (d)1441، (f)1391،1330، و 1602 تا 1611، عنوان 28 قانون ایالات متحده مورد رسیدگی قرار می‌گیرد (Pub. L. 94-583, 90 Stat. 2891)  این بخش‌های قوانین ایالات متحده به زبان انگلیسی و فارسی پیوست هستند.

تاریخ:    18 ژانویه 2024

امضا/ جری اس. گلدمن

وکیل دعاوی جری اس. گلدمن

Anderson Kill P.C.

1251 Avenue of the Americas

New York, New York 10020

تلفن:1000-278 (212)

jgoldman@andersonkill.com

وکلای خواهان‌ها

2

### I.   28 USCS § 1330

Current through PL 115-108, approved 1/8/18, with gaps of PL's 115 91 and 115 97.

*United States Code Service - Titles 1 through 54 > TITLE 28. JUDICIARY AND JUDICIAL PROCEDURE > PART IV. JURISDICTION AND VENUE > CHAPTER 85. DISTRICT COURTS; JURISDICTION*

## § 1330. Actions against foreign states

(a) The district courts shall have original jurisdiction without regard to amount in controversy of any nonjury civil action against a foreign state as defined in section 1603(a) of this *title [28 USCS § 1603(a)]* as to any claim for relief in personam with respect to which the foreign state is not entitled to immunity either under sections 1605 1607 of this *title [28 USCS §§ 1605-1607]* or under any applicable international agreement.

(b) Personal jurisdiction over a foreign state shall exist as to every claim for relief over which the district courts have jurisdiction under subsection (a) where service has been made under section 1608 of this *title [28 USC § 1608]*

(c) For purposes of subsection (b), an appearance by a foreign state does not confer personal jurisdiction with respect to any claim for relief not arising out of any transaction or occurrence enumerated in sections 1605-1607 of this *title [28 USCS §§ 1605-1607]*

### II.   28 USCS § 1391

Current through PL 115-108, approved 1/8/18, with gaps of PL's 115-91 and 115-97.

*United States Code Service - Titles 1 through 54 > TITLE 28. JUDICIARY AND JUDICIAL PROCEDURE > PART IV. JURISDICTION AND VENUE > CHAPTER 87. DISTRICT COURTS; VENUE*

## § 1391. Venue generally

(f) Civil actions against a foreign state. A civil action against a foreign state as defined in section 1603(a) of this *title [28 USCS § 1603(a)]* may be brought--

(1) in any judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated,

(2) in any judicial district in which the vessel or cargo of a foreign state is situated, if the claim is asserted under section 1605(b) of this *title [28 USCS § 1605(b)]*;

(3) in any judicial district in which the agency or instrumentality is licensed to do business or is doing business, if the action is brought against an agency or

instrumentality of a foreign state as defined in section 1603(b) of this *title [28 USCS § 1603(b)]*; or

(4) in the United States District Court for the District of Columbia if the action is brought against a foreign state or political subdivision thereof.

## 28 USCS § 1441

Current through PL 115-108, approved 1/8/18, with gaps of PL's 115-91 and 115-97.

*United States Code Service - Titles 1 through 54 > TITLE 28. JUDICIARY AND JUDICIAL PROCEDURE > PART IV. JURISDICTION AND VENUE > CHAPTER 89. DISTRICT COURTS; REMOVAL OF CASES FROM STATE COURTS*

## § 1441. Removal of civil actions

(d) Actions against foreign states. Any civil action brought in a State court against a foreign state as defined in section 1603(a) of this *title [28 USCS § 1603(a)]* may be removed by the foreign state to the district court of the United States for the district and division embracing the place where such action is pending. Upon removal the action shall be tried by the court without jury. Where removal is based upon this subsection, the time limitations of section 1446(b) of this chapter [28 USCS § 1446(b)] may be enlarged at any time for cause shown

### 28 USCS § 1602
### Current through PL 115-151, approved 6/5/18

*United States Code Service - Titles 1 through 54*
*TITLE 28. JUDICIARY AND JUDICIAL PROCEDURE - PART IV. JURISDICTION AND VENUE CHAPTER 97.*
*JURISDICTIONAL IMMUNITIES OF FOREIGN STATES*

## § 1602. Findings and declaration of purpose

The Congress finds that the determination by United States courts of the claims of foreign states to immunity from the jurisdiction of such courts would serve the interests of justice and would protect the rights of both foreign states and litigants in United States courts. Under international law, states are not immune from the jurisdiction of foreign courts insofar as their commercial activities are concerned, and their commercial property may be levied upon for the satisfaction of judgments rendered against them in connection with their commercial activities. Claims of foreign states to immunity should henceforth be decided by courts of the United States and of the States in conformity with the principles set forth in this chapter [28 USCS §§ 1602 et seq.]

## 28 USCS § 1603
### Current through PL 115-181, approved 6/5/18

United States Code Service - Titles 1 through 54
**TITLE 28. JUDICIARY AND JUDICIAL PROCEDURE PART IV. JURISDICTION AND VENUE CHAPTER 97.**
**JURISDICTIONAL IMMUNITIES OF FOREIGN STATES**

### § 1603. Definitions

For purposes of this chapter [28 USCS §§ 1602 et seq.]

(a) A "foreign state", except as used in section 1608 of this title [28 USCS § 1608], includes a political subdivision of a foreign state or an agency or instrumentality of a foreign state as defined in subsection (b).

(b) An "agency or instrumentality of a foreign state" means any entity—

(1) which is a separate legal person, corporate or otherwise, and

(2) which is an organ of a foreign state or political subdivision thereof, or a majority of whose shares or other ownership interest is owned by a foreign state or political subdivision thereof, and

(3) which is neither a citizen of a State of the United States as defined in section 1332(c) and (e) of this title [28 USCS § 1332(c) and (e)] nor created under the laws of any third country.

(c) The "United States" includes all territory and waters, continental or insular, subject to the jurisdiction of the United States.

(d) A "commercial activity" means either a regular course of commercial conduct or a particular commercial transaction or act. The commercial character of an activity shall be determined by reference to the nature of the course of conduct or particular transaction or act, rather than by reference to its purpose.

(e) A "commercial activity carried on in the United States by a foreign state" means commercial activity carried on by such state and having substantial contact with the United States.

### 28 USCS § 1604
### Current through PL 115-181, approved 6/5/18

United States Code Service - Titles 1 through 54 TITLE 28.
**JUDICIARY AND JUDICIAL PROCEDURE PART IV. JURISDICTION AND VENUE**
**CHAPTER 97. JURISDICTIONAL IMMUNITIES OF FOREIGN STATES**

### § 1604. Immunity of a foreign state from jurisdiction

Subject to existing international agreements to which the United States is a party at the time of enactment of this Act [enacted Oct 21, 1976] a foreign state shall be immune from

the jurisdiction of the courts of the United States and of the States except as provided in sections 1605-1607 of this chapter [28 USCS §§ 1605-1607].

## 28 USCS § 1605
### Current through PL 115-181, approved 6/5/18

United States Code Service - Titles 1 through 54 TITLE 28.
JUDICIARY AND JUDICIAL PROCEDURE PART IV.  JURISDICTION AND VENUE
CHAPTER 97.  JURISDICTIONAL IMMUNITIES OF FOREIGN STATES

### § 1605. General exceptions to the jurisdictional immunity of a foreign state

(a) A foreign state shall not be immune from the jurisdiction of courts of the United States or of the States in any case—

(1) in which the foreign state has waived its immunity either explicitly or by implication, notwithstanding any withdrawal of the waiver which the foreign state may purport to effect except in accordance with the terms of the waiver;

(2) in which the action is based upon a commercial activity carried on in the United States by the foreign state, or upon an act performed in the United States in connection with a commercial activity of the foreign state elsewhere; or upon an act outside the territory of the United States in connection with a commercial activity of the foreign state elsewhere and that act causes a direct effect in the United States;

(3) in which rights in property taken in violation of international law are in issue and that property or any property exchanged for such property is present in the United States in connection with a commercial activity carried on in the United States by the foreign state, or that property or any property exchanged for such property is owned or operated by an agency or instrumentality of the foreign state and that agency or instrumentality is engaged in a commercial activity in the United States;

(4) in which rights in property in the United States acquired by succession or gift or rights in immovable property situated in the United States are in issue;

(5) not otherwise encompassed in paragraph (2) above, in which money damages are sought against a foreign state for personal injury or death, or damage to or loss of property, occurring in the United States and caused by the tortious act or omission of that foreign state or of any official or employee of that foreign state while acting within the scope of his office or employment; except this paragraph shall not apply to—

(A) any claim based upon the exercise or performance or the failure to exercise or perform a discretionary function regardless of whether the discretion be abused, or

(B) any claim arising out of malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights; or

(6) in which the action is brought, either to enforce an agreement made by the foreign state with or for the benefit of a private party to submit to arbitration all or any differences which have arisen or which may arise between the parties with respect to a defined

legal relationship, whether contractual or not, concerning a subject matter capable of settlement by arbitration under the laws of the United States, or to confirm an award made pursuant to such an agreement to arbitrate, if (A) the arbitration takes place or is intended to take place in the United States, (B) the agreement or award is or may be governed by a treaty or other international agreement in force for the United States calling for the recognition and enforcement of arbitral awards, (C) the underlying claim, save for the agreement to arbitrate, could have been brought in a United States court under this section or section 1607 [28 USCS § 1607], or (D) paragraph (1) of this subsection is otherwise applicable.

(b) A foreign state shall not be immune from the jurisdiction of the courts of the United States in any case in which a suit in admiralty is brought to enforce a maritime lien against a vessel or cargo of the foreign state, which maritime lien is based upon a commercial activity of the foreign state: *Provided*, That—

(1) notice of the suit is given by delivery of a copy of the summons and of the complaint to the person, or his agent, having possession of the vessel or cargo against which the maritime lien is asserted; and if the vessel or cargo is arrested pursuant to process obtained on behalf of the party bringing the suit, the service of process of arrest shall be deemed to constitute valid delivery of such notice, but the party bringing the suit shall be liable for any damages sustained by the foreign state as a result of the arrest if the party bringing the suit had actual or constructive knowledge that the vessel or cargo of a foreign state was involved; and

(2) notice to the foreign state of the commencement of suit as provided in section 1608 of this title [28 USCS § 1608] is initiated within ten days either of the delivery of notice as provided in paragraph (1) of this subsection or, in the case of a party who was unaware that the vessel or cargo of a foreign state was involved, of the date such party determined the existence of the foreign state's interest.

(c) Whenever notice is delivered under subsection (b)(1), the suit to enforce a maritime lien shall thereafter proceed and shall be heard and determined according to the principles of law and rules of practice of suits in rem whenever it appears that, had the vessel been privately owned and possessed, a suit in rem might have been maintained. A decree against the foreign state may include costs of the suit and, if the decree is for a money judgment, interest as ordered by the court, except that the court may not award judgment against the foreign state in an amount greater than the value of the vessel or cargo upon which the maritime lien arose. Such value shall be determined as of the time notice is served under subsection (b)(1). Decrees shall be subject to appeal and revision as provided in other cases of admiralty and maritime jurisdiction. Nothing shall preclude the plaintiff in any proper case from seeking relief in personam in the same action brought to enforce a maritime lien as provided in this section.

(d) A foreign state shall not be immune from the jurisdiction of the courts of the United States in any action brought to foreclose a preferred mortgage, as defined in section 31301 of title 46. Such action shall be brought, heard, and determined in accordance with the provisions of chapter 313 of title 46 [46 USCS §§ 31301 et seq ] and in accordance with the principles of law and rules of practice of suits in rem, whenever it appears that had the vessel been privately owned and possessed a suit in rem might have been maintained.

(e), (f) [Repealed]

**(g)** Limitation on discovery

**(1)** In general

**(A)** Subject to paragraph (2), if an action is filed that would otherwise be barred by section 1604 [28 USCS § 1604], but for section 1605A or section 1605B [28 USCS § 1605A or 1605B], the court, upon request of the Attorney General, shall stay any request, demand, or order for discovery on the United States that the Attorney General would significantly interfere with a criminal investigation or prosecution, or a national security operation, related to the incident that gave rise to the cause of action, until such time as the Attorney General advises the court that such request, demand, or order will no longer so interfere.

**(B)** A stay under this paragraph shall be in effect during the 12-month period beginning on the date on which the court issues the order to stay discovery. The court shall renew the order to stay discovery for additional 12-month periods upon motion by the United States if the Attorney General certifies that discovery would significantly interfere with a criminal investigation or prosecution, or a national security operation, related to the incident that gave rise to the cause of action.

**(2)** Sunset.

**(A)** Subject to subparagraph (B), no stay shall be granted or continued in effect under paragraph (1) after the date that is 10 years after the date on which the incident that gave rise to the cause of action occurred

**(B)** After the period referred to in subparagraph (A), the court, upon request of the Attorney General, may stay any request, demand, or order for discovery on the United States that the court finds a substantial likelihood would

**(i)** create a serious threat of death or serious bodily injury to any person;

**(ii)** adversely affect the ability of the United States to work in cooperation with foreign and international law enforcement agencies in investigating violations of United States law; or

**(iii)** obstruct the criminal case related to the incident that gave rise to the cause of action or undermine the potential for a conviction in such case.

**(3)** Evaluation of evidence. The court's evaluation of any request for a stay under this subsection filed by the Attorney General shall be conducted ex parte and in camera.

**(4)** Bar on motions to dismiss. A stay of discovery under this subsection shall constitute a bar to the granting of a motion to dismiss under rules 12(b)(6) and 56 of the Federal Rules of Civil Procedure

**(5)** Construction. Nothing in this subsection shall prevent the United States from seeking protective orders or asserting privileges ordinarily available to the United States

**(h)** Jurisdictional immunity for certain art exhibition activities.

(1) In general. If

(A) a work is imported into the United States from any foreign state pursuant to an agreement that provides for the temporary exhibition or display of such work entered into between a foreign state that is the owner or custodian of such work and the United States or one or more cultural or educational institutions within the United States,

(B) the President, or the President's designee, has determined, in accordance with subsection (a) of Public Law 89-259 (22 U.S.C. 2459(a)), that such work is of cultural significance and the temporary exhibition or display of such work is in the national interest, and

(C) the notice thereof has been published in accordance with subsection (a) of Public Law 89-259 (22 U.S.C. 2459(a)), any activity in the United States of such foreign state, or of any carrier, that is associated with the temporary exhibition or display of such work shall not be considered to be commercial activity by such foreign state for purposes of subsection (a)(3).

(2) Exceptions.

(A) Nazi-era claims. Paragraph (1) shall not apply in any case asserting jurisdiction under subsection (a)(3) in which rights in property taken in violation of international law are in issue within the meaning of that subsection and

(i) the property at issue is the work described in paragraph (1),

(ii) the action is based upon a claim that such work was taken in connection with the acts of a covered government during the covered period,

(iii) the court determines that the activity associated with the exhibition or display is commercial activity, as that term is defined in section 1603(d) [28 USCS § 1603(d)]; and

(iv) a determination under clause (iii) is necessary for the court to exercise jurisdiction over the foreign state under subsection (a)(3).

(B) Other culturally significant works. In addition to cases exempted under subparagraph (A), paragraph (1) shall not apply in any case asserting jurisdiction under subsection (a)(3) in which rights in property taken in violation of international law are in issue within the meaning of that subsection and

(i) the property at issue is the work described in paragraph (1);

(ii) the action is based upon a claim that such work was taken in connection with the acts of a foreign government as part of a systematic campaign of coercive confiscation or misappropriation of works from members of a targeted and vulnerable group;

(iii) the taking occurred after 1900,

(iv) the court determines that the activity associated with the exhibition or display is commercial activity, as that term is defined in section 1603(d) [28 USCS § 1603(d)]; and

(v) a determination under clause (iv) is necessary for the court to exercise jurisdiction over the foreign state under subsection (a)(3)

(3) Definitions  For purposes of this subsection

(A) the term "work" means a work of art or other object of cultural significance,

(B) the term "covered government" means

(i) the Government of Germany during the covered period;

(ii) any government in any area in Europe that was occupied by the military forces of the Government of Germany during the covered period;

(iii) any government in Europe that was established with the assistance or cooperation of the Government of Germany during the covered period; and

(iv) any government in Europe that was an ally of the Government of Germany during the covered period; and

(C) the term "covered period" means the period beginning on January 30, 1933, and ending on May 8, 1945.

---

## § 1605A Terrorism exception to the jurisdictional immunity of a foreign state

(a) In general.

(1) No immunity  A foreign state shall not be immune from the jurisdiction of courts of the United States or of the States in any case not otherwise covered by this chapter in which money damages are sought against a foreign state for personal injury or death that was caused by an act of torture, extrajudicial killing, aircraft sabotage, hostage taking, or the provision of material support or resources for such an act if such act or provision of material support or resources is engaged in by an official, employee, or agent of such foreign state while acting within the scope of his or her office, employment, or agency.

(2) Claim heard. The court shall hear a claim under this section if—

(A) (i) (I) the foreign state was designated as a state sponsor of terrorism at the time the act described in paragraph (1) occurred, or was so designated as a result of such act, and, subject to subclause (II), either remains so designated when the claim is filed under this section or was so designated within the 6-month period before the claim is filed under this section; or

(II) in the case of an action that is refiled under this section by reason of section 1083(c)(2)(A) of the National Defense Authorization Act for Fiscal Year 2008 [note to this section] or is filed under this section by reason of section 1083(c)(3) of that Act [note to this section], the foreign state was designated as a state sponsor of terrorism when the original action or the related action under section 1605(a)(7) [28 USCS § 1605(a)(7)] (as in effect before the enactment of this section [enacted Jan. 28, 2008]) or section 589 of the Foreign Operations, Export Financing, and Related Programs Appropriations Act, 1997 (as contained in section 101(c) of division A of Public Law 104-208) [28 USCS § 1605 note] was filed;

(ii) the claimant or the victim was, at the time the act described in paragraph (1) occurred—

- (I)   a national of the United States;

- (II)   a member of the armed forces; or

- (III)   otherwise an employee of the Government of the United States, or of an individual performing a contract awarded by the United States Government, acting within the scope of the employee's employment, and

- (IV)   in a case in which the act occurred in the foreign state against which the claim has been brought, the claimant has afforded the foreign state a reasonable opportunity to arbitrate the claim in accordance with the accepted international rules of arbitration; or

(B) the act described in paragraph (1) is related to Case Number 1 00CV03110 (EGS) in the United States District Court for the District of Columbia

(b) Limitations. An action may be brought or maintained under this section if the action is commenced, or a related action was commenced under section 1605(a)(7) (before the date of the enactment of this section) or section 589 of the Foreign Operations, Export Financing, and Related Programs Appropriations Act, 1997 (as contained in section 101(c) of division A of Public Law 104-208) [28 USCS § 1605 note] not later than the latter of—

(1) 10 years after April 24, 1996; or

(2) 10 years after the date on which the cause of action arose.

(c) Private right of action. A foreign state that is or was a state sponsor of terrorism as described in subsection (a)(2)(A)(i), and any official, employee, or agent of that foreign state while acting within the scope of his or her office, employment, or agency, shall be liable to

(1) a national of the United States,

(2) a member of the armed forces,

(3) an employee of the Government of the United States, or of an individual performing a contract awarded by the United States Government, acting within the scope of the employee's employment, or

**(4)** the legal representative of a person described in paragraph (1), (2), or (3), for personal injury or death caused by acts described in subsection (a)(1) of that foreign state, or of an official, employee, or agent of that foreign state, for which the courts of the United States may maintain jurisdiction under this section for money damages. In any such action, damages may include economic damages, solatium, pain and suffering, and punitive damages. In any such action, a foreign state shall be vicariously liable for the acts of its officials, employees, or agents.

**(d)** Additional damages. After an action has been brought under subsection (c), actions may also be brought for reasonably foreseeable property loss, whether insured or uninsured, third party liability, and loss claims under life and property insurance policies, by reason of the same acts on which the action under subsection (c) is based.

**(e)** Special masters

**(1)** In general. The courts of the United States may appoint special masters to hear damage claims brought under this section

**(2)** Transfer of funds. The Attorney General shall transfer, from funds available for the program under section 1404C of the Victims of Crime Act of 1984 (42 U.S.C. 10603c), to the Administrator of the United States district court in which any case is pending which has been brought or maintained under this section such funds as may be required to cover the costs of special masters appointed under paragraph (1). Any amount paid in compensation to any such special master shall constitute an item of court costs

**(f)** Appeal. In an action brought under this section, appeals from orders not conclusively ending the litigation may only be taken pursuant to section 1292(b) of this title [28 USCS § 1292(b)].

**(g)** Property disposition.

**(1)** In general. In every action filed in a United States district court in which jurisdiction is alleged under this section, the filing of a notice of pending action pursuant to this section, to which is attached a copy of the complaint filed in the action, shall have the effect of establishing a lien of lis pendens upon any real property or tangible personal property that is—

**(A)** subject to attachment in aid of execution, or execution, under section 1610 [28 USCS § 1610];

**(B)** located within that judicial district; and

**(C)** titled in the name of any defendant, or titled in the name of any entity controlled by any defendant if such notice contains a statement listing such controlled entity.

**(2)** Notice. A notice of pending action pursuant to this section shall be filed by the clerk of the district court in the same manner as any pending action and shall be indexed by listing as defendants all named defendants and all entities listed as controlled by any defendant.

(3) Enforceability. Liens established by reason of this subsection shall be enforceable as provided in chapter 111 of this *title [28 USCS §§ 1651* et seq ]

(h) Definitions. For purposes of this section—

(1) the term "aircraft sabotage" has the meaning given that term in Article 1 of the Convention for the Suppression of Unlawful Acts Against the Safety of Civil Aviation;

(2) the term "hostage taking" has the meaning given that term in Article 1 of the International Convention Against the Taking of Hostages,

(3) the term "material support or resources" has the meaning given that term in section 2339A of title 18;

(4) the term "armed forces" has the meaning given that term in section 101 of title 10;

(5) the term "national of the United States" has the meaning given that term in section 101(a)(22) of the Immigration and Nationality Act (*8 U.S.C. 1101(a)(22)*);

(6) the term "state sponsor of terrorism" means a country the government of which the Secretary of State has determined, for purposes of section 6(j) of the Export Administration Act of 1979 (*50 U.S.C. App. 2405(j)* [*50 USCS § 4605(j)*]), section 620A of the Foreign Assistance Act of 1961 (*22 U S C. 2371*), section 40 of the Arms Export Control Act (*22 U.S.C. 2780*), or any other provision of law, is a government that has repeatedly provided support for acts of international terrorism, and

(7) the terms "torture" and "extrajudicial killing" have the meaning given those terms in section 3 of the Torture Victim Protection Act of 1991 (*28 U S C  1350* note).

## § 1605B. Responsibility of foreign states for international terrorism against the United States

(a) Definition  In this section, the term "international terrorism"

(1) has the meaning given the term in *section 2331 of title 18, United States Code*; and

(2) does not include any act of war (as defined in that section).

(b) Responsibility of foreign states. A foreign state shall not be immune from the jurisdiction of the courts of the United States in any case in which money damages are sought against a foreign state for physical injury to person or property or death occurring in the United States and caused by

(1) an act of international terrorism in the United States; and

(2) a tortious act or acts of the foreign state, or of any official, employee, or agent of that foreign state while acting within the scope of his or her office, employment, or agency, regardless where the tortious act or acts of the foreign state occurred.

(c) Claims by nationals of the United States. Notwithstanding section 2337(2) of title 18 [18 USCS § 2337(2)], a national of the United States may bring a claim against a foreign state in accordance with section 2333 of that title [18 USCS § 2333] if the foreign state would not be immune under subsection (b).

(d) Rule of construction. A foreign state shall not be subject to the jurisdiction of the courts of the United States under subsection (b) on the basis of an omission or a tortious act or acts that constitute mere negligence.

## 28 USCS § 1606
### Current through PL 115-181, approved 6/5/18

United States Code Service - Titles 1 through 54 TITLE 28.  JUDICIARY AND JUDICIAL PROCEDURE PART IV.  JURISDICTION AND VENUE CHAPTER 97.  JURISDICTIONAL IMMUNITIES OF FOREIGN STATES

### § 1606. Extent of liability

As to any claim for relief with respect to which a foreign state is not entitled to immunity under section 1605 or 1607 of this chapter [28 USCS § 1605 or 1607], the foreign state shall be liable in the same manner and to the same extent as a private individual under like circumstances; but a foreign state except for an agency or instrumentality thereof shall not be liable for punitive damages; if, however, in any case wherein death was caused, the law of the place where the action or omission occurred provides, or has been construed to provide, for damages only punitive in nature, the foreign state shall be liable for actual or compensatory damages measured by the pecuniary injuries resulting from such death which were incurred by the persons for whose benefit the action was brought

## 28 USCS § 1607
### Current through PL 115-181, approved 6/5/18

United States Code Service - Titles 1 through 54 TITLE 28.  JUDICIARY AND JUDICIAL PROCEDURE PART IV. JURISDICTION AND VENUE CHAPTER 97.  JURISDICTIONAL IMMUNITIES OF FOREIGN STATES

### § 1607. Counterclaims

In any action brought by a foreign state, or in which a foreign state intervenes, in a court of the United States or of a State, the foreign state shall not be accorded immunity with respect to any counterclaim—

(a) for which a foreign state would not be entitled to immunity under section 1605 or 1605A of this chapter [28 USCS § 1605 or 1605A] had such claim been brought in a separate action against the foreign state, or

(b) arising out of the transaction or occurrence that is the subject matter of the claim of the foreign state, or

(c) to the extent that the counterclaim does not seek relief exceeding in amount or differing in kind from that sought by the foreign state

## 28 USCS § 1608
### Current through PL 115-181, approved 6/5/18

**United States Code Service - Titles 1 through 54 TITLE 28. JUDICIARY AND JUDICIAL PROCEDURE PART IV. JURISDICTION AND VENUE CHAPTER 97. JURISDICTIONAL IMMUNITIES OF FOREIGN STATES**

### § 1608. Service; time to answer; default

(a) Service in the courts of the United States and of the States shall be made upon a foreign state or political subdivision of a foreign state.

(1) by delivery of a copy of the summons and complaint in accordance with any special arrangement for service between the plaintiff and the foreign state or political subdivision; or

(2) if no special arrangement exists, by delivery of a copy of the summons and complaint in accordance with an applicable international convention on service of judicial documents; or

(3) if service cannot be made under paragraphs (1) or (2), by sending a copy of the summons and complaint and a notice of suit, together with a translation of each into the official language of the foreign state, by any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of the court to the head of the ministry of foreign affairs of the foreign state concerned, or

(4) if service cannot be made within 30 days under paragraph (3), by sending two copies of the summons and complaint and a notice of suit, together with a translation of each into the official language of the foreign state, by any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of the court to the Secretary of State in Washington, District of Columbia, to the attention of the Director of Special Consular Services--and the Secretary shall transmit one copy of the papers through diplomatic channels to the foreign state and shall send to the clerk of the court a certified copy of the diplomatic note indicating when the papers were transmitted.

As used in this subsection, a "notice of suit" shall mean a notice addressed to a foreign state and in a form prescribed by the Secretary of State by regulation

(b) Service in the courts of the United States and of the States shall be made upon an agency or instrumentality of a foreign state:

(1) by delivery of a copy of the summons and complaint in accordance with any special arrangement for service between the plaintiff and the agency or instrumentality, or

(2) if no special arrangement exists, by delivery of a copy of the summons and complaint either to an officer, a managing or general agent, or to any other agent authorized

by appointment or by law to receive service of process in the United States, or in accordance with an applicable international convention on service of judicial documents; or

(3) if service cannot be made under paragraphs (1) or (2), and if reasonably calculated to give actual notice, by delivery of a copy of the summons and complaint, together with a translation of each into the official language of the foreign state

(A) as directed by an authority of the foreign state or political subdivision in response to a letter rogatory or request or

(B) by any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of the court to the agency or instrumentality to be served, or

(C) as directed by order of the court consistent with the law of the place where service is to be made

(c) Service shall be deemed to have been made—

(1) in the case of service under subsection (a)(4), as of the date of transmittal indicated in the certified copy of the diplomatic note, and

(2) in any other case under this section, as of the date of receipt indicated in the certification, signed and returned postal receipt, or other proof of service applicable to the method of service employed

(d) In any action brought in a court of the United States or of a State, a foreign state, a political subdivision thereof, or an agency or instrumentality of a foreign state shall serve an answer or other responsive pleading to the complaint within sixty days after service has been made under this section.

(e) No judgment by default shall be entered by a court of the United States or of a State against a foreign state, a political subdivision thereof, or an agency or instrumentality of a foreign state, unless the claimant establishes his claim or right to relief by evidence satisfactory to the court. A copy of any such default judgment shall be sent to the foreign state or political subdivision in the manner prescribed for service in this section.

## 28 USCS § 1609
### Current through PL 115-181, approved 6/5/18

**United States Code Service - Titles 1 through 54 TITLE 28. JUDICIARY AND JUDICIAL PROCEDURE PART IV. JURISDICTION AND VENUE CHAPTER 97. JURISDICTIONAL IMMUNITIES OF FOREIGN STATES**

### § 1609. Immunity from attachment and execution of property of a foreign state

Subject to existing international agreements to which the United States is a party at the time of enactment of this Act [enacted Oct 21, 1976] the property in the United States of a foreign state shall be immune from attachment arrest and execution except as provided in sections 1610 and 1611 of this chapter [28 USCS §§ 1610 and 1611].

## 28 USCS § 1610
### Current through PL 115-181, approved 6/5/18

**United States Code Service - Titles 1 through 54 TITLE 28. JUDICIARY AND JUDICIAL PROCEDURE PART IV. JURISDICTION AND VENUE CHAPTER 97. JURISDICTIONAL IMMUNITIES OF FOREIGN STATES**

### § 1610. Exceptions to the immunity from attachment or execution

(a) The property in the United States of a foreign state, as defined in section 1603(a) of this chapter [28 USCS § 1603(a)], used for a commercial activity in the United States, shall not be immune from attachment in aid of execution, or from execution, upon a judgment entered by a court of the United States or of a State after the effective date of this Act, if—

(1) the foreign state has waived its immunity from attachment in aid of execution or from execution either explicitly or by implication, notwithstanding any withdrawal of the waiver the foreign state may purport to effect except in accordance with the terms of the waiver, or

(2) the property is or was used for the commercial activity upon which the claim is based, or

(3) the execution relates to a judgment establishing rights in property which has been taken in violation of international law or which has been exchanged for property taken in violation of international law, or

(4) the execution relates to a judgment establishing rights in property

(A) which is acquired by succession or gift, or

(B) which is immovable and situated in the United States: *Provided,* That such property is not used for purposes of maintaining a diplomatic or consular mission or the residence of the Chief of such mission, or

(5) the property consists of any contractual obligation or any proceeds from such a contractual obligation to indemnify or hold harmless the foreign state or its employees under a policy of automobile or other liability or casualty insurance covering the claim which merged into the judgment, or

(6) the judgment is based on an order confirming an arbitral award rendered against the foreign state, provided that attachment in aid of execution, or execution, would not be inconsistent with any provision in the arbitral agreement, or

(7) the judgment relates to a claim for which the foreign state is not immune under section 1605A [28 USCS § 1605A] or section 1605(a)(7) [former 28 USCS § 1605(a)(7)] (as such section was in effect on January 27, 2008), regardless of whether the property is or was involved with the act upon which the claim is based.

(b) In addition to subsection (a), any property in the United States of an agency or instrumentality of a foreign state engaged in commercial activity in the United States shall not be

immune from attachment in aid of execution, or from execution, upon a judgment entered by a court of the United States or of a State after the effective date of this Act if—

    **(1)** the agency or instrumentality has waived its immunity from attachment in aid of execution or from execution either explicitly or implicitly, notwithstanding any withdrawal of the waiver the agency or instrumentality may purport to effect except in accordance with the terms of the waiver, or

    **(2)** the judgment relates to a claim for which the agency or instrumentality is not immune by virtue of section 1605(a)(2), (3), or (5) or 1605(b) of this chapter [28 USCS § 1605(a)(2), (3), or (5), or 1605(b)], regardless of whether the property is or was involved in the act upon which the claim is based, or

    **(3)** the judgment relates to a claim for which the agency or instrumentality is not immune by virtue of section 1605A of this chapter [28 USCS § 1605A] or section 1605(a)(7) of this chapter [former 28 USCS § 1605(a)(7)] (as such section was in effect on January 27, 2008), regardless of whether the property is or was involved in the act upon which the claim is based.

    **(c)** No attachment or execution referred to in subsections (a) and (b) of this section shall be permitted until the court has ordered such attachment and execution after having determined that a reasonable period of time has elapsed following the entry of judgment and the giving of any notice required under section 1608(e) of this chapter [28 USCS § 1608(e)].

    **(d)** The property of a foreign state, as defined in section 1603(a) of this chapter [28 USCS § 1603(a)], used for a commercial activity in the United States, shall not be immune from attachment prior to the entry of judgment in any action brought in a court of the United States or of a State, or prior to the elapse of the period of time provided in subsection (c) of this section, if—

    **(1)** the foreign state has explicitly waived its immunity from attachment prior to judgment, notwithstanding any withdrawal of the waiver the foreign state may purport to effect except in accordance with the terms of the waiver, and

    **(2)** the purpose of the attachment is to secure satisfaction of a judgment that has been or may ultimately be entered against the foreign state, and not to obtain jurisdiction.

    **(e)** The vessels of a foreign state shall not be immune from arrest in rem, interlocutory sale, and execution in actions brought to foreclose a preferred mortgage as provided in section 1605(d) [28 USCS § 1605(d)].

    **(f)** (1) (A) Notwithstanding any other provision of law, including but not limited to section 208(f) of the Foreign Missions Act (22 U S C. 4308(f)), and except as provided in subparagraph (B), any property with respect to which financial transactions are prohibited or regulated pursuant to section 5(b) of the Trading with the Enemy Act (50 U.S.C. App. 5(b) [50 USCS § 4305(b)]), section 620(a) of the Foreign Assistance Act of 1961 (22 U S C. 2370(a)), sections 202 and 203 of the International Emergency Economic Powers Act (50 U.S.C. 1701-1702), or any other proclamation, order, regulation, or license issued pursuant thereto, shall be subject to execution or attachment in aid of execution of any judgment relating to a claim for which a foreign state (including any agency or instrumentality or such state) claiming such

property is not immune under section 1605(a)(7) [28 USCS § 1605(a)(7)] (as in effect before the enactment of section 1605A [enacted Jan. 28, 2008]) or section 1605A [28 USCS § 1605A].

(B) Subparagraph (A) shall not apply if, at the time the property is expropriated or seized by the foreign state, the property has been held in title by a natural person or, if held in trust, has been held for the benefit of a natural person or persons.

(A) At the request of any party in whose favor a judgment has been issued with respect to a claim for which the foreign state is not immune under section 1605(a)(7) [28 USCS § 1605(a)(7)] (as in effect before the enactment of section 1605A [enacted Jan. 28, 2008]) or section 1605A [28 USCS § 1605A], the Secretary of the Treasury and the Secretary of State should make every effort to fully, promptly, and effectively assist any judgment creditor or any court that has issued any such judgment in identifying, locating, and executing against the property of that foreign state or any agency or instrumentality of such state

(B) In providing such assistance, the Secretaries

(i) may provide such information to the court under seal; and

(ii) should make every effort to provide the information in a manner sufficient to allow the court to direct the United States Marshall's office to promptly and effectively execute against that property

(3) Waiver The President may waive any provision of paragraph (1) in the interest of national security.

(g) Property in certain actions.

(1) In general. Subject to paragraph (3), the property of a foreign state against which a judgment is entered under section 1605A [28 USCS § 1605A], and the property of an agency or instrumentality of such a state, including property that is a separate juridical entity or is an interest held directly or indirectly in a separate juridical entity, is subject to attachment in aid of execution, and execution, upon that judgment as provided in this section, regardless of

(A) the level of economic control over the property by the government of the foreign state;

(B) whether the profits of the property go to that government;

(C) the degree to which officials of that government manage the property or otherwise control its daily affairs;

(D) whether that government is the sole beneficiary in interest of the property, or

(E) whether establishing the property as a separate entity would entitle the foreign state to benefits in United States courts while avoiding its obligations

(2) United States sovereign immunity inapplicable Any property of a foreign state, or agency or instrumentality of a foreign state, to which paragraph (1) applies shall

not be immune from attachment in aid of execution, or execution, upon a judgment entered under section 1605A [28 USCS § 1605A] because the property is regulated by the United States Government by reason of action taken against that foreign state under the Trading With the Enemy Act [50 USCS Appx §§ 1 et seq.] or the International Emergency Economic Powers Act [50 USCS §§ 1701 et seq.].

(3) Third-party joint property holders. Nothing in this subsection shall be construed to supersede the authority of a court to prevent appropriately the impairment of an interest held by a person who is not liable in the action giving rise to a judgment in property subject to attachment in aid of execution, or execution, upon such judgment.

## 28 USCS § 1611
### Current through PL 115-181, approved 6/5/18

**United States Code Service - Titles 1 through 54 TITLE 28.  JUDICIARY AND JUDICIAL PROCEDURE PART IV.  JURISDICTION AND VENUE CHAPTER 97.  JURISDICTIONAL IMMUNITIES OF FOREIGN STATES**

### § 1611. Certain types of property immune from execution

(a) Notwithstanding the provisions of section 1610 of this chapter [28 USCS § 1610], the property of those organizations designated by the President as being entitled to enjoy the privileges, exemptions, and immunities provided by the International Organizations Immunities Act shall not be subject to attachment or any other judicial process impeding the disbursement of funds to, or on the order of, a foreign state as the result of an action brought in the courts of the United States or of the States.

(b) Notwithstanding the provisions of section 1610 of this chapter [28 USCS § 1610], the property of a foreign state shall be immune from attachment and from execution, if—

(1) the property is that of a foreign central bank or monetary authority held for its own account, unless such bank or authority, or its parent foreign government, has explicitly waived its immunity from attachment in aid of execution, or from execution, notwithstanding any withdrawal of the waiver which the bank, authority or government may purport to effect except in accordance with the terms of the waiver; or

(2) the property is, or is intended to be, used in connection with a military activity and

(A) is of a military character, or

(B) is under the control of a military authority or defense agency

(c) Notwithstanding the provisions of section 1610 of this chapter [28 USCS § 1610], the property of a foreign state shall be immune from attachment and from execution in an action brought under section 302 of the Cuban Liberty and Democratic Solidarity (LIBERTAD) Act of 1996 [22 USCS § 6082] to the extent that the property is a facility or installation used by an accredited diplomatic mission for official purposes.

صفحه ۱ از ۱۴

## یک.   28 USCS § 1330

جاری از طریق 115-108 PL، تاریخ تأیید 1/8/18، با سایس 91-115 PL's و 97-115

*خدمات قانونی ایالات متحده - عناوین 1 تا 54> عنوان 28 دادرسی و رویه دادرسی> بخش چهارم صلاحیت قضایی و محل اقامه دعوی < فصل 85 دادگاه‌های ناحیه؛ صلاحیت قضایی*

## § 1330. اقدام علیه دولت‌های خارجی.

(a)   دادگاه‌های ناحیه صلاحیت قضایی اولیه را بدون توجه به مبلغ محل اختلاف در هرگونه اقدام مدنی بدون هیئت منصفه علیه یک دولت خارجی دارند که در بخش 1603(a) این عنوان [1603(a)1 S § 28] تعریف شده است چنانچه جنبه خاطر ادعای ترضیه شخصی به صورتی باشد که حکومت خارجی در برابر آن مشمول مصونیت بر اساس بخش‌های 1607-1605 این عنوان [1607 · 1605 ~ S § 28] یا هرگونه موافقتنامه بین‌المللی باشد

(b)   در هر دعوی ترضیه حاضر که دادگاه‌های ناحیه در آن زمینه بر اساس زیربخش (a) صلاحیت قضایی دارند، باید صلاحیت شخصی در مورد یک دولت خارجی دیر وجود داشته باشد چنانچه ابلاغ بر اساس بخش 1608 این عنوان [1608 · S § 28] انجام شده باشد

(c)   در خصوص اهداف زیربخش (b)، حضور دولت خارجی مؤید صلاحیت شخصی در خصوص هرگونه دعوی ترضیه حاضر است که از هرگونه تعامل با رخداد برشمرده شده در بخش‌های 1607-1605 این عنوان [1607-28 § S ¨ و 1605] ناشی شده باشد

## دو.   28 USCS § 1391

جاری از طریق 115-108 PL، تاریخ تأیید 1/8/18، با نقایص 91-115 PL's و 97-115

*خدمات قانون ایالات متحده - عناوین 1 تا 54> عنوان 28، دادرسی و رویه دادرسی> بخش چهارم، صلاحیت قضایی و محل اقامه دعوی> فصل 87 دادگاه‌های ناحیه؛ محل اقامه دعوی*

## § 1391. کلیات محل اقامه دعوی

(f) اقدام‌های مدنی علیه یک دولت خارجی. طرح اقدام مدنی علیه یک دولت خارجی که در بخش 1603(a) این عنوان [1603a · S § 28] تعریف شده قابل انجام است–

(1)   در هر ناحیه قضایی که بخش عمده رویدادها یا ترک اعمال منجر به طرح دعوی در آنجا اتفاق افتاده باشد، یا بخش قابل توجهی از دارایی‌هایی که مشمول اقدام است در آنجا قرار گرفته باشد؛

(2)   در هر ناحیه قضایی که کشتی یا محموله یک دولت خارجی در آنجا واقع شده است، چنانچه ادعا بر اساس بخش 1605(b) این عنوان [1605b · S § 28] مطرح شده باشد؛

(3)   در هر ناحیه قضایی که سازمان یا نهاد دارای محور کسب و کار در آنجا است یا در حال انجام کسب و کار در آنجا است، در صورتی که اقدام علیه یک سازمان یا نهاد یک دولت خارجی تعریف شده در بخش 1603(b) این عنوان 28 [1603b · S § 28] مطرح شده باشد؛ یا

(4) در دادگاه ناحیه‌ای ایالات متحده جهت ناحیه کلمبیا در صورتی که اقدام علیه یک دولت خارجی یا زیربخش

سیاسی ای صورت گیرد

## *28 USCS § 1441*

جاری از طریق PL 115-108، تاریخ تأیید 1/8/18، با نمایش PL's 115-91 و 97-115.

*خدمات قانون ایالات متحده ـ عناوین 1 تا 54 > عنوان 28, دادرسی و رویه دادرسی > بخش چهارم, صلاحیت قضایی و محل اقامه دعوی> فصل 89, دادگاه‌های ناحیه؛ انتقال پرونده‌ها از دادگاه‌های ایالتی*

## § 1441. انتقال اقدام‌های مدنی

**(d)** اقدام علیه دولت‌های خارجی   هر دعوی مدنی که در یک دادگاه ایالتی علیه یک دولت خارجی مطابق تعریف شده بخش (a)1603) این *[عنوان a/1603, 28 USCS]* مطرح شود می‌تواند توسط دولت خارجی به دادگاه ناحیه ایالات متحده برای آن ناحیه و بخش منتقل شود که محلی را که اقدام آن در دست انجام است پوشش می‌دهد. اقدام در صورت انتقال باید توسط دادگاه و بدون هیئت منصفه مورد رسیدگی قرار گیرد. در صورتی که انتقال بر اساس این زیربخش باشد، محدودیت‌های زمانی بخش (b)1446) این فصل *[1446(b) , 28 USCS]* را می‌توان در هر زمان و بنا به علت اثبات شده، تمدید کرد.

## *28 USCS § 1602*
### جاری از طریق PL 115-181، تاریخ تأیید 6/5/18

*خدمات قانون ایالات متحده ـ عناوین 1 تا 54*
*عنوان 28, دادرسی و رویه دادرسی - بخش چهارم, صلاحیت قضایی و*
*محل اقامه دعوی؛ فصل 97,*
*مصونیت‌های قضایی دولت‌های خارجی*

## § 1602. یافته‌ها و اعلام هدف

کنگره به این نتیجه رسیده است که تصمیم‌گیری دادگاه‌های ایالات متحده در خصوص دعاوی دولت‌های خارجی در خصوص مصونیت از صلاحیت قضایی چنین دادگاه‌هایی به نفع عدالت است و از حقوق دولت‌های خارجی و دادخواهان در دادگاه‌های ایالات متحده محافظت می‌کند. طبق قوانین بین‌المللی، کشورها تا آنجا که به فعالیت‌های تجاری آنها مربوط می‌شود از صلاحیت قضایی دادگاه‌های خارجی مصون بیستند و امکان توقیف دارایی‌های تجاری آنها برای اجرای احکامی که علیه آنها در ارتباط با فعالیت‌های تجاری‌شان صادر شده، وجود دارد. بنابراین لازم است از این پس دعاوی دولت‌های خارجی در خصوص مصونیت مصونیت توسط دادگاه‌های ایالات متحده و ایالات مطابق با اصول مندرج در این فصل *[USCS 28 §§ 1602 et seq.]* تعیین شود.

صفحه 3 از 18

## 28 USCS § 1603
جاری از طریق PL 115-181، تاریخ تأیید 6/5/18

خدمات قانون ایالات متحده ـ عناوین 1 تا 54
عنوان 28. دادرسی و رویه دادرسی بخش چهارم. صلاحیت قضایی و محل اقامه دعوی فصل 97.
مصونیت‌های قضائی دولت‌های خارجی

### § 1603. تعاریف

برای اهداف این فصل [28 USCS §§ 1602 et seq ]

**(a)** یک "دولت خارجی"، به استثنای معنای مستقاد آن در بخش 1608 این عنوان [28 USCS § 1608]، شامل تقسیمات سیاسی یک دولت خارجی یا یک سازمان یا نهاد دولتی خارجی است که در زیر بخش (b) تعریف شده است

**(b)** یک "سازمان یا نهاد دولت خارجی" به معنای نهادی است ـ

**(1)** که یک شخص حقوقی جداگانه، شرکتی یا غیره است، و

**(2)** یک ارگان دولت خارجی یا زیربخش سیاسی آن است، یا اکثریت سهام یا منافع مالکیت دیگر آن متعلق به حکومت خارجی یا زیربخش سیاسی آن است، و

**(3)** که شهروند دولت ایالات متحده سا به تعریف بخش 1332(c) و (e) این عنوان [ 28 USCS § (e)1332) و (e))] نبوده و تحت قوانین کشور ثالثی ایجاد نشده باشد.

**(c)** "ایالات متحده" شامل تمام قلمرو و اتباع، اعم از قارهای یا جزیرهای است که تحت حاکمیت ایالات متحده قرار دارند

**(d)** "فعالیت تجاری" به معنای یک روند عادی رفتار تجاری یا یک معامله یا اقدام خاص تجاری است. ماهیت تجاری یک فعالیت باید با توجه به ماهیت روند رفتار یا معامله یا اقدام خاص و نه با ارجاع به هدف آن تعیین شود.

**(e)** یک "فعالیت تجاری انجام شده در ایالات متحده توسط یک دولت خارجی" به معنای فعالیت تجاری است که توسط چنان کشوری انجام شده و ارتباط قابل ملاحظه‌ای با ایالات متحده دارد

## 28 USCS § 1604
جاری از طریق PL 115-181، تاریخ تأیید 6/5/18

خدمات قانون ایالات متحده ـ عناوین 1 تا 54 عنوان 28.
دادرسی و رویه دادرسی بخش چهارم. صلاحیت قضایی و محل اقامه دعوی فصل 97. مصونیت‌های قضائی دولت‌های خارجی

### § 1604. مصونیت یک دولت خارجی در برابر صلاحیت قضایی

یک دولت خارجی، مشروط به توافقنامه‌های موجود بین‌المللی که ایالات متحده در زمان تصویب این قانون عضو آن بوده است [تاریخ تصویب 21 اکتبر 1976]، باید از صلاحیت قضایی دادگاه‌های ایالات متحده و ایالات مصون باشد، بجز در حصوص موارد مندرج در بخش‌های 1605-1607 این فصل [28 USCS §§ 1605-1607 و 1607].

## 28 USCS § 1605
جاری از طریق PL 115-181، تاریخ تأیید 6/5/18

خدمات قانون ایالات متحده ـ عناوین 1 تا 54 عنوان 28.
دادرسی و رویه دادرسی بخش چهارم. صلاحیت قضایی و محل اقامه دعوی فصل 97. مصونیت‌های قضائی دولت‌های خارجی

## § 1605. استثنائات عمومی در مورد مصونیت قضایی یک دولت خارجی

(a) یک دولت خارجی نباید از صلاحیت دادگاه‌های ایالات متحده یا ایالات در هر پرونده‌ای مصون باشد-

(1) که در آن دولت خارجی به صراحت یا به طور ضمنی از مصونیت خود چشم‌پوشی کرده است، علی‌رغم هرگونه بازپس‌گیری چشم‌پوشی که دولت خارجی می‌تواند برای اعمال آن ادعا کند، نحو بر اساس شرایط چشم‌پوشی؛

(2) که در این اقدام بر اساس فعالیت تجاری انجام شده توسط دولت خارجی در ایالات متحده است؛ یا بر اساس یک عمل انجام شده در ایالات متحده در ارتباط با فعالیت تجاری دولت خارجی در جای دیگر است؛ یا بر اساس عملی خارج از قلمروی ایالات متحده در ارتباط با فعالیت تجاری دولت خارجی در جای دیگر بوده و این عمل دارای تأثیر مستقیمی در ایالات متحده است؛

(3) که در آن مسئله حقوق مربوط به اموالی مطرح است که با نقض حقوق بین‌المللی در اختیار گرفته شده است و آن دارایی یا هرگونه دارایی مبادله شده با دارایی مذکور در ایالات متحده بوده و در ارتباط با فعالیت تجاری انجام شده در ایالات متحده توسط دولت خارجی باشد؛ یا آن دارایی یا دارایی مبادله شده به از ای آن دارایی تحت تملک یا اداره سازمان یا نهاد دولت خارجی است و این سازمان یا نهاد به فعالیت تجاری در ایالات متحده می‌پردازد؛

(4) که در آن حقوق دارایی در ایالات متحده از طریق حانشینی یا هدیه به دست آمده باشد یا مسئله حق مالکیت دارایی‌های منقول در ایالات متحده مطرح باشد؛

(5) به شکل دیگری در بند (2) فوق‌الذکر تحت پوشش قرار نگرفته باشد، که در آن مسئله خسارات پولی علیه یک دولت خارجی برای صدمات شخصی یا مرگ، یا صدمه یا زیان به دارایی مطرح باشد که در ایالات متحده رخ داده و ناشی از عمل یا ترک عمل شبه جرم آن دولت خارجی یا هر مقام یا کارمند آن دولت خارجی باشد در حالی که در حوزه سمت یا اشتغال خود عمل می‌کند؛ نجز اینکه این پاراگراف نباید در خصوص موارد زیر اعمال گردد —

(A) هر ادعایی که مبتنی بر اعمال یا احرا یا عدم اعمال یا عدم اجرای عملی اختیاری باشد صرف‌نظر از اینکه عمل اختیاری مورد سوء استفاده قرار بگیرد یا خیر، یا

(B) هرگونه ادعای ناشی از پیگرد زیانبار، سوءاستفاده از روند، افترا، توهین، تدلیس، فریب، یا مداخله در حقوق قرارداد؛ یا

(6) که در آن اقدام، یا به منظور احرای توافقنامه‌ای که توسط یک دولت خارجی با یا به نفع یک طرف خصوصی به منظور ارائه یا داوری تمام یا هرگونه اختلافاتی صورت گرفته باشد که بین طرفین در خصوص یک رابطه حقوقی تعریف شده، اعم از قراردادی یا غیرقراردادی، ایجاد شده؛ یا ممکن است ایجاد شود و مربوط به موضوعی باشد که امکان حل و فصل آن توسط داوری بر اساس قوانین ایالات متحده وجود داشته باشد؛ یا برای تأیید رأی صادر شده به موجب چنین توافقی برای داوری باشد، چنانچه (A) داوری در ایالات متحده صورت بگیرد یا در نظر باشد که در آنجا صورت بگیرد؛ (B) توافقنامه یا رأی تحت حاکمیت یک پیمان یا سایر توافقنامه‌های بین‌المللی جاری در مورد ایالات متحده بوده که به رسمیت شناختن و احرای رأی داوری باشد؛ (C) ادعای مدلی، صرف‌نظر از موافقت یا عدم موافقت جهت داوری، می‌توانست در دادگاه ایالات متحده بر اساس این بخش یا بخش [ 28 USCS § 16071 ] مطرح گردد، یا (D) بند (1) این زیربخش به شکل دیگری قابل اعمال باشد

(b) دولت خارجی نباید در برابر صلاحیت دادگاه‌های ایالات متحده در هر پرونده‌ای مصون باشد که در آن دادخواست مربوط به امور دریایی برای احرای توقیف دریایی علیه کشتی یا بار دولت خارجی مطرح شده و توقیف دریایی بر اساس فعالیت تجاری دولت خارجی مذکور باشد، به شرط آنکه—

(1) اطلاعیه دادخواست با ارائه یک نسخه از احضارنامه و شکایت به شخص یا نماینده وی تحویل داده شود که مالکیت کشتی یا محموله‌ای را در اختیار دارد که توقیف دریایی مورد ادعا علیه آن مطرح شده است؛ و اگر کشتی یا محموله طبق روند صورت گرفته به نمایندگی از طرف مطرح‌کننده دادخواست ضبط شود، ابلاغ روند ضبط به منزله تحویل قابل قبول چنان اطلاعیه‌ای محسوب می‌شود، اما اگر طرف مطرح‌کننده دادخواست اطلاع واقعی با سازنده داشته نباشد که کشتی یا محموله مربوط به دولت خارجی بوده است، طرف مطرح‌کننده دادخواست در برابر هرگونه صدمه محتمل شده توسط دولت خارجی در نتیجه ضبط مسئول خواهد بود؛ و

(2)   ابلاغیه شروع دعاوی به دولت خارجی در خصوص دادخواست که در بخش 1608 این عنوان [28 USCS § 1608] مطرح شده است طرف ده روز با از زمان تحویل ابلاغیه طبق بند (1) این بخش هرجای پاء در خصوص طرفی که از این مسئله آگاه نیست که محموله یک دولت خارجی درگیر بوده، از تاریخی که طرف مذکور وجود منفعت دولت خارجی را تشخیص دهد، آغاز می‌گردد

(c)   هرگاه ابلاغیه مطابق با بند (1)(b) تحویل داده شود، سپس باید دادخواست توقیف دریایی مورد رسیدگی قرار گیرد و با توجه به اصول قانون و قواعد مربوط به دادخواست‌های عینی مورد استماع قرار گرفته و در مورد آن حکم صادر شود، و هرگاه مشخص شود مالکیت کشتی از نوع خصوصی است، دادخواست عینی می‌تواند اقا گردد. حکم علیه دولت خارجی ممکن است شامل هزینه دادخواست باشد و اگر حکم برای دریافت پول باشد؛ مبلغ آن نیز بر به موجب دستور دادگاه دریافت می‌شود، به استثنای اینکه دادگاه نمی‌تواند حکمی را علیه دولت خارجی صادر کند که مبلغ آن بیش از ارزش کشتی یا محموله‌های باشد که توقیف دریایی در مورد آن صورت گرفته است. ارزش مذکور باید در زمان ابلاغ شدن ابلاغیه بر اساس بخش هرجای (1)(b) تعیین شود. احکام مشمول این بخش، تجدید نظر و بازنگری مشابه سایر پرونده‌های دریایی و حوزه صلاحیت دریایی هستند هیچ‌یک از مفاد ساید مانع از آن شود که خواهان در هر پرونده مناسب از درخواست غرامت شخصی در همان اقدامی که برای توقیف دریایی صورت گرفته و در این بخش ارائه شده است، منع شود.

(d)   دولت خارجی نمی‌تواند از صلاحیت قضایی دادگاه‌های ایالات متحده در هر اقدام مطرح شده برای توقیف شده برای توقیف رهبی ترجیحی که در بخش 31301 عنوان 46 تعریف شده است، مصون باشد. چنین اقدامی باید بر اساس مفاد عنوان 313 عنوان و فصل 46 [ 46 USCS §§ 31301 and in ] et seq و همچنین بر اساس اصول قانون و قواعد مربوط به دادخواست‌های عینی مطرح شده، مورد استماع قرار گرفته و در مورد آن حکم صادر شود، و هرگاه مشخص شود مالکیت کشتی از نوع خصوصی است، دادخواست عینی می‌تواند ابقا گردد.

(e)، (f) [منسوخ شد]

**(g)** محدودیت کشف

**(1)** بطور کلی.

**(A)** در خصوص بند (2)، اگر اقدامی مطرح شود که بر اساس بخش 1604 [ 28 USCS § 1604]، همچنین بخش 1605A یا بخش 1605B [28 USCS § 1605A] یا 1605B] مشمول مرور زمان باشد، دادگاه نباید بر اساس درخواست دادمستان کل هرگونه درخواست، تقاضا یا دستور برای کشف در ایالات متحده که بنا به گواهی دادستان کل بطور قابل توجهی در تحقیقات حیایی یا پیگرد قانونی، یا عملیات امنیتی ملی اختلال ایجاد می‌کند و مربوط به حادثه‌ای است که منجر به علت اقدام شده است را متوقف نماید، تا زمانی که دادستان کل به دادگاه اطلاع دهد که در خواست، تقاضا یا دستور مذکور دیگر چنان احتلالی را ایجاد نخواهد کرد

**(B)** توقف صورت گرفته بر اساس این بند باید در طول دوره 12 ماهه نافذ بماند که از تاریخی که دادگاه دستور کشف توقف را صادر می‌کند، اغاز گردد. دادگاه باید دستور کشف توقف را برای دوره‌های 12 ماهه دیگر بنا به اقدام صورت گرفته توسط ایالات متحده تمدید کند، به شرطی که دادستان کل گواهی کند که این کشف بطور قابل توجهی در تحقیقات حیایی یا پیگرد قانونی، یا عملیات امنیتی ملی اختلال ایجاد می‌کند و مربوط به حادثه‌ای است که منجر به علت اقدام شده است.

**(2)** شرط افول.

**(A)** در خصوص بند فرعی (B)، هیچ توقفی بر اساس بند (1) نباید بعد از تاریخی که 10 سال پس از تاریخی است که منجر به طرح اقدام صورت گرفته است، اعطا شده یا باید نماند.

**(B)** پس از دوره مورد اشاره در بند فرعی (A)، دادگاه بنا به درخواست دادمستان کل، ممکن است هرگونه درخواست، تقاضا یا حکم برای کشف در ایالات متحده را متوقف کند چنانکه دادگاه احتمال قابل توجهی دهد که این کار

**(i)** موحب تهدید حدی به مرگ یا آسیب حدی حسمی به هر شخصی می‌شود؛

**(ii)** بر توانایی ایالات متحده در رمینه همکاری با سازمان‌های مجری قانون حارجی و بین‌المللی در حصوص تحقیق در مورد نقض قوانین ایالات متحده تأثیر منعی بگذارد؛ یا

**(iii)** مانعی در پرونده کیفری مربوط به حادثه‌ای ایجاد کند که موجب علت اقدام شده است، یا احتمال محکومیت در چنین پرونده‌ای را تضعیف کند

**(3)** ارزیابی شواهد. ارزیابی دادگاه از هر گونه درخواست توقف بر اساس این بخش فرعی که توسط دادستان کل ارائه می‌شود باید به صورت عیانی و عیرحصوری انجام شود

**(4)** منع قانونی در حصوص اقدام برای حلع. توقف کشف بر اساس این بخش فرعی نباید مویحب ایجاد منع قانونی برای اقدام حهت خلع بر اساس قوانین 6(b)(2) و 56 قوانی رویه دادرسی مدنی فدرال گردد

**(5)** رفع انهام. هیچ یک از مفاد این بخش فرعی نباید مانع از آن شود که ایالات متحده احکام محافظتی را دریافت کرده یا از امتیازاتی بهره بگیرد که باطور معمول در دسترس ایالات متحده است.

**(h)** مصوبیت حوره تصاییی برای برحی از فعالیت‌های نمایشگاه‌های هنری.

(1)    به‌طور کلی، اگر

(A) اثر وارد شده به ایالات متحده از هر دولت خارجی بر اساس توافقی که امکان به نمایش گذاشتن یا نشان دادن موقت چیبی اثری را فراهم می‌سازد و بین یک دولت خارجی که صاحب یا مسئول نگهداری از چیبی اثری است و ایالات متحده یا یک یا چند مؤسسه فرهنگی یا آموزشی در ایالات متحده منعقد شده است؛

(B) رئیس جمهور یا نماینده رئیس جمهور، مطابق با بخش فرعی (a) قانون عمومی 259-89 ((a)2459 U S C 22) به این نتیجه رسیده باشد که چیبی اثری دارای اهمیت فرهنگی است و به نمایش گذاشتن یا نشان دادن موقت چنین اثری به نفع مصالح ملی است؛ و

(C) اطلاعیه مذکور طبق بخش فرعی (a) قانون عمومی 259-89 (. 22 U S C، (a)2459) منتشر شده است.

هرگونه فعالیت دولت خارجی مذکور در ایالات متحده، یا نماینده آن که مرتبط با به نمایش گذاشتن یا نشان دادن موقت چیبی اثری باشد نباید فعالیت تجاری دولت خارجی برای اهداف بخش فرعی (3)(a) در نظر گرفته شود.

(2)    استثنائات.

(A) دعاوی دوران ناری‌ها. بند (1) در هر پرونده‌ای که صلاحیت قضایی آن مربوط به بخش فرعی (3)(a) بوده و در آن حقوق مالکیت ما نقض حقوق بین‌المللی در معنای آن بخش فرعی صورت گرفته باشد اعمال نمی‌شود و

(i) اموال مورد نظر اثر شرح داده شده در بند (1) است؛

(ii) اقدام بر اساس ادعایی است مبنی بر اینکه چیبی اثری در ارتباط با اقدامات دولت تحت پوشش در طول دوره تحت پوشش تملک شده است؛

(iii) دادگاه تصمیم می‌گیرد که آیا فعالیت مرتبط با به نمایش گذاشتن یا نشان دادن فعالیت تجاری است یا خیر، چنانکه این اصطلاح در بخش 28] USCS 1603(d) § 1603(d)] تعریف شده است؛ و

(iv) تصمیم در بخش (iii) برای دادگاه به منظور اعمال صلاحیت قضایی علیه دولت خارجی بر اساس بخش فرعی (3)(a) ضروری است.

(B)    سایر آثار دارای اهمیت فرهنگی. علاوه بر موارد مستثنی شده بر اساس بند فرعی (A)، بند (1) در هر پرونده‌ای که صلاحیت قضایی آن مربوط به بخش فرعی (3)(a) بوده و در آن حقوق مالکیت با نقض حقوق بین‌المللی در معنای آن بخش فرعی صورت گرفته باشد اعمال نمی‌شود و

(i) اموال مورد نظر اثر شرح داده شده در بند (1) است؛

(ii) اقدام بر اساس ادعایی است مبنی بر اینکه چیبی اثری در ارتباط با اقدامات حکومت خارجی به عنوان بخشی از اقدام نظام‌مند در زمینه مصادره قهرآمیز یا ضبط آثار از اعضای یک گروه هدفمند و آسیب‌پذیر تملک شده است؛

(iii) تملک پس از سال 1900 رخ داده است؛

**(iv)** دادگاه تصمیم می‌گیرد که آیا فعالیت مرتبط با به نمایش گذاشتن یا نشان دادن فعالیت تجاری است یا خیر، چنانکه این اصطلاح در بخش 1603(d) [(d)28 USCS § 1603] تعریف شده است؛ و

**(v)** تصمیم بر اساس بخش (iii) برای دادگاه به منظور اعمال اعمال صلاحیت قضایی علیه دولت خارجی بر اساس بخش فرعی (3)(a) ضروری است.

**(3)** تعاریف برای اهداف این بخش فرعی

**(A)** اصطلاح "اثر" به معنی اثر هنری یا شیء یا واحد اهمیت فرهنگی دیگر است؛

**(B)** اصطلاح "دولت تحت پوشش" یعنی

**(i)** دولت آلمان در طول دوره تحت پوشش؛

**(ii)** هر دولتی در هر منطقه‌ای در اروپا که توسط نیروهای نظامی دولت آلمان طی دوره تحت پوشش اشغال شده بود؛

**(iii)** هر دولتی در اروپا که که با کمک یا همکاری دولت آلمان طی دوره تحت پوشش اشغال شده بود؛ و

**(iv)** هر دولتی در اروپا که متحد دولت آلمان طی دوره تحت پوشش بود؛ و

**(C)** اصطلاح "دوره تحت پوشش" به معنای دوره‌ای است که از 30 ژانویه 1933 شروع شده و در 8 می 1945 به پایان می‌رسد.

---

## § 1605A استثنای تروریسم در مورد مصونیت قضایی یک دولت خارجی

**(a)** به طور کلی.

**(1)** عدم مصونیت. دولت خارجی نباید در برابر صلاحیت قضایی دادگاه‌های ایالات متحده یا ایالات در هر پرونده‌ای که به شکل دیگری در این فصل تحت پوشش قرار بگیرفته مصون باشد که خسارت پولی برای صدمه شخصی یا مرگ ناشی از عمل شکنجه، قتل فراقضایی، خرابکاری در هواپیما، گروگانگیری، یا ارائه منابع یا حمایت عمده برای چنین اقدامی حواستار شده بود چنانچه اقدام مذکور یا ارائه حمایت مالی یا منابع مذکور توسط یک مقام رسمی، کارمند یا نماینده دولت خارجی در حالی که در محدوده سمت، اشتغال یا سازمان خود عمل می‌کند، صورت گرفته باشد——

**(2)** استماع دعاوی. دادگاه در صورتی به استماع دعاوی بر اساس این بخش بپردازد که——

**(A)** (i) (I) دولت خارجی به عنوان کشور حامی تروریسم معرفی شده باشد و این مسئله در زمان رخ دادن عمل شرح داده شده در بند (1) صورت گرفته باشد یا در نتیجه چنان عملی مشمول عنوان مذکور شده باشد و مشروط به ساده فرعی (II) یا در هنگام ارائه دعوی بر اساس این بخش یا 6 ماه قبل از ارائه دعوی بر اساس این بخش چنین عنوانی را داشته باشد؛ یا

**(II)**در صورتی که اقدام مجدداً به دلیل بخش A(2)(c)1083) قانون مجوز دفاع ملی سال مالی 2008 مطرح می‌شود [تبصره این بحث] یا بر اساس این بحث به دلیل بخش 3)(c)1083) أ، قانون مطرح می‌گردد [تبصره این بخش]، دولت خارجی به عنوان کشور حامی تروریسم و در رمانی تعیین شده باشد که اقدام اصلی یا اقدام مربوطه بر اساس بخش 7)(a)1605) [ 28 *{USCS § 1605(a)7* (که قبل از تصویب این بخش داقد بوده [تاریخ تصویب 28 ژانویه 2008]}، یا بحش 589 قانون عملیات خارجی، تأمین مالی صادرات و تخصیص‌های برنامه مربوطه، 1997 (مندرج در بحث c)101) قسمت A قانون عمومی 208-104-) [28 USCS § 1605 تبصره] مطرح شده باشد؛

—(ii) مدعی یا قربانی در رمان رح دادن اقدام شرح داده شده در پاراگراف (1)—

    **(I)**    تبعه ایالات متحده باشد؛

    **(II)**    عصو نیروهای مسلح باشد؛ یا

    **(III)**    به شکلی دیگر کارمند دولت ایالات متحده یا فردی باشد که قراردادی که توسط دولت ایالات متحده با وی منعقد شده را اجرا کرده، در محدوده اشتغال کارمند فعالیت نماید؛ و

    **(IV)**    در صورتی که اقدام در دولت حارجی صورت گرفته باشد که علیه وی دعوی اقامه شده است، به دولت حارجی فرصتی معقول برای داوری در حصوص ادعا به موحب قوانین پذیرفته شده داوری بین‌المللی داده شود؛ یا

**(B)** اقدامات شرح داده شده در بند (1) مربوط به پرونده شماره (EGS) 1.00CV03110) دادگاه ناحیه‌ای برای ناحیه کلمبیای ایالات متحده باشد.

**(b)** محدودیت‌ها. اقدام در صورتی می‌تواند بر اساس این بحث مطرح شده یا حفظ گردد که اغبار اقدام، یا اقدام مربوطه بر اسلس بحث 7)(a)1605) (قبل از تاریخ تصویب این بخش) یا بخش 589 قانون عملیات حارجی، تأمین مالی صادرات و تخصیص‌های برنامه مربوطه، 1997 (مندرج در بحث

c)101) قسمت A قانون عمومی 208-104-) [28 USCS § 1605 تبصره] ساید بعد از آخرین مورد از تاریخ‌های زیر باشد-

    **(1)**    10 سال پس از 24 آوریل 1996؛ یا

    **(2)**    10 سال پس از تاریخی که در آن علت اقدام پدید می‌اید.

(c) حق حصوصی اقدام. دولت حارحی که بر اساس توصیحات بند فرعی (1)(A)(2)(a) کشور حامی تروریسم است، و یک مقام رسمی، کارمند یا نماینده دولت حارحی در حالی که در محدوده سمت، اشتعال یا مأرمان حود عمل می‌کند، در این موارد مسئولیت دارد-

    **(1)**    تبعه ایالات متحده باشد،

    **(2)**    یک عصو نیروهای مسلح باشد،

    **(3)**    یک کارمند دولت ایالات متحده یا فردی باشد که قراردادی که توسط دولت ایالات متحده با وی منعقد شده را اجرا کرده، در محدوده اشتعال کارمند فعالیت نماید؛ یا

**(4)** نماینده قانونی شخص شرح داده شده در بندهای (2)، [1]، یا (3)؛ برای صدمه شخصی یا مرگ ناشی از اعمال شرح داده شده در بخش (1)(a)؛ دولت خارجی، یا مقام رسمی، یا نماینده دولت خارجی که دادگاه‌های ایالات متحده صلاحیت لازم بر اساس این بخش را برای دریافت حسارت پولی دارند. در چنین اقدامی، حسارت ممکن است شامل زیان‌های اقتصادی، حبران حسارت، درد و رنج، و جبران حسارت تنبیهی باشد. در چنین اقدامی، یک دولت خارجی نیابتاً به ازای اعمال مقامات، کارکنان، یا عوامل خود مسئول است.

**(d)** حسارت‌های بیشتر. پس از طرح اقدام بر اساس بند فرعی (c)، امکان طرح اقدام مربوط به از دست رفتن قابل پیش‌بینی اموال، اعم از بیمه شده یا بیمه نشده، مسئولیت شخص ثالث، و دعاوی زیان بر اساس بیمه‌نامه عمر و اموال، به دلیل مشابهی که اقدام بر اساس بخش فرعی (c) بر آن مبتنی است، وجود دارد.

**(e)** سرپرستان ویژه.

**(1)** [ 1] به‌طور کلی. دادگاه‌های ایالات متحده می‌توانند سرپرستان ویژه‌ای را برای استماع دعاوی حسارت مطرح شده بر اساس این بخش تعیین کنند.

**(2)** انتقال وجوه. دانستن کل باید باید وجوه موجود برای برنامه بر اساس بخش 1404C قانون قربانیان حرم سال 1984 (42 *U.S.C 10603c*)، را به مدیر دادگاه ناحیه‌ای ایالات متحده که هر پرونده‌ای مورد رسیدگی مطرح شده یا حفظ شده در آنجا مورد رسیدگی قرار می‌گیرد و بنا به نیاز برای پوشش هزینه‌های سرپرستان ویژه منصوب بر اساس بند [1] منتقل نماید. هر مبلغی که به عنوان حق الزحمه به هر یک از این سرپرستان ویژه پرداخت می‌شود باید به عنوان هزینه‌های دادگاه تلقی شود.

**(f)** درخواست تحدید نظر. در اقدام مطرح شده بر اساس این بخش، درخواست‌های تجدید نظر مربوط به احکامی که به‌طور قطعی به دادرسی خاتمه می‌دهند تنها باید مطابق با بخش b)1292) این عنوان *[28]* *(b)1292 § USCS]* مطرح گردد.

**(g)** مقررات مربوط به اموال

**(1)** به‌طور کلی. در هر اقدامی که در یک دادگاه ناحیه‌ای ایالات متحده مطرح شده و صلاحیت قضایی آن بر اساس این بخش ادعا شده است، از آنه ابلاغیه اقدام در دست بررسی بر اساس این بخش که یک نسخه از یک نسخه از شکایت ارائه شده در اقدام به آن پیوست باشد، باید دارای تأثیر توقیف دعوای مطروحه در خصوص هر ملک و یا دارایی شخصی منقول باشد که——

**(A)** مشمول ضبط برای کمک به اجرا، یا اجرا بر اساس بخش 1610 [*76701 § 28 USCS*] باشد؛

**(B)** در آن ناحیه قضایی واقع شده باشد؛ و

**(C)** سند آن به نام هر یک از حوادث‌ها ثبت شده باشد، یا سند آن به نام هر نهادی ثبت شده باشد که تحت کنترل هر یک از حوادث‌ها است، در صورتی که چنان ابلاغیه‌ای شامل لیست آن نهاد تحت کنترل باشد.

**(2)** ابلاغیه. ابلاغیه اقدام در دست بررسی مطابق با این بخش باید منشی دادگاه ناحیه و به همان شیوه‌ای ثبت شود که اقدام در مورد تمام اقدامات در دست بررسی صورت می‌گیرد و باید لیست همه حوادث‌های نامبرده و تمام نهادهای تحت کنترل هر حوادث به آن پیوست باشد.

صفحه 11 از 18

(3) قابلیت اجرا توقیف‌های اثاثه شده در اساس این بخش فرعی باید طبق معاد فصل 111 این عنوان [1651 §§ USCS 28 et seq] قابل اجرا باشد.

(h) تعاریف برای اهداف این بخش-

(1) اصطلاح "خرابکاری در هواپیما" دارای معنای ذکر شده برای این اصطلاح در ماده 1 کنوانسیون سرکوب اعمال غیرقانونی علیه ایمنی حمل و نقل هوایی غیرنظامی است؛

(2) اصطلاح "گروگان‌گیری" دارای معنایی است که در ماده (1) کنوانسیون بین‌المللی علیه گروگان‌گیری به آن داده شده است؛

(3) اصطلاح "حمایت مادی یا منابع" دارای معنای ذکر شده برای این اصطلاح در بخش 2339A عنوان 18 است؛

(4) اصطلاح "بروهای مسلح" دارای معنای ذکر شده برای این اصطلاح در بخش 101 عنوان 10 است؛

(5) اصلاح "تبعه ایالات متحده" دارای معنای ذکر شده برای این اصطلاح در بخش 101(a)(22) قانون مهاجرت و تابعیت (8 U S C 1101(a)(22)) دارد؛

(6) اصطلاح "کشور حامی تروریسم" به معنای کشوری است که دولت آن توسط وزیر امور خارجه بر اساس اهداف بخش j(6) قانون مدیریت صادرات 1979 (50 U.S.C. App 2405(j)) [50 USCS § 46050]، بخش 620A قانون کمک خارجی 1961 (22 U S C 2371)، بخش 40 قانون کنترل صادرات اسلحه (22 U S C 2780)، یا هر معاد قانونی دیگری، به‌عنوان دولتی تعیین شده که مکرراً از اقدامات تروریستی بین‌المللی حمایت کرده است؛ و

(7) اصطلاح "شکنجه" و "قتل فراقضایی" عبارت است از معنای ذکر شده برای این اصطلاحات در بخش 3 قانون حفاظت از قربانیان در برابر شکنجه سال 1991 (28 U.S.C. 1350 تبصره).

## § 1605B. مسئولیت دولت‌های خارجی در خصوص تروریسم بین‌المللی علیه ایالات متحده

(a) تعریف در این بخش، عبارت "تروریسم بین‌المللی"

(1) دارای معنی ذکر شده برای این اصطلاح در بخش 2331 عنوان 18، قانون ایالات متحده است؛ و

(2) شامل هیچ‌گونه اقدام جنگی نمی‌شود (چنانکه در آن بخش تعریف شده است).

(b) مسئولیت دولت‌های خارجی. یک دولت خارجی نمی‌تواند از صلاحیت قضایی دادگاه‌های ایالات متحده در هر پرونده‌ای مصون باشد که در آن درخواست خسارات پولی علیه یک دولت خارجی در خصوص آسیب جسمی به فرد یا اموال یا مرگ در ایالات متحده رخ داده و ناشی از موارد زیر باشد

(1) یک اقدام تروریستی بین‌المللی در ایالات متحده؛ و

(2) یک عمل شبه جرم یا اقدامات دولت خارجی یا هر مقام رسمی، کارمند یا نماینده دولت خارجی در حالی که در محدوده سمت، اشتغال یا سازمان خود عمل می‌کند، صرف‌نظر از جایی که عمل شبه جرم یا اعمال دولت خارجی رخ داده باشد.

صفحه 12 از 18

(c)   دعاوی اتباع ایالات متحده  علی‌رغم بخش (2)2337) عنوان 18 [2(2)2337 § USCS 18]، یک تبعه ایالات متحده می‌تواند اقدامی را علیه دولت خارجی مطابق با بخش 2333 آن عنوان [2333 § USCS 18] مطرح کند، به شرطی که دولت خارجی بر اساس بخش فرعی (b) مصون نباشد

(d)   قاعده رفع اتهام  دولت خارجی بباید مشمول صلاحیت قضایی دادگاه‌های ایالات متحده در اساس بخش فرعی (b) در اساس ترک فعل یا عمل یا اعمال شبه جرم باشد که صرفاً به مبزابه سهل‌انگاری است

## 28 USCS § 1606
جاری از طریق PL 115-181، تاریخ تأیید 6/5/18

**خدمات قانون ایالات متحده ـ عناوین 1 تا 54 عنوان 28. دادرسی و رویه دادرسی بخش چهارم. صلاحیت قضایی و محل اقامه دعوی فصل 97. مصونیت‌های قضائی دولت‌های خارجی**

§1606. میزان مسئولیت

در حصوص هر ادعای جبران حسارت که در حصوص آن دولت خارجی بر اساس بخش 1605 یا 1607 این فصل [1605 § USCS 28 یا 1607] از مصونیت برخوردار نیست، دولت خارجی باید به همان شیوه و به همان اندازه یک فرد خصوصی در شرایط مشابه مسئول تلقی شود؛ اما دولت خارجی، بجز سازمان یا نهاد آن ساید در قبال حسارات تنبیهی مسئول باشد؛ ما این حال، اگر در هر پرونده‌ای که در آن مرگ رخ داده باشد، قانون محلی که فعل یا ترک فعل در آنجا رخ داده مجاز نداد، یا بما به تفسیر محار نداد فقط حسارات دارای ماهیت تنبیهی پرداخت شود، دولت خارجی مسئول حسارت واقعی یا جدرابی منجیده شده بر اساس آسیب‌های مالی ناشی از چنان مرگی نوسط افرادی است که اقدام به بفع آنها مطرح شده است.

## 28 USCS § 1607
جاری از طریق PL 115-181، تاریخ تأیید 6/5/18

**خدمات قانون ایالات متحده ـ عناوین 1 تا 54 عنوان 28. دادرسی و رویه دادرسی بخش چهارم. صلاحیت قضائی و محل اقامه دعوی فصل 97. مصونیت‌های قضائی دولت‌های خارجی**

§ 1607. دعاوی متقابل

در هر اقدامی که توسط یک دولت خارجی مطرح شده یا در آن یک دولت خارجی دخالت کند، در دادگاه ایالات متحده یا یک ایالت، دولت ایالات متحده ساید از مصونیت در برابر هر گونه دعوی متقابل برخوردار شود-

(a)   که در قبال آن یک دولت خارجی مشمول مصونیت در اساس بخش 1605 یا 1605A این فصل نیست [28 USCS § 1605 یا 1605A] چنانچه چنان ادعایی در یک اقدام جداگانه علیه آن دولت خارجی مطرح می‌شد؛ یا

(b)   ناشی از تعامل یا رحدادی باشد که موضوع ادعای دولت خارجی باشد؛ یا

**(c)** تا حدی که دعوی متقابل در پی دریافت خسارت مازاد بر مبلغ یا متفاوت از حیث نوع با آنچه که مد نظر دولت حارجی است باشد.

## 28 USCS § 1608
## جاری از طریق PL 115-181، تاریخ تأیید 6/5/18

خدمات قانون ایالات متحده ـ عناوین 1 تا 54 عنوان 28، دادرسی و رویه دادرسی بخش چهارم صلاحیت قضایی و محل اقامه دعوی فصل 97، مصونیت‌های قضایی دولت‌های خارجی

### § 1608. ابلاغ؛ مهلت پاسخگویی؛ محاکمه غیابی

**(a)** در دادگاه‌های ایالات متحده و ایالات ابلاغ به یک دولت خارجی یا زیربخش سیاسی یک دولت خارجی باید به این ترتیب صورت بگیرد:

**(1)** با تحویل یک نسخه از احضاریه و شکایت مطابق با هرگونه ترتیبات خاص برای ابلاغ بین خواهان و دولت خارجی یا زیربخش سیاسی آن؛ یا

**(2)** اگر هیچ ترتیبات خاصی وجود ندارد، با تحویل یک نسخه از احضاریه و شکایت مطابق با یک کنوانسیون بین‌المللی قابل اجرا در خصوص ابلاغ اسناد تصابی؛ یا

**(3)** اگر ابلاغ را نتوان بر اساس بندهای (1) یا (2) انجام داد، با ارسال یک نسخه از احضاریه و شکایت و اطلاعیه اقامه دعوی، همراه با ترجمه هر یک به به زبان رسمی دولت خارجی، با هر نوع پستی که بیازمند رسید امضا شده باشد، خطاب به رئیس وزارت امور خارجه دولت خارجی مربوطه و ارسال توسط منشی دادگاه؛ یا

**(4)** اگر ابلاغ را نتوان ظرف مدت 30 روز بر اساس بند (3) انجام داد، با ارسال دو نسخه از احضاریه و شکایت و اطلاعیه اقامه دعوی، همراه با ترجمه هر یک به به زبان رسمی دولت خارجی، با هر نوع پستی که نیازمند رسید امضا شده باشد، خطاب به وزیر امور خارجه در واشنگتن، ناحیه کلمبیا قابل توجه مدیر خدمات کنسولی ویژه و ارسال توسط منشی دادگاه، و وزیر امور خارجه باید یک نسخه از اوراق را از طریق کانال‌های دیپلماتیک به دولت خارجی ارسال نماید و باید یک نسخه گواهی شده یادداشت دیپلماتیک که نشان می‌دهد اوراق منتقل شده‌اند را؛ برای منشی دادگاه ارسال نماید

"اطلاعیه اقامه دعوی" چنانکه در این بخش مرجعی استفاده شده است به معنی اطلاعیه‌ای است که خطاب به یک دولت خارجی و طبق شکل تحریر شده توسط وزیر امور خارجه بنا به مقررات باشد

**(b)** در دادگاه‌های ایالات متحده و ایالات ابلاغ به یک سازمان یا نهاد اجرایی یک دولت خارجی باید به این ترتیب صورت بگیرد.

**(1)** با تحویل یک نسخه از احضاریه و شکایت مطابق با هرگونه ترتیبات خاص برای ابلاغ بین خواهان و آن سازمان یا نهاد اجرایی؛ یا

**(2)** اگر هیچ ترتیبات خاصی وجود ندارد، با تحویل یک نسخه از احضاریه و شکایت با یک مسئول، مدیر یا نماینده عمومی، یا به هر نماینده مجاز دیگر منصوب شده یا تعیین شده توسط قانون برای دریافت ابلاغ روند در ایالات متحده؛ یا مطابق با یک کنوانسیون بین‌المللی قابل اجرا در خصوص ابلاغ اسناد تصابی؛ یا

**(3)** اگر ابلاغ را نتوان بر اساس بند (1) یا (2) انجام داده و اگر محاسبه منطقی برای ارائه اطلاعیه واقعی صورت گرفته باشد، با تحویل یک نسخه از احضاریه و شکایت با ترجمه هر یک به زبان رسمی دولت خارجی

**(A)** بنا به دستور مقام دولت خارجی یا زیربخش سیاسی در پاسخ به تقاضانامه یا

درخواست؛ یا

**(B)** با هر نوع پستی که نیازمند رسید امضا شده باشد، خطاب به سازمان یا نهادی که اطلاع باید

به آن صورت بگیرد و ارسال توسط منشی دادگاه؛ یا

**(C)** طبق دستور دادگاه و مطابق با قانون مربوط به محلی که ابلاغ باید در آنجا صورت بگیرد

**(c)** ابلاغ در موارد زیر، محقق شده تلقی خواهد شد -

**(1)** در صورت ابلاغ براساس بخش فرعی (4)(a)، در تاریخ انتقال ذکر شده در نسخه گواهی

شده یادداشت دیپلماتیک، و

**(2)** در سایر موارد این بخش، براساس تاریخ دریافت ذکر شده در گواهی، رسید پستی امضا و برگردانده

شده، یا مدرک ابلاغ دیگر مربوط به روش ابلاغ مورد استفاده

**(d)** در هر اقدام مطرح شده در یک دادگاه ایالات متحده یا یک ایالت، یک دولت خارجی، یک زیربخش سیاسی

آن، یا یک سازمان یا نهاد اجرایی دولت خارجی باید پاسخ یا لایحه دفاعیه به شکایت را ظرف مدت شصت روز پس از ابلاغ بر اساس

این بخش ارائه نماید

**(e)** محاکمه غیابی نباید توسط یک دادگاه ایالات متحده یا یک ایالت علیه یک دولت خارجی، یک زیربخش

سیاسی، یا یک سازمان یا نهاد اجرایی دولت خارجی صورت نگیرد، مگر اینکه خواهان ادعا یا حق خود را درخصوص

عرامت و یا استفاده از شواهد مورد قبول دادگاه اثبات نماید. یک نسخه از هرگونه حکم غیابی مذکور باید بر اساس روش تحویر شده

جهت ابلاغ در این بخش به دولت خارجی یا زیربخش سیاسی ارسال می‌شود.

<u>28 USCS §1609</u>
جاری از طریق PL 115-181، تاریخ تأیید 6/5/18

**خدمات قانون ایالات متحده – عناوین 1 تا 54 عنوان 28. دادرسی و رویه دادرسی بخش چهارم. صلاحیت قضایی و محل اقامه دعوی**
**فصل 97. مصونیت‌های قضایی دولت‌های خارجی**

<u>§ 1609. مصونیت در برابر توقیف اموال دولت خارجی</u>

اموال یک دولت خارجی در ایالات متحده، مشروط به توافقنامه‌های موجود بین‌المللی که ایالات متحده در زمان

تصویب این قانون عضو آن بوده است [تاریخ تصویب 21 اکتبر 1976]، باید از توقیف و اجرای حکم مصون باشد، مگر در خصوص

موارد مندرج در بخش‌های 1610 و 1611 این فصل [28 USCS 55 1610 و 1611]

## 28 USCS § 1610
## جاری از طریق PL 115-181، تاریخ تأیید 6/5/18

خدمات قانون ایالات متحده - عناوین 1 تا 54 عنوان 28. دادرسی و رویه دادرسی بخش چهارم. صلاحیت قضایی و محل اقامه دعوی فصل 97. مصونیت‌های قضایی دولت‌های خارجی

### § 1610. موارد استثنای مصونیت از توقیف یا اجرای حکم

**(a)**  اموال دولت خارجی در ایالات متحده بنا به تعریف بخش 1603(a) این فصل [a)1603 § USCS 28]، که برای فعالیت تجاری در ایالات متحده مورد استفاده قرار می‌گیرد نباید در زمینه توقیف برای کمک به اجرای حکم یا اجرای حکم صادر شده توسط دادگاهی در ایالات متحده یا یکی از ایالات پس از تاریخ تنفیذ این قانون مصون باشد، چنانچه ——

**(1)**  دولت خارجی به صراحت یا به طور ضمنی از مصونیت خود در برابر توقیف یا کمک به اجرای حکم یا اجرای حکم چشم‌پوشی کرده باشد، علیرغم هرگونه بازپس‌گیری چشم‌پوشی که دولت خارجی می‌تواند در برابر اعمال آن ادعا کند، بجز بر اساس شرایط چشم‌پوشی؛ یا

**(2)**  از اموال برای فعالیت تجاری استفاده شده باشد یا استفاده شود که ادعا بر آن مبتنی است، یا

**(3)**  اجرای حکم مربوط به حکمی است که به حقوقی را در حصوص اموال پدید می‌آورد که با نقض حقوق بین‌المللی در اختیار گرفته شده یا با اموال تملک شده با نقض حقوق بین‌المللی مبادله شده باشد، یا

**(4)**  اجرای حکم مربوط به حکمی است که به حقوقی را در خصوص اموال پدید می‌آورد

**(A)**  که از طریق ارث یا به‌عنوان هدیه کسب شده باشد یا

**(B)**  غیرمنقول بوده و در ایالات متحده واقع شده باشد به شرطی‌که، از این اموال برای اهداف حفظ مأموریت دیپلماتیک یا کنسولی با امکان رئیس چنان مأموریتی استفاده نشود، یا

**(5)**  اموال شامل هرگونه تعهد قراردادی یا هرگونه درآمد حاصل از چنین تعهد قراردادی برای جبران خسارت یا سلب مسئولیت از دولت خارجی را کارکنان آن بر اساس بیمه‌نامه حودرو یا سایر موارد بیمه مسئولیت یا صراحت پوشش‌دهنده ادعایی باشد که در حکم درج شده‌اند، یا

**(6)**  حکم بر اساس دستور مورد یک حکم داوری صادر شده علیه دولت خارجی باشد، به شرطی که توقیف برای کمک به اجرای حکم یا اجرای حکم، با هیچ یک از مفاد موافقتنامه داوری ناسازگار نباشد؛ یا

**(7)**  حکم مربوط به ادعایی باشد که دولت خارجی در خصوص آن بر اساس بخش 1605A [28 USCS § 1605A یا بخش (1605(a)(7 [سابقاً (1605(a)(7 § USCS 28] (که در 27 ژانویه 2008 نافذ بوده) مصون نبوده باشد، صرف‌نظر از اینکه اموال در اقدامی که ادعا بر آن اساس مطرح شده دخیل بوده یا خیر.

**(b)**  علاوه بر بخش فرعی (a)، هرگونه اموال یک نهاد یا سازمان یک دولت خارجی در ایالات متحده که برای فعالیت تجاری در ایالات متحده مورد استفاده قرار می‌گیرد نباید در زمینه توقیف برای کمک به اجرای حکم یا اجرای حکم صادر شده توسط دادگاهی در ایالات متحده یا یکی از ایالات پس از تاریخ تنفیذ این قانون مصون باشد، چنانچه ——

**(1)**  سازمان یا نهاد به صراحت یا به طور ضمنی از مصونیت خود در برابر توقیف یا کمک به اجرای حکم یا اجرای حکم چشم‌پوشی کرده باشد، علیرغم هرگونه بازپس‌گیری چشم‌پوشی که سازمان یا نهاد می‌تواند در برابر اعمال آن ادعا کند، بجز بر اساس شرایط چشم‌پوشی؛ یا

**(2)**  حکم مربوط به ادعایی باشد که نهاد یا سازمان مذکور بر اساس بخش 3) ،(2)(a)(1605)، یا (5) با 1605(b) این فصل [(2)(a)(1605 5 USCS 28)، (3)، یا (5)، یا 1605(b)] در برابر آن مصون نباشد، صرف‌نظر از اینکه اموال

در اقدامی که ادعا بر آن اساس مطرح شده دخیل بوده یا حیر، یا

(3) حکم مربوط به ادعایی باشد که بهاد یا سازمانی در خصوص آن طبق بخش 1605A این فصل [ 28 USCS§ 1605A] با بخش 1605(a)(7 [سابقاً 1605(a)(7 § 28 USCS] (که در 27 ژانویه 2008 ملغاً بوده) مصون نبوده باشد، صرف‌نظر از اینکه اموال در اقدامی که ادعا بر آن اساس مطرح شده دخیل بوده یا حیر.

(c) توقیف یا اجرای حکم مورد اشاره در بخش‌های فرعی (a) و (b) این بخش نباید مجاز باشد مگر هنگامی که دادگاه به توقیف یا اجرای حکم مذکور دستور داده باشد چرا که به این نتیجه رسیده باشد که منطقاً زمان کافی پس از صدور حکم و ارائه اطلاعیه مورد نیاز در اساس بخش e(1608) این فصل [1608(e § 28 USCS] سپری شده است

(d) اموال دولت خارجی، مانند به تعریف بخش a(1603) این فصل [1603(a § 28 USCS]) که برای فعالیت تجاری در ایالات متحده مورد استفاده قرار می‌گیرد نباید در زمینه توقیف قبل از صدور حکم در هر اقدام مطرح شده در دادگاهی در ایالات متحده یا یکی از ایالات، یا قبل از گذشت دوره زمانی مندرج در بخش فرعی (c) این بخش مصون باشد، چنانچه —

(1) دولت خارجی نه صراحت از مصونیت خود پیش از حکم چشم‌پوشی کرده باشد، علی‌رغم هرگونه بازپس‌گیری چشم‌پوشی که دولت خارجی می‌تواند برای اعمال آن ادعا کند، بحر بر اساس شرایط چشم‌پوشی؛ و

(2) هدف از توقیف، برآورده کردن حکمی باشد که صادر شده یا در نهایت ممکن است علیه دولت خارجی صادر شود، نه برای کسب صلاحیت قضایی.

(e) کشتی‌های دولت خارجی نباید از توقیف عینی، بروش بدون حق تحدید نظر و اجرای اقدامات مطرح شده برای ضبط رهن ترجیحی که در بخش d(1605) این فصل [1605(d § 28 USCS] آمده است، مصون باشند

(f) (1) (A) علی‌رغم سایر مواد قانونی، از جمله اما نه محدود به بخش f(208) قانون مأموریت خارجی ( 22 U.S.C 4308f)، و بحر موارد استثنای مندرج در بند فرعی (B)، هرگونه اموالی که مداخلات مالی در خصوص آن ممنوع بوده یا تحت معاد بخش 5(b) قانون تجارت با دشمن (50 U.S.C 50)، ضمیمه 4305(b § 50 USCS] {5(b) قانون کمک حارجی 1961 {2370(a § 22 U.S.C.)، بخش‌های 202 و 203 قانون اختیارات اقتصادی اضطراری بین‌المللی ( 50 U.S.C. 1701-1702)، با هرگونه اعلامیه، حکم، مقررات یا محور صادر شده بر این مبنا باشند، باید مشمول اجرا یا توقیف جهت کمک به اجرای هر حکم مربوط به ادعایی باشد که دولت خارجی (از حمله هر سازمان یا نهاد آن کشور) مدعی باشد که اموال مذکور بر اساس بحث 1605(a)(7) [1605(a)(7) § 28 USCS] (باد پیش از تصویب بحش 1605A [مصوب 28 ژانویه 2008]) با بحث 1605A [1605A1 § 28 USCS] شامل مصونیت بیست.

(B) چنانچه در زمانی که اموال توسط درت خارجی تملک شده یا در احتیار گرفته شده است، سند اموال مذکور در احتیار شخصی حقیقی نبوده باشد یا در صورتی که نه صورت امانی در احتیار بوده و به نفع شخص یا اشخاص حقیقی سگهداری شود، بند فرعی (A) نباید اعمال گردد.

(A) بنا به درخواست هر یک از طرفینی که حکم صادر شده به نفع وی بوده و چنین حکمی در خصوص ادعایی باشد که دولت خارجی در برابر آن بر اساس بحث 1605(a)(7)(1605(a)(7) § 28 USCS] (ناد قبل از تصویب بحث 1605A [مصوب 28 ژانویه 2008]) یا بحث 1605A [1605A1 § 28 USCS] مصونیت نداشته باشد، وزیر حزانه‌داری و وزیر امور حارجه باید هرگونه تلاشی را به صورت کامل، سریع و مؤثر برای کمک به هر ذینفع حکم با هر دادگاهی که چنین حکمی را صادر کرده است در زمینه شناسایی، تعیین محل و اجرای حکم علیه اموال دولت خارجی یا نهاد یا سازمان چنان دولتی مبذول نماید.

(B) وررای مذکور در ارائه چنال کمکی

(i) می‌توانند اطلاعات مهر و موم شده‌ای را به دادگاه ارائه نمایند؛ و

(ii) باید هرگونه تلاش لازم را انجام دهد تا اطلاعاتی را به طریقی فراهم سازند که واحد کفایت لازم باشد تا دادگاه بتواند نه دفتر مارشال ایالات متحده دستور دهد به شکلی سریع و مؤثر علیه این اموال اقدام نماید.

**(3) چشم‌پوشی** رئیس جمهور می‌تواند از هر یک از معاد بند ( 1 ) برای **حفظ امنیت ملی چشم‌پوشی کند**

**(g) اموال در برخی اقدامات.**

**(1)** به‌طور کلی در خصوص بند (3)، اموال دولت خارجی
که هر اساس بخش 1605A [A1605 § 28 USCS] حکمی علیه آن صادر شده است، و اموال
سارمان یا نهاد چنان دولتی، که به حمله اموالی که در یک حوره قضایی
حداگانه بوده یا مدعمی که به‌طور مستقیم یا غیرمستقیم در حوره قصایی جداگانه‌ای نگهداری می‌شود، مشمول
توقیف برای کمک به اجرای حکم و اجرای حکم ارائه شده در این بحث است،
صرف‌نظر از

**(A)** سطح کنترل اقتصادی بر اموال توسط دولت خارجی؛

**(B)** اینکه ایا منابع اموال در اختیار آن دولت قرار می‌گیرد یا خیر؛

**(C)** میزان مدیریت اموال یا کنترل امور روزرانه آن توسط مقامات آن دولت؛

**(D)** اعم از اینکه دولت تنها دینمع منافع آن اموال است یا خیر؛ یا

**(E)** اعم از اینکه اثبات محرا بودن اموال موجب خواهد شد که دولت خارجی مشمول مرایایی
در دادگاه‌های ایالات متحده شده و در عین حال از تعهدات خود اجتناب کند.

**(2)** قابل اعمال نبودن مصوبیت حکومت ایالات متحده. هیچ یک از اموال یک دولت خارجی، یا سارمان
یا نهاد دولت خارجی که بند (1) در مورد آن اعمال می‌شود، نباید در ترقیف در کمک به اجرای حکم یا اجرای حکم، بر اساس حکم
صادر شده طبق بخش 1605A [A1605 § 28 USCS] مصرن باشد چرا که این اموال به دلیل اقدام علیه این کشور بر اساس قانون
تجارت با دشمن [1 §§ Appx USCS 50 et seq.] یا قانون اختیارات اقتصادی اضطراری بین‌المللی [1701 §§ 50 USCS et
seq ] تحت نظارت دولت ایالات متحده قرار دارد

**(3)** مساحبان مشترک اموال شخص ثالث. هیچ یک از معاد این بخش نباید طوری تعسیر شود که مانع از
اختیار دادگاه برای جلوگیری صحیح از وارد شدن صدمه به منافع در اختیار شخصی گردد که در قبال اقدام مدجر به حکم مربوط به
اموال مورد توقیف برای کمک به اجرای حکم یا اجرای حکم، طبق چنان حکمی مسمولیتی ندارد

## 28 USCS §1611
جاری از طریق PL 115-181، تاریخ تأیید 6/5/18

خدمات قانون ایالات متحده ـ عناوین 1 تا 54 عنوان 28. دادرسی و رویه دادرسی بخش چهارم. صلاحیت قضایی و محل اقامه
دعوی فصل 97. مصونیت‌های قضایی دولت‌های خارجی

### §1611. برخی از انواع دارایی در برابر اجرای حکم مصون هستند

**(a)** علیرغم معاد بخش 1610 این اصل [1610 § 28 USCS]، اموال سارمان‌های تعیین شده توسط رئیس
جمهور که حق برخورداری از امتیازات، معافیت‌ها و مصوبیت‌های ارائه شده بر اساس قانون مصوبیت‌های سارمان‌های بین‌المللی را
دارند ناید مشمول توقیف یا هرگونه رویه قصایی شوند که موحب احتلال در ارائه وجوه به دولت خارجی یا به دستور آن در نتیجه
اقدام مطرح شده در دادگاه‌های ایالات متحده یا ایالت‌ها می‌گردد

**(b)** علیرغم معاد بخش 1610 این فصل [1610 § 28 USCS]، اموال دولت خارجی ناید از توقیف و اجرای
حکم مصون باشد، چنانچه ـــ

**(1)** اموال متعلق به بانک مرکزی خارجی یا مقام پولی باشد که برای حساب خود آن نگهداری می‌شود،
مگر آنکه این بانک یا مقامات یا دولت خارجی مسئول آن، صریحاً از مصونیت خود از ترقیف برای کمک به اجرای حکم یا اجرای

حکم چشم‌پوشی کرده باشند، علی‌رغم هرگونه بازپس‌گیری چشم‌پوشی که بانک، مقامات با دولت می‌تواند برای اعمال آن ادعا کند، بجز بر اساس شرایط چشم‌پوشی؛ یا

**(2)** اموال در ارتباط با فعالیت نظامی مورد استفاده قرار گیرد یا چنین قصدی وجود داشته باشد و

    **(A)** دارای ماهیت نظامی باشد، یا

    **(B)** تحت کنترل مقام نظامی سازمان دفاع باشد

    **(c)** علی‌رغم مفاد بخش 1610 این فصل [28 USCS § 1610]، اموال دولت خارجی باید از توقیف و اجرای حکم در اقدام مطرح شده بر اساس بخش 302 قانون آزادی و همبستگی دموکراتیک کوبا (LIBERTAD) سال 1996 [22 USCS § 6082] تا حدی که اموال مذکور حرو تأسیسات یا مراکز مورد استفاده توسط یک مأموریت دیپلماتیک مورد تأیید برای اهداف رسمی باشد، مصون تلقی گردد.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

In re Terrorist Attacks on September 11, 2001 | As it relates to. 03 MDL 1570 (GBD)(SN)

Patricia Fennelly, *et al.*,

Plaintiffs,

v

Islamic Republic of Iran,

Defendant.

Civil Docket Number· 1.23-cv-10824 (GBD)(SN)

**AFFIDAVIT OF TRANSLATOR**

STATE OF NEW YORK )
                   ) ss:
COUNTY OF NEW YORK )

Jacqueline Yorke, being sworn, states.

1. I am an employee of TransPerfect Translations, Inc and not a party to this action To the best of my knowledge and belief, the provided English into Farsi translations of the following source documents are true and accurate.

   a  Request for Summons with appendix
   b. Summons with appendix
   c. Complaint with appendix
   d  Civil cover sheet with appendix
   e. Related case statement with appendix
   f. Notices to Conform to Sudan Consolidated Amended Complaint
   g. Notices to Conform to Kingdom of Saudi Arabia Consolidated Amended Complaint
   h. Notice of Suit with copy of 28 U.S.C  1330, 28 U.S C. 1391(f), 28 U.S.C. 1441(d), and the Foreign Sovereign Immunities Act (28 U.S.C. 1602, et seq.)
   i. Affidavit of Translator

2. This request was made by Anderson Kill P.C., attorneys for the Plaintiffs in this action.

3. TransPerfect Translations, Inc., a translation organization with over one hundred (100) offices on six (6) continents, is a leader in providing professional translations, has over twenty-five (25) years of experience translating into the above language pair, and its work is accepted by business organizations, governmental authorities, and courts throughout the United States and internationally.

4  The translations of the source documents listed above were made by translator(s) who each are qualified to translate from English to Farsi and have over five years of professional translation experience

5. TransPerfect Translations, Inc  affirms that the provided translation was produced in according to our ISO 9001-2015 and ISO 17100.2015 certified quality management system, and also that the agents responsible for said translation(s) are qualified to translate and review documents for the above language pair, and are not related to any of the parties named in the source document(s)

6  Pursuant to CPLR 2101, the translation is accurate

Jacqueline/Yorke, Group Manager

Sworn to before me
this 26th day of December, 2023

Notary Public

WENDY POON
Notary Public - State of New York
No. 01PO0000184
Qualified in Queens County
My Commission Expires February 02, 20 2-7

2

دادگاه ناحیه‌ای ایالات متحده
ناحیه جنوب نیویورک

چنانکه مربوط است به  (SN)(GBD) 03 MDL 1570 | مربوط به حملات تروریستی 11 سپتامبر، 2001

شماره پرونده مدنی. (SN)(GBD) 1:23-cv-10824 | پاتریشیا هلی (Patricia Fennelly) و دیگران،

اظهارنامه مترجم | شاکیان،

علیه

جمهوری اسلامی ایران،

خوانده

ایالت نیویورک )

ss. {

کانتی نیویورک )

Jacqueline Yorke، با ادای سوگند، اظهار می‌دارد.

1. من کارمند شرکت Translations TransPerfect هستم و جزو طرفین این دعوی نیستم. تا آنجا که اطلاع و
اعتقاد دارم، ترجمه‌های انگلیسی به فارسی ارائه شده اسناد منبع ذیل‌الذکر درست و دقیق هستند:

    a  درخواست احضاریه همراه با ضمیمه
    b  احضاریه‌ها همراه با ضمیمه
    c.  شکایت همراه با ضمیمه
    d.  برگه جلد دادخواست مدنی همراه با ضمیمه
    e  بیانیه پرونده مربوطه به همراه پیوست
    f.  اطلاعیه هایی برای انطباق با شکایت اصلاحی تلفیقی سرداان
    g  اطلاعیه برای انطباق با شکایت اصلاح شده تلفیقی پادشاهی عربستان سعودی
    h  اطلاعیه اقامه دعوی به همراه ادعاهای از 28 U.S.C. 1330, 28 U.S.C. 1391(f), 28 U.S.C
                1441(d)، و قانون مصونیت حاکمیت خارجی (28 U.S.C. 1602, et seq.)
    i.  اظهارنامه مترحم

2  این درخواست را شرکت Anderson Kill P.C، وکلای خواهان‌های این دعوا، ارائه کرده است.

3  شرکت TransPerfect Translations یک سازمان ترجمه با بیش از یکصد (100) دفتر در شش (6) قاره، و
پیشرو در زمینه ارائه ترجمه‌های حرفه‌ای است، بیش از بیست و پنج (25) سال سابقه ترجمه به جهت زبان مذکور

را دارد و کارهای آن مورد قبول سازمان‌های تجاری، مقامات دولتی و دادگاه‌ها در سرتاسر ایالات متحده و در سطح بین‌المللی قرار گرفته است.

4. ترجمه اسناد منبع ذکر شده در بالا توسط مترجمی(مترجم‌هایی) انجام شده است که هر کدام واحدشرایط ترجمه‌ی انگلیسی به فارسی هستند و دارای بیش از پنج سال تجربه‌ی ترجمه حرفه‌ای هستند.

5. شرکت TransPerfect Translations تأیید می‌کند که ترجمه ارائه شده در اساس سیستم‌های مدیریت کیفیت ISO 9001:2015 و ISO 17100:2015 ما صورت گرفته است و همچنین عواملی که مسئول ترجمه(های) مذکور هستند واجد شرایط ترجمه و بازنگری جهت ربان مذکور بوده و با هیچ‌یک از طرف‌های نامبرده در این سند (اسناد) ارتباطی ندارند.

6. مطابق با ۲۱۰۱ CPLR ترجمه دقیق است

Jacqueline Yorke ،مدیر گروه

ترد من سوگند یاد کرد
امروز 26 ماه دسامبر، 2023

دفتر اسناد رسمی

WENDY POON
Notary Public - State of New York
No. 01PO00000184
Qualified in Queens County
My Commission Expires February 02, 20 2 7

2

**CASHIER'S CHECK**

6788602163

April 18, 2024

0067886
Office AU #    11-24
              12(10)(9)
Remitter:   **JOHN DUNN**
Operator I.D.   k081325

PAY TO THE ORDER OF   ***U.S. EMBASSY BERN***

**\*\*Two Thousand Two Hundred Seventy-Five and 00/100 -US Dollars \*\***

**\*\*$2,275.00\*\***

VOID IF OVER US $ 2,275.00

*Howard Glen*
CONTROLLER

Payee Address
Memo

WELLS FARGO BANK, N.A.
1156 AVENUE OF THE AMERICAS
NEW YORK, NY 10036
FOR INQUIRIES CALL (480) 394-3122

⑈6788602163⑈ ⑆121000248⑆486186 513596⑈



DELIVERY MERCHANT LABEL    DELIVERY RECORD LABEL    COMMERCIAL INVOICE LABEL    PACKAGE LABEL

8254447 00936    8254447 00936    8254447 00936    8254447 00936

# FedEx Express

## International Air Waybill

**From** Please print and press hard.

Date

Sender's FedEx
Account Number    7199 9 6558

Sender's
Name    Sec of State Dir op Consular Resource

Company    Bureau Rev'l Others Agency Liaison

Address    U.S. Dept of State 2201 C Street NW
CA/PPT/PPD SA-29, 4th Floor

City    Washington    State/Province    DC    ZIP    20520

Country    U.S.A

**2 To**

Recipient's
Name    Sermvies Drek p/ ACS

Company    U.S. Embassy Bern American
Citizen Services

Address    Sulgeneckstrasse 19

City    3007 Bern    State/Province    ZIP/Postal Code

Country    Switzerland

**3 Shipment Information**

Total Packages    Total Weight

---

Express Package Service

□ FedEx Intl. First    □ FedEx Intl. Priority    □ FedEx Intl. Economy

□ FedEx 10kg Box    □ FedEx 25kg Box    □ Other:

Packaging

□ FedEx Envelope    □ FedEx Pak    □ FedEx Box    □ FedEx Tube

Special Handling and Delivery Signature Option

□ HOLD at FedEx Location    □ SATURDAY Delivery

□ Direct Signature    □ Indirect Signature

Payment

□ Sender    □ Recipient    □ Third Party    □ Credit Card    □ Check

Required Signature

For questions on how to ship and track packages, go to fedex.com.
Or in a U.S., call 1.800.GoFedEx / 800.463.3339.

Terms and conditions of service may vary from country to country.
For a full version of the Conditions of Contract, go to fedex.com.

799

8124 4400 7938    0402

The service order has changed in Section 4.
Signature Options have been added to Section 6

Sender's Copy

RETAIN THIS COPY FOR YOUR RECORDS.    10/17

8724400 7949

8724400 7949
8724400 7949
8724400 7949

DELIVERY REEXEMPT LABEL · DELIVERY RECORD LABEL · COMMERCIAL INVOICE LABEL · PACKAGE LABEL

**FedEx** Express · *International Air Waybill*

**1 From** Please print and press hard.
Date:
Sender's FedEx Account Number: 41609 1658

Sender's Name: Jeremias Dick MLS
Company: U.S Embassy Bern American Citizen Services
Address: Sulgenackerstrasse 19
City: 3007 Bern
Country: Switzerland

**2 To**
Recipient's Name: See or State Dept Consular Svcs
Company: Office of Policy Review & Inter-Agency Liaison
Address: 600 19th Street NW Washington DC
Country: U.S.A.

**3 Shipment Information**

Total Packages / Total Weight

Airway bill number: 8124 4400 7949   0402

**4 Express Package Service**
NOTE: Service order has changed. Please select carefully.
☐ FedEx Int'l First
☐ FedEx Int'l Priority
☐ FedEx Int'l Economy

**5 Packaging**
☐ FedEx Envelope
☐ FedEx Pak
☐ FedEx Box
☐ FedEx Tube
☐ FedEx 10kg Box
☐ FedEx 25kg Box
☐ Other

**6 Special Handling and Delivery Signature Options**
☐ HOLD at FedEx Location

**Payment**
☐ Sender
☐ Recipient
☐ Third Party
☐ Credit Card
☐ Cash/Check

**Request and Signature**

992

The services order has changed. Signature options have been added to Section 6.

**Sender's Copy**



fedex.com  1800 GoFedEx  1800 463 3339

**FedEx**
Express

Package
US Airbill

FedEx
Tracking
Number   8161 1184 2742

Form
ID No.   0200

**Express Package Service**

1 **From**  Please print and press hard.

Date

Sender's
Name

Company   U.S District Court-Southern District

Sender's FedEx
Account Number

Address   US New York Office of the Clerk—500 Pearl St.

City   New York   State NY   ZIP 10007

Sender's
Name   Clerk of the Court Ruby J. Krajick

FedEx
Tracking
Number   7099 6558-

2 **Your Internal Billing Reference**
First 24 characters will appear on invoice.

3 **To**
Recipient's
Name   Sean Carman   Phone

Company   Anderson Kill PC

Address   1251 Avenue of the

Your Phone Number

City   New York   State NY   ZIP 10020

5 **Packaging**   *Declared value limit $500.

☐ FedEx
Envelope*   ☐ FedEx
Pak*   ☐ FedEx
Box   ☐ FedEx
Tube   ☐ Other

7 **Payment** Bill to:

Total Packages   Total Weight   Total Declared Value†

Ship it. Track it. Pay for it. All online.
Go to fedex.com.

**PULL AND RETAIN THIS COPY BEFORE AFFIXING TO THE PACKAGE. NO POUCH NEEDED**